IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17-_____(     ) |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17-_____(     ) |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17-_____(     ) |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17-_____(     ) |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17-_____(     ) |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17-_____(     ) |
|         Debtor. | ) | |

**DEBTORS' MOTION FOR AUTHORIZATION TO FILE A CONSOLIDATED
LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS, AND FILE A
CONSOLIDATED LIST OF CREDITORS**

Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent the following in support of this motion (the "Motion"):

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. The Debtors are a series of related and affiliated companies that operate in the fast food restaurant business.

3. Alabama Partners, LLC is a holding company for the operating entity BamaChex, Inc. These debtors operate a series of Rally's hamburger restaurants in the Birmingham, Alabama metropolitan area.

4. Maryland LC Ventures, LLC is a holding company for the operating entity Maryland Pizza, LLC; and PG County Partners, LLC is the holding company for the operating entity PG County Pizza, Inc. Each of the holding companies owns four Little Ceasars Pizza franchises in Maryland.

5. Each of the Debtors is jointly owned and controlled by the same equity partners or shareholders.

6. Although there are some operational differences, the Debtors share some common creditors and common equity interests.

7. As the Court is aware, the fast food restaurant business is extremely competitive, and its operating margins are extremely thin.

2

8. The Debtors have recently been under substantial stress as a result of both operational and capital structure issues. In an effort to survive and maintain operations, they have resorted to taking short term loans with extremely high interest rates. The Debtors had an exit strategy to attempt to sell themselves to third-party operators, and a sale was originally scheduled for July of this year. However, that sale was ultimately cancelled when the purchaser backed out of the transaction the day before the proposed closing.

9. The Debtors have filed these chapter 11 cases in order to reorganize and streamline operations and prepare for a sale of the operating entities.

10. The Debtors anticipate that they will continue with their prior marketing efforts to sell the operating units and to ultimately market the businesses as part of a § 363 sale.

11. The Debtors are hopeful that the resulting proceeds will be able to pay all administrative claims and secured priority claims, as well as obtain a dividend for unsecured creditors.

12. On August 11, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

### RELIEF REQUESTED

13. By this Motion, the Debtors request entry of an order authorizing the Debtors to file (i) a consolidated list of Debtors' 30 largest unsecured creditors and (ii) a consolidated list of all creditors.[1]

---

[1] In connection with this request, the Debtors also request authority to submit one affidavit under Bankruptcy Rule 1008 verifying the validity of the consolidated list of creditors and one affidavit verifying the Consolidated Top 30 List (as defined below).

3

## BASIS FOR RELIEF REQUESTED

14. Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the 20 largest unsecured claims in the debtor's case (the "Top 20 list"). This Top 20 List is primarily used by the Bankruptcy Administrator to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on the official committee of unsecured creditors appointed in the debtor's case under Bankruptcy Code § 1102.[2]

15. While the six Debtors in the above-captioned chapter 11 cases are separate legal entities, they are jointly indebted on certain debts, which would require the Debtors to file six separate Top 20 Lists with duplicative entries in each of their respective cases. Furthermore, each Debtors' individual operations are intertwined with the operations of the other Debtors.

16. Such duplicative filings would not facilitate the Bankruptcy Administrator's review of creditors' claims or its appointment of a single creditors' committee in these cases, and it would place an unnecessary burden on the Debtors, their estates, this Court, the Bankruptcy Administrator, and all parties in interest.

17. A consolidated list of creditors would allow for more efficient notices and provision of other similar documents during the administration of these chapter 11 cases.

18. The Debtors further submit that a single consolidated list of their combined thirty (30) largest non-insider unsecured creditors in these cases would be more reflective of the body

---

[2] "The purpose of the separate list of 300 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 0 Collier on Bankruptcy ¶ 1007.5 (Lawrence P. King, *et al.*, eds., 15th ed. 2001) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

4

of unsecured creditors with the greatest stake in these cases than separate lists for each of the Debtors.

19. Therefore, the Debtors respectfully request authorization to file a single consolidated list of their thirty (30) largest non-insider unsecured creditors in these cases (the "Consolidated Top 30 list"), and (2) to identify their respective creditors and equity holders on a consolidated basis. Similar relief has been granted in other chapter 11 cases. *See, e.g., In re Summit Business Media Holding Co.*, Case No. 11-10231 (JPW) (Bankr. D. Del. January 28, 2011); *In re Movie Gallery, Inc.*, Case No. 07-33849 (SSM) (Bankr. E.D. Va. Oct. 18, 2007).

20. A list of the Debtors' consolidated thirty (30) largest unsecured creditors is attached hereto as **Exhibit A**.

## NOTICE

21. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (2) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (3) the holders of Debtors' equity interests; (4) the District Director of the Internal Revenue Service for the Northern District of Alabama; (5) any secured creditors of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

22. No previous request for the relief requested herein has been made in this bankruptcy case to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the Motion and enter an order substantially in the form of **Exhibit B** attached hereto, and such other and further relief as the Court deems proper.

5

Case 17-03469-TOM7    Doc 5    Filed 08/11/17    Entered 08/11/17 18:12:20    Desc Main
Document    Page 5 of 15

Dated this the 11th day of August, 2017.

> Respectfully submitted,
>
> /s/ *R. Scott Williams*
> R. Scott Williams
> Robert H. Adams
> Frederick D. Clarke
>
> Proposed Attorneys for Debtors
> ALABAMA PARTNERS, LLC
> BAMACHEX, INC.
> MARYLAND LC VENTURES, LLC
> MARYLAND PIZZA, INC.
> PG COUNTY PARTNERS LLC
> PG COUNTY PIZZA, INC.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th Day of August, 2017, the foregoing was served by depositing same in the united States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

                                                  /s/ *R. Scott Williams*
                                                  Of Counsel

Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203

Alabama Partners, LLC
PO Box 551267
Jacksonville, FL 32255

R. Scott Williams
Rumberger, Kirk & Caldwell
2001 Park Place, Ste. 1300
Birmingham, AL 35203

Melissa S. Hayward
Hayward & Associates, PLLC
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Pervez Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Wazir Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Iqbal Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Mark Williams
PO Box 551267
Jacksonville, FL 32255

Internal Revenue Service
801 Tom Martins Dr.
Mail Stop 126
Birmingham, Alabama 35211

Internal Revenue Service
PO Box 7346
Philadelphia, Pennsylvania 19101

Alabama Department of Labor
649 Monroe Street
Montgomery, AL 36131

Alabama Department of Labor
631 Beacon Parkway West
Suite 203
Birmingham, AL 35209

Alabama Department of Revenue
P.O. Box 327464
Montgomery, AL 36132

Alabama Department of Revenue
Legal Division
P.O. Box 320001
Montgomery, AL 36132

Bank of the Ozarks
17901 Chenal Parkway
3rd Floor
Little Rock, AR 72223

CHTD Company
P.O. Box 2576
Springfield, IL 62708

Corporation Service Company
As Representative
P.O. Box 2576
Springfield, IL 62708

Macrolease Corporation
185 Express St.
Suite 100
Plainview, NY 11803

NASA Federal Credit Union
500 Prince George's Blvd.
Upper Marlboro, MD 20774

Receivables Advance
P.O. Box 15270
Irvine, CA 92623-5270

RLC Funding, a division of
Navitas Lease Corp. ISAOA
111 Executive Center Dr., Suite 102
Columbia, SC 29210

The Coca-Cola Company
On Coca-Cola Plaza
Atlanta, GA 30313

Coca-Cola USA
P.O. Box 102499
Atlanta, GA 30368

UniFi Equipment Finance
3893 Research Park Drive
Ann Arbor, MI 48108

U.S. Bank Equipment Finance
A division of U.S. Bank N.A.
1310 Madrid Street
Marshall, MN 56258

Checkers Corporate
4300 West Cypress St. Suite 600
Tampa, FL

City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203

HJK LLC
PO Box 175
Lincoln, AL 35096

J T Smallwood - Tax Collector
Room 160
716 Richard Arrington Blvd. N.
Birmingham, AL 35203

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, NY 10004

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256

Jefferson County Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

Johnson Service Company
2812 Ruffner Rd
Birmingham, AL 35210

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020

Direct Capital
155 Commerce Way
Portsmouth NH 03801

USB Equipment Finance
220 26th Street
Minneapolis, MN

Marlin Business Bank
2795 E Cottonwood Pkwy
Suite 120
Salt Lake City, UT 84121

RDS
PO Box 830725
Birmingham, AL 35283

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111

Alabama Power
P.O. Box 242
Birmingham, Alabama 35292

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, FL 33014

Good Hope Investments, LLC
9109 Lucky Estates Dr.
Vienna, Virginia 22182

Navitus
111 Executive Ctr Drive
Suite 102
Columbia, SC 29210

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203

Loanme
1900 S State College Blvd.
Suite 300
Anaheim, CA 92806

Jefferson County EDU Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283

Tyco Security
c/o ADT Security Services, Inc.
PO Box 371967
Pittsburgh, PA 15250-7967

Flowers Baking Company of Birmingham
900 16th Street N
Birmingham, AL 35203

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-2208

CAN Captial/Channel Partners Capital
11100 Wayzata Blvd.
Suite 305
Minnetonka, MN 55305

Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411

# EXHIBIT A

8

# ALABAMA PARTNERS, LLC
## LIST OF 30 LARGEST UNSECURED CREDITORS

| | | |
|---|---|---|
| 1 | Internal Revenue Service | $2,300,000.00 |
| | | $272,000.00 |
| | | $164,000.00 |
| 2 | Regions Bank | $704,000.00 |
| 3 | Comptroller of Maryland | $519,000.00 |
| | | $216,427.00 |
| 4 | Checkers Corporate | $300,000.00 |
| 5 | Alabama Dept. of Revenue | $248,294.79 |
| 6 | City of Birmingham | $234,000.00 |
| 7 | Direct Capital | $192,784.00 |
| 8 | HJK, LLC | $184,100.00 |
| 9 | J T Smallwood – Tax Collector | $152,000.00 |
| 10 | Alabama Department of Labor | $150,671.20 |
| 11 | Yellowstone | $131,121.00 |
| | | $118,610.00 |
| | | $104,241.00 |
| 12 | Oneilaats LLC | $114,446.99 |
| 13 | RDS | $83,260.00 |
| 14 | Jefferson County EDU Sales Tax | $77,250.00 |
| 15 | Jefferson County Sales Tax | $77,250.00 |
| 16 | Loanme | $74,228.00 |
| 17 | Navitas | $73,520.00 |
| 18 | Merchant Cash Cloud | $62,832.00 |
| | | $19,904.00 |
| 19 | SUSQUEHANNA Salt Lake LLC | $60,264.00 |
| 20 | City of Jasper | $53,566.17 |
| 21 | Johnson Service Company | $46,306.00 |
| 22 | Alabama Power | $40,772.12 |
| 23 | Tyco Security | $34,568.91 |
| 24 | Marlin Business Bank | $32,344.00 |
| 25 | CAN Capital/Channel Partners Capital | $27,201.00 |
| 26 | CDI | $26,000.00 |
| 27 | Balbo Capital | $20,520.00 |
| 28 | Good Hope Investments | $19,253.21 |
| 29 | Flowers Banking Company of Birmingham | $18,829.00 |
| 30 | City of Bessemer | $18,500.00 |

9

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17-_____(    ) |
| Debtor. | ) | |
| IN RE: | ) | Chapter 11 |
| BAMACHEX, INC., | ) | Case No. 17-_____(    ) |
| Debtor. | ) | |
| IN RE: | ) | Chapter 11 |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17-_____(    ) |
| Debtor. | ) | |
| IN RE: | ) | Chapter 11 |
| MARYLAND PIZZA, INC., | ) | Case No. 17-_____(    ) |
| Debtor. | ) | |
| IN RE: | ) | Chapter 11 |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17-_____(    ) |
| Debtor. | ) | |
| IN RE: | ) | Chapter 11 |
| PG COUNTY PIZZA, INC., | ) | Case No. 17-_____(    ) |
| Debtor. | ) | |

**ORDER GRANTING DEBTORS AUTHORITY
TO IDENTIFY CREDITORS ON A CONSOLIDATED BASIS AND TO FILE A
<u>CONSOLIDATED LIST OF THIRTY LARGEST UNSECURED CREDITORS</u>**

Upon the motion (the "Motion"),[3] of Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for immediate entry of an Order authorizing the Debtors (i) to file a single consolidated list of their thirty (30) largest non-insider unsecured creditors in these cases (the "Consolidated Top 30 list"), and (ii) to identify their respective creditors and equity holders on a consolidated basis; and the Court having jurisdiction to consider the Motion and relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the Debtors are hereby authorized to file a single consolidated list of their thirty (30) largest non-insider unsecured creditors in these cases (the "Consolidated Top 30 list"); and it is further

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

12

Case 17-03469-TOM7    Doc 5    Filed 08/11/17    Entered 08/11/17 18:12:20    Desc Main
Document    Page 14 of 15

ORDERED that the Debtors are hereby authorized to identify their respective creditors and equity holders on a consolidated basis; and it is further

ORDERED that the Debtors are authorized to take all action necessary to the relief granted in this Order.

Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE