IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
|         Debtor. | ) | |

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR AUTHORIZATION TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully move the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363(b) authorizing the Debtors to pay pre-petition wages, compensation and employee benefits (the "Motion"). In support of this Motion, Debtors represent the following:

## BACKGROUND

1. The Debtors are a series of related and affiliated companies that operate in the fast food restaurant business.

2. Alabama Partners, LLC is a holding company for the operating entity BamaChex, Inc. These debtors operate a series of Rally's hamburger restaurants in the Birmingham, Alabama metropolitan area.

3. Maryland LC Ventures, LLC is a holding company for the operating entity Maryland Pizza, LLC; and PG County Partners, LLC is the holding company for the operating entity PG County Pizza, Inc. Each of the holding companies owns four Little Caesars Pizza franchises in Maryland.

4. Each of the six Debtors are jointly owned and controlled by the same equity partners or shareholders.

5. As the Court is aware, the fast food restaurant business is extremely competitive, and its operating margins are extremely thin.

6. The Debtors have recently been under substantial stress as a result of both operational and capital structure issues. In an effort to survive and maintain operations, they have resorted to taking short term loans with extremely high interest rates. The Debtors had an exit strategy to attempt to sell themselves to third-party operators, and a sale was originally scheduled

for July of this year. However, that sale was ultimately cancelled when the purchaser backed out of the transaction the day before the proposed closing.

7. The Debtors have filed these chapter 11 cases in order to reorganize and streamline operations and prepare for a sale of the operating entities.

8. The Debtors anticipate that they will continue with their prior marketing efforts to sell the operating units and to ultimately market the businesses as part of a § 363 sale.

9. The Debtors are hopeful that the resulting proceeds will be able to pay all administrative claims and secured priority claims, as well as obtain a dividend for unsecured creditors.

10. On August 11, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

## JURISDICTION AND NOTICE

11. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

12. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (2) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (3) the holders of Debtors' equity interests; (4) the District Director of the Internal Revenue Service for the Northern District of Alabama; and (5) any secured creditors

of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

### PRE-PETITION OBLIGATIONS

**Wages and Payroll Taxes**

13. In the ordinary course of their business, Debtors collectively incur payroll obligations to approximately 259 employees for the performance of services in connection with their operations. Approximately 235 employees work on an hourly basis, and around 24 are salaried employees (hourly and salaried employees are collectively referred to as "Employees"). Approximately 235 of the Employees are part time workers.

14. Prior to the Petition Date, Debtors paid their Employees on a staggered 2 week pay cycle. Debtors' average weekly payroll for all Employees (including all payroll tax obligations and unemployment taxes) is approximately $140,000.00, excluding outstanding payroll checks. Debtors issued paychecks to their Employees as recently as August 11, 2017. Thus, as of the Petition Date, Debtor estimates that its net outstanding pre-petition wage and salary obligations, including its outstanding payroll checks (collectively, the "Wage and Salary Obligations") to its Employees aggregate approximately $70,000.00, and Debtor seeks to pay up to $100,000.00 through the procedures described herein.

### PAYMENT OF THE PRE-PETITION OBLIGATIONS IS WARRANTED

15. As a result of the commencement of Debtors' chapter 11 cases, and in the absence of an order of the Court providing otherwise, the Debtors are prohibited from paying or otherwise satisfying all Wage Obligations (the "Pre-Petition Obligations"), and checks, drafts, wire transfers, and direct deposit transfers issued and effected in respect of the Pre-Petition Obligations will be dishonored or rejected.

16. Accordingly, pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code and the "necessity of payment" doctrine, Debtors seeks authority to: (a) pay the Pre-Petition Obligations that become due and owing during the pendency of this chapter 11 case and (b) continue its practices, programs, and policies with respect to the Pre-Petition Obligations, as such practices, programs, and policies were in effect as of the Petition Date.

17. Debtor further requests that the Court authorize the Debtors' respective banks and financial institutions to honor and pay all pre-petition and post-petition checks issued or to be issued, and fund transfers requested or to be requested, by Debtors in respect of the Pre-Petition Obligations that were not honored or paid as of the Petition Date. Debtors seeks authorization for their banks and financial institutions to rely on the representations of Debtors as to which checks and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following Debtors' instructions. At the same time, Debtors seeks authority to issue new post-petition checks, or effect new fund transfers, on account of their respective Pre-Petition Obligations to replace any pre-petition checks or fund transfer requests that may be dishonored or rejected.

18. Pursuant to Bankruptcy Code §§ 507(a)(4) and (a)(5), the claims of the Employees for "wages, salary, or commissions, including vacation, severance, and sick leave pay" earned within one-hundred-eighty (180) days before the Petition Date and claims against the Debtor for contributions to employee benefit plans arising from services rendered within the 180 days before the Petition Date, are afforded unsecured priority status to the extent of $12,475.00 per wage earner. 11 U.S.C. §§ 507(a)(4)–(5). Furthermore, in the event this Court determines such payment to be outside the ordinary course of Debtor's business, Bankruptcy Code § 363(b)(1) provides that the "[t]rustee, after notice and a hearing, may use, sell, or lease,

other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy Code § 105(a) further provides:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

19. Debtors believe that the uninterrupted payment of the Pre-Petition Obligations is critical to their reorganization because to interrupt payment to such Employees would severely undermine the support and morale crucial to the Debtors' reorganization efforts.[1] Without Employees, the Debtors would be unable to continue their operations. Payment of the Pre-Petition Obligations in accordance with the Debtors' pre-petition business practices will enable the Debtors to continue to operate their businesses in an economic and efficient manner without interruption or loss of necessary Employees who will be vital to the restructuring efforts. Employees are central to the Debtors' operations and are vital to their reorganization. A significant deterioration in Employee morale at this critical time undoubtedly would have a devastating impact on the Debtors, the value of their assets and businesses, and their efforts to restructure their operations. The total amount to be paid if the authorization sought herein is granted is relatively modest compared to the size of the Debtors' estates and the importance of the Employees to the Debtors and the Debtors' continued operations in these chapter 11 cases.

---

[1] A few Employees to be paid pursuant to the requested relief may possibly be the beneficiaries of amounts in excess of $12,475.00. The administrative burden of imposing and monitoring a $12,475 per Employee payment ceiling would outweigh any potential benefit to Debtor's estates. Further, payment of such amounts is appropriate and necessary to the continued confidence and loyalty of the Employees, and may be authorized under Bankruptcy Code § 105(a) and the "necessity of payment" doctrine.

6

Case 17-03469-TOM7    Doc 9    Filed 08/14/17    Entered 08/14/17 10:50:28    Desc Main
Document    Page 6 of 16

20. With respect to the accrued and unpaid Pre-Petition Obligations, Debtors request that the Debtors' respective banks and financial institutions that maintained the pre-petition payroll account(s) on which checks were drawn, or from which funds were requested to be transferred, be authorized to honor such checks, drafts, or fund transfer requests, regardless of whether they were issued or paid prior to or after the Petition Date. Debtors request that their respective banks and financial institutions be authorized to rely on the representations of the Debtors as to which payroll checks, drafts, and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party for following Debtors' instructions. Debtors have, or will have, on deposit, sufficient funds available in their bank accounts to satisfy all Pre-Petition Obligations so that Debtors' banks and financial institutions will not be prejudiced by any order authorizing them to honor Debtors' checks or fund transfer requests with respect to such amounts.

21. Moreover, if the checks are issued and fund transfers requested in payment of the Pre-Petition Obligations are dishonored, or if such accrued obligations are not timely paid post-petition, Debtors' Employees will suffer additional and extreme personal hardship and may be unable to pay their daily living expenses.

22. This Court has approved payment of pre-petition claims for compensation, benefits, and expense reimbursements on the grounds that the payment of such claims were necessary to effectuate a successful chapter 11 case. *See In re Verilink Corp.*, Case No. 06-80566 (Bankr. N.D. Ala. 2006); *In re Citation Corp.*, Case No. 04-08130 (Bankr. N.D. Ala. 2004); *In re Meadowcraft, Inc.*, Case No. 02-06910 (Bankr. N.D. Ala. 2002); *In re Alabaster Indus., Inc.*, Case No. 98-02220 (Bankr. N.D. Ala. 1998).

23. Finally, authorization of payment of the Pre-Petition Obligations should not be deemed to constitute post-petition assumption or adoption of any contract, lease, policy, plan, program, or employment agreement pursuant to Bankruptcy Code § 365. Debtors are in the process of reviewing these matters and reserve all rights under the Bankruptcy Code with respect thereto.

24. Accordingly, Debtors requests that the Court:

 (i) authorize Debtors to pay accrued and unpaid Wage Obligations;

 (ii) authorize the banks and financial institutions at which Debtors maintain accounts to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

 (iii) authorize Debtors to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

**WHEREFORE**, Debtors respectfully request that this Court enter an order substantially similar to the ordered attached hereto as Exhibit "A" and granting Debtors such other and further relief the Court deems just and appropriate.

Dated this the 14th day of August, 2017.

        Respectfully submitted,

        */s/ R. Scott Williams*
        R. Scott Williams
        Robert H. Adams
        Frederick D. Clarke

Proposed Attorneys for Debtors<br>
ALABAMA PARTNERS, LLC<br>
BAMACHEX, INC.<br>
MARYLAND LC VENTURES, LLC<br>
MARYLAND PIZZA, INC.<br>
PG COUNTY PARTNERS LLC<br>
PG COUNTY PIZZA, INC.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th Day of August, 2017, the foregoing was served by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

<em>/s/ R. Scott Williams</em><br>
Of Counsel

Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203

Alabama Partners, LLC
PO Box 551267
Jacksonville, FL 32255

R. Scott Williams
Rumberger, Kirk & Caldwell
2001 Park Place, Ste. 1300
Birmingham, AL 35203

Melissa S. Hayward
Hayward & Associates, PLLC
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Pervez Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Wazir Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Iqbal Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Mark Williams
PO Box 551267
Jacksonville, FL 32255

Internal Revenue Service
801 Tom Martins Dr.
Mail Stop 126
Birmingham, Alabama 35211

Internal Revenue Service
PO Box 7346
Philadelphia, Pennsylvania 19101

Alabama Department of Labor
649 Monroe Street
Montgomery, AL 36131

Alabama Department of Labor
631 Beacon Parkway West
Suite 203
Birmingham, AL 35209

Alabama Department of Revenue
P.O. Box 327464
Montgomery, AL 36132

Alabama Department of Revenue
Legal Division
P.O. Box 320001
Montgomery, AL 36132

Bank of the Ozarks
17901 Chenal Parkway
3rd Floor
Little Rock, AR 72223

CHTD Company
P.O. Box 2576
Springfield, IL 62708

Corporation Service Company
As Representative
P.O. Box 2576
Springfield, IL 62708

Macrolease Corporation
185 Express St.
Suite 100
Plainview, NY 11803

NASA Federal Credit Union
500 Prince George's Blvd.
Upper Marlboro, MD 20774

Receivables Advance
P.O. Box 15270
Irvine, CA 92623-5270

RLC Funding, a division of
Navitas Lease Corp. ISAOA
111 Executive Center Dr., Suite 102
Columbia, SC 29210

The Coca-Cola Company
On Coca-Cola Plaza
Atlanta, GA 30313

Coca-Cola USA
P.O. Box 102499
Atlanta, GA 30368

UniFi Equipment Finance
3893 Research Park Drive
Ann Arbor, MI 48108

U.S. Bank Equipment Finance
A division of U.S. Bank N.A.
1310 Madrid Street
Marshall, MN 56258

HJK LLC
PO Box 175
Lincoln, AL 35096

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256

Jefferson County Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

Johnson Service Company
2812 Ruffner Rd
Birmingham, AL 35210

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020

Direct Capital
155 Commerce Way
Portsmouth NH 03801

Checkers Corporate
4300 West Cypress St. Suite 600
Tampa, FL

J T Smallwood - Tax Collector
Room 160
716 Richard Arrington Blvd. N.
Birmingham, AL 35203

RDS
PO Box 830725
Birmingham, AL 35283

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111

Alabama Power
P.O. Box 242
Birmingham, Alabama 35292

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, FL 33014

Good Hope Investments, LLC
9109 Lucky Estates Dr.
Vienna, Virginia 22182

Navitus
111 Executive Ctr Drive
Suite 102
Columbia, SC 29210

City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, NY 10004

Jefferson County EDU Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283

Tyco Security
c/o ADT Security Services, Inc.
PO Box 371967
Pittsburgh, PA 15250-7967

Flowers Baking Company of Birmingham
900 16th Street N
Birmingham, AL 35203

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-2208

USB Equipment Finance
220 26th Street
Minneapolis, MN

Marlin Business Bank
2795 E Cottonwood Pkwy
Suite 120
Salt Lake City, UT 84121

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203

Loanme
1900 S State College Blvd.
Suite 300
Anaheim, CA 92806

CAN Captial/Channel Partners Capital
11100 Wayzata Blvd.
Suite 305
Minnetonka, MN 55305

Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411

# EXHIBIT A
## (Proposed Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
| Debtor. | ) | |

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR AUTHORIZATION TO PAY PRE-PETITION WAGES, COMEPSNATION, AND EMPLOYEE BENEFITS**

This matter came to be heard upon the motion of Alabama Partners, LLC and its debtor affiliates as debtors and debtors-in-possession (collectively the "Debtors")for an order pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code for:

(i) authorization to pay accrued and unpaid Wage Obligations;

(ii) authorization for banks and financial institutions at which Debtors maintain accounts to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

(iii) authorization to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

Upon consideration of the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion has been given to the Notice Parties (as defined in the Motion); and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, employees, and creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Debtor's Motion is **GRANTED**;

**ORDERED** that the Debtor is authorized to honor and pay the Pre-Petition Obligations to the extent the Debtor has funds on hand to pay the Pre-Petition Obligations;

**ORDERED** that the Debtors are authorized to pay the Pre-Petition Obligations in a manner consistent with the Debtors' pre-petition business practices and policies, as set forth below:

    (i)    Debtors are authorized to pay accrued and unpaid Wage Obligations;

    (ii)    The banks and financial institutions at which Debtors maintain their accounts are authorized to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with the Debtors' Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

    (iii)    Debtors are authorized to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

**ORDERED** that the Debtors are authorized to pay the requested Pre-Petition Obligations without prejudice to the Debtors' right to seek additional or further relief in the future; and

**ORDERED** that the relief granted herein shall not constitute or be deemed an assumption or an authorization to assume any of such contracts, policies, plans, programs, practices, and procedures pursuant to Bankruptcy Code § 365.

**DATED** this the ___ day of _____, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

10412156.1
Case 17-03469-TOM7    Doc 9    Filed 08/14/17    Entered 08/14/17 10:50:28    Desc Main
Document    Page 16 of 16