IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
|         Debtor. | ) | |

**MOTION OF DEBTORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 and 363 AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEMS**

Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully move the Court, pursuant to §§ 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") to authorize the continued use of the Debtors' existing bank accounts and cash management systems. In support of this Motion, the Debtors represent the following:

### JURISDICTION AND VENUE

1.  On August 11, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtors' chapter 11 case and this Motion in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein are Bankruptcy Code §§ 105(a) and 363(b).

### FACTUAL BACKGROUND

3.  The Debtors are a series of related and affiliated companies that operate in the fast food restaurant business.

4.  Alabama Partners, LLC is a holding company for the operating entity BamaChex, Inc. These debtors operate a series of Checkers hamburger restaurants in the Birmingham, Alabama metropolitan area.

5.  Maryland LC Ventures, LLC is a holding company for the operating entity Maryland Pizza, LLC; and PG County Partners, LLC is the holding company for the operating

entity PG County Pizza, Inc. Each of the holding companies owns four Little Caesars Pizza franchises in Maryland.

6. As the Court is aware, the fast food restaurant business is extremely competitive, and its operating margins are extremely thin.

7. The Debtors have recently been under substantial stress as a result of both operational and capital structure issues. In an effort to survive and maintain operations, they have resorted to taking short term loans with extremely high interest rates. The Debtors had an exit strategy to attempt to sell themselves to third-party operators, and a sale was originally scheduled for July of this year. However, that sale was ultimately cancelled when the purchaser backed out of the transaction the day before the proposed closing.

8. The Debtors have filed these chapter 11 cases in order to reorganize and streamline operations and prepare for a sale of the operating entities.

9. The Debtors anticipate that they will continue with their prior marketing efforts to sell the operating units and to ultimately market the businesses as part of a § 363 sale.

10. The Debtors are hopeful that the resulting proceeds will be able to pay all administrative claims and secured priority claims, as well as obtain a dividend for unsecured creditors.

### RELIEF REQUESTED

11. Debtors seek entry of an Order (i) authorizing the Debtors to maintain their existing bank accounts, (ii) authorizing the Debtors to continue using their centralized cash management system, and (iii) directing [Banks] to allow the Debtors to access their respective bank accounts and make transfers from those bank accounts.

3

Case 17-03469-TOM7    Doc 10    Filed 08/14/17    Entered 08/14/17 10:52:06    Desc Main
Document    Page 3 of 17

## BASIS FOR RELIEF

### A. Debtors' Pre-petition Cash Management System

12. In the ordinary course of their business and prior to the Petition Date, Debtors used a centralized cash management system (the "Cash Management System"). The Cash Management System is designed to efficiently collect, transfer and disburse funds generated through Debtors' operations and to accurately record such collections, transfers and disbursements as they are made. As part of the Cash Management System, Debtors maintain deposit and checking accounts with Bank of America for the Maryland operations and with Wells Fargo Bank for the Alabama operations (collectively, the "Bank Accounts"). The Cash Management System is funded primarily by receipts from sales. The principal components of the Cash Management System are described below.

13. Debtors maintain two deposit and checking systems for each of their operations. Cash and receipts are regularly deposited into these accounts and then check or wire transfers are used to pay the Debtor's obligations.

14. Debtors maintain current and accurate accounting records of daily cash transactions.

### B. The Debtors Should Be Granted Authority to Maintain their Existing Bank Accounts and Use their Cash Management Systems.

15. Debtors' cash management procedures have been employed for a considerable period of time and constitute ordinary course, essential business practices. The Cash Management Systems provide significant benefits to the Debtors including, *inter alia*, the ability to: (i) control corporate funds; (ii) ensure maximum availability of funds when necessary; and (iii) reduce administrative expenses by facilitating the movement of funds and the development of more timely and accurate account balances.

16. Debtors' business operations and reorganization efforts require that the existing Cash Management Systems continue during the pendency of their chapter 11 cases, as any disruption could have a severe and adverse impact upon the Debtors. Further, the process of establishing new cash management systems and bank accounts would be a lengthy and expensive process and a substantial burden to the estates.

17. Debtors will continue to maintain records of all transactions and transfers within their Cash Management Systems, so that all transfers and transactions will be documented in their respective books and records to the same extent such information was maintained by Debtors prior to the Petition Date.

18. Based upon the foregoing, the Debtors submit that the maintenance of their existing Cash Management Systems is essential, appropriate, and in the best interest of the Debtors' estates and all parties in interest.

19. Debtors are aware of current requirements by the Bankruptcy Administrator that debtors-in-possession open new bank accounts; however, Debtors seek a waiver of any such requirements that mandate, among other things, that the Bank Accounts be closed and that new post-petition bank accounts be opened. If any such requirements were enforced in the instant chapter 11 cases, the requirements would cause enormous disruption and would not be in the best interest of the estates.

20. Debtors believe that their transitions into chapter 11 will be smoother and more orderly, with a minimum disruption to their operations, if the Bank Accounts are maintained with the same account numbers following commencement of the case.

21. By preserving business continuity and avoiding the disruption and delay that would necessarily result from closing the Bank Accounts and opening new accounts, all parties

5

in interest, including employees and customers, will be best served. The benefit to the Debtors, their business operations, and to all parties in interest will be considerable in view of the fact that the Debtors maintain multiple Bank Accounts. The disruption that would otherwise result, absent the relief requested herein, would ill-serve Debtors' interests in these chapter 11 cases.

22. In other chapter 11 cases in this district, bankruptcy courts have recognized that requiring debtors-in-possession to close their bank accounts does not serve the process of chapter 11. Accordingly, courts in this district have waived such requirements and replaced them with alternative procedures. *See, e.g., In re Franklin Pharmacy, LLC*, Case No. 14-80089; *In re Belle Foods, LLC*, Case No. 13-81963; *In re Bill Heard Enters., Inc.*, Case No. 08-83029; *In re Citation Corp.*, Case No. 07-01153; *In re Martin Indus., Inc.*, Case No. 02-85553; *In re Meadowcraft*, Case No. 02-06910; *In re Shook & Fletcher Insulation Co.*, Case No. 02-02771; *In re Hal Roach Constr., Inc.*, Case No. 00-03118; *In re Gulf States Steel, Inc.*, Case No. 99-41958. Similar authorization is appropriate here.

23. Debtors respectfully request that the Bank Accounts be deemed debtor-in-possession accounts and that Debtors be authorized to maintain and continue to use these accounts in the same manner the accounts were utilized prior to the Petition Date.

24. Debtors seek authorization for the Banks to continue to service and administer the applicable Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

25. Debtors seek authorization that nothing contained herein shall prevent Debtors from opening any additional bank accounts, or closing any of the existing Bank Accounts as it

6

may deem necessary and appropriate, and the Banks are authorized to honor Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts; *provided, however*, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein, and fully comply with any requirement of the Bankruptcy Administrator's office. Any and all accounts opened by any of the Debtors on or after the Petition Date at any bank, shall, for all purposes under this Motion, similarly be subject to the rights and obligations of this Motion.

26. Debtors seek authorization for Debtors and the Banks to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them and for Debtors to pay the Banks any fees, expenses or other amounts due in connection with such agreements arising prior to or after the Petition Date. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of the order or by operation of the Bankruptcy Code.

## NOTICE

1. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (2) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (3) the holders of Debtors' equity interests; (4) the District Director of the Internal Revenue Service for the Northern District of Alabama; and (5) any secured creditors of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

2. No previous request for the relief requested herein has been made in this bankruptcy case to this or any other court.

WHEREFORE the Debtors respectfully request that this Court enter an order substantially in the form annexed hereto as Exhibit "**A**" granting the Debtors authorization to maintain their existing Cash Management Systems, authorization to maintain their existing Bank Accounts, and such other and further relief as this Court deems just and appropriate.

Dated this the 14th day of August, 2017.

                                            Respectfully submitted,

                                          */s/ R. Scott Williams*
                                          R. Scott Williams
                                          Robert H. Adams
                                          Frederick D. Clarke

                                          Proposed Attorneys for Debtors
                                          ALABAMA PARTNERS, LLC
                                          BAMACHEX, INC.
                                          MARYLAND LC VENTURES, LLC
                                          MARYLAND PIZZA, INC.
                                          PG COUNTY PARTNERS LLC
                                          PG COUNTY PIZZA, INC.

**Of Counsel:**
RUMBERGER, KIRK & CALDWELL, P.C.
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th Day of August, 2017, the foregoing was served by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

<u>/s/ R. Scott Williams</u><br>
Of Counsel

Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203

Alabama Partners, LLC
PO Box 551267
Jacksonville, FL 32255

R. Scott Williams
Rumberger, Kirk & Caldwell
2001 Park Place, Ste. 1300
Birmingham, AL 35203

Melissa S. Hayward
Hayward & Associates, PLLC
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Pervez Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Wazir Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Iqbal Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Mark Williams
PO Box 551267
Jacksonville, FL 32255

Internal Revenue Service
801 Tom Martins Dr.
Mail Stop 126
Birmingham, Alabama 35211

Internal Revenue Service
PO Box 7346
Philadelphia, Pennsylvania 19101

Alabama Department of Labor
649 Monroe Street
Montgomery, AL 36131

Alabama Department of Labor
631 Beacon Parkway West
Suite 203
Birmingham, AL 35209

Alabama Department of Revenue
P.O. Box 327464
Montgomery, AL 36132

Alabama Department of Revenue
Legal Division
P.O. Box 320001
Montgomery, AL 36132

Bank of the Ozarks
17901 Chenal Parkway
3rd Floor
Little Rock, AR 72223

CHTD Company
P.O. Box 2576
Springfield, IL 62708

Corporation Service Company
As Representative
P.O. Box 2576
Springfield, IL 62708

Macrolease Corporation
185 Express St.
Suite 100
Plainview, NY 11803

NASA Federal Credit Union
500 Prince George's Blvd.
Upper Marlboro, MD 20774

Receivables Advance
P.O. Box 15270
Irvine, CA 92623-5270

RLC Funding, a division of
Navitas Lease Corp. ISAOA
111 Executive Center Dr., Suite 102
Columbia, SC 29210

The Coca-Cola Company
On Coca-Cola Plaza
Atlanta, GA 30313

Coca-Cola USA
P.O. Box 102499
Atlanta, GA 30368

UniFi Equipment Finance
3893 Research Park Drive
Ann Arbor, MI 48108

U.S. Bank Equipment Finance
A division of U.S. Bank N.A.
1310 Madrid Street
Marshall, MN 56258

HJK LLC
PO Box 175
Lincoln, AL 35096

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256

Jefferson County Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

Johnson Service Company
2812 Ruffner Rd
Birmingham, AL 35210

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020

Direct Capital
155 Commerce Way
Portsmouth NH 03801

Checkers Corporate
4300 West Cypress St. Suite 600
Tampa, FL

J T Smallwood - Tax Collector
Room 160
716 Richard Arrington Blvd. N.
Birmingham, AL 35203

RDS
PO Box 830725
Birmingham, AL 35283

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111

Alabama Power
P.O. Box 242
Birmingham, Alabama 35292

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, FL 33014

Good Hope Investments, LLC
9109 Lucky Estates Dr.
Vienna, Virginia 22182

Navitus
111 Executive Ctr Drive
Suite 102
Columbia, SC 29210

City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, NY 10004

Jefferson County EDU Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283

Tyco Security
c/o ADT Security Services, Inc.
PO Box 371967
Pittsburgh, PA 15250-7967

Flowers Baking Company of Birmingham
900 16th Street N
Birmingham, AL 35203

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-2208

USB Equipment Finance
220 26th Street
Minneapolis, MN

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203

CAN Captial/Channel Partners Capital
11100 Wayzata Blvd.
Suite 305
Minnetonka, MN 55305

Marlin Business Bank
2795 E Cottonwood Pkwy
Suite 120
Salt Lake City, UT 84121

Loanme
1900 S State College Blvd.
Suite 300
Anaheim, CA 92806

Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
|         Debtor. | ) | |
| _____ | ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 and 363 AUTHORIZING CONTINUED USE OF DEBTORS' EXISTING CASH MANAGEMENT SYSTEMS AND MAINTENANCE OF DEBTORS' EXISTING BANK ACCOUNTS**

10412154.1

Case 17-03469-TOM7    Doc 10    Filed 08/14/17    Entered 08/14/17 10:52:06    Desc Main
Document    Page 14 of 17

This matter came to be heard upon the motion ("Motion") of Alabama Partners, LLC and its debtor affiliates as debtors and debtors-in-possession (collectively the "Debtors") for authorization pursuant to §§ 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code") to continue use of existing cash management systems and to maintain existing bank accounts. The Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; notice of this Motion having been provided to the Notice Parties (as defined in the motion); and it appearing that no other or further notice need be given; and upon the record herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that Debtors are authorized to continue their customary cash management procedures in the ordinary course, provided, however, that Debtors shall maintain records of all transactions within their respective cash management systems so that all transfers and transactions will be documented in their respective books and records to the same extent such information was maintained by Debtors prior to the commencement of their chapter 11 cases (the "Petition Date"); and it is further

**ORDERED** that Debtors are authorized to (1) designate, maintain, and continue to use any and all of their respective, existing bank accounts in the names and with the account numbers existing immediately prior to the Petition Date, (2) deposit funds in and withdraw funds from their respective accounts accounts by all usual means including, without limitation, cash, checks, wire transfers, Automated Clearing House transfers, and other debits, and (3) treat their respective pre-petition bank accounts for all purposes as debtors-in-possession accounts, and it is further

**ORDERED** that the banks and financial institutions at which Debtors' respective bank accounts are maintained (collectively, the "Banks") are authorized to continue to service and administer the applicable bank accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the bank accounts after the Petition Date by the holders or makers thereof, as the case may be; and it is further

**ORDERED** that nothing contained herein shall prevent any Debtor from opening any additional bank account, or closing any existing bank account(s) as they may deem necessary and appropriate, and the Banks are authorized to honor their respective Debtor's requests to open and close, as the case may be, such bank accounts or additional bank accounts; <u>provided, however</u>, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State herein; and it is further

**ORDERED** that, within two days after opening or closing an account, the responsible Debtor shall give the Bankruptcy Administrator notice of such opening or closing and a copy of the signature card; and it is further

**ORDERED** that any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order; and it is further

**ORDERED** that Debtors and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order, and Debtors are authorized to pay their

respective Banks any fees, expenses or other amounts due in connection with such agreements arising prior to or after the Petition Date. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of this Order or by operation of the bankruptcy Code; and it is further

**ORDERED** that operation of the cash management systems shall not affect any liens on the cash held in the cash management system, all of which are expressly preserved.

Dated this the ___ day of _____, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE