IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
| Debtor. | ) | |
| IN RE : | ) | Chapter 11 |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
| Debtor. | ) | |
| IN RE : | ) | Chapter 11 |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
| Debtor. | ) | |
| IN RE : | ) | Chapter 11 |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
| Debtor. | ) | |
| IN RE : | ) | Chapter 11 |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
| Debtor. | ) | |
| IN RE : | ) | Chapter 11 |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
| Debtor. | ) | |

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 366, AND 503(b)
TO ESTABLISH PROCEDURES FOR DETERMINING
ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES**

Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully move the Court for entry of an Order pursuant to §§ 105(a), 366, and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), authorizing the Debtors to establish procedures for determining adequate assurance of payment for utilities services (the "Motion"). In support of this Motion, Debtors state as follows:

### JURISDICTION AND NOTICE

1. On August 11, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 case and this Motion in this district are proper pursuant to 28 U.S.C.§§ 1408 and 1409).

3. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (2) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (3) the holders of Debtors' equity interests; (4) the District Director of the Internal Revenue Service for the Northern District of Alabama; and (5) any secured creditors of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

2

## FACTUAL BACKGROUND

4. The Debtors are a series of related and affiliated companies that operate in the fast food restaurant business.

5. Alabama Partners, LLC is a holding company for the operating entity BamaChex, Inc. These debtors operate a series of Checkers hamburger restaurants in the Birmingham, Alabama metropolitan area.

6. Maryland LC Ventures, LLC is a holding company for the operating entity Maryland Pizza, LLC; and PG County Partners, LLC is the holding company for the operating entity PG County Pizza, Inc. Each of the holding companies owns four Little Caesars Pizza franchises in Maryland.

7. As the Court is aware, the fast food restaurant business is extremely competitive, and its operating margins are extremely thin.

8. The Debtors have recently been under substantial stress as a result of both operational and capital structure issues. In an effort to survive and maintain operations, they have resorted to taking short term loans with extremely high interest rates. The Debtors had an exit strategy to attempt to sell themselves to third-party operators, and a sale was originally scheduled for July of this year. However, that sale was ultimately cancelled when the purchaser backed out of the transaction the day before the proposed closing.

9. The Debtors have filed these chapter 11 cases in order to reorganize and streamline operations and prepare for a sale of the operating entities.

10. The Debtors anticipate that they will continue with their prior marketing efforts to sell the operating units and to ultimately market the businesses as part of a § 363 sale.

3

11. The Debtors are hopeful that the resulting proceeds will be able to pay all administrative claims and secured priority claims, as well as obtain a dividend for unsecured creditors.

### SUMMARY OF RELIEF REQUESTED

12. In the ordinary course of their business operations, the Debtors obtain electrical, gas, water, telephone and other similar services from various utilities (collectively, the "Utilities," and each individually a "Utility"). Among the Debtors' respective Utilities are the parties listed on the attached **Exhibit A**, which is incorporated herein by reference.

13. On information and belief, some Utilities may take the position that they are entitled to adequate assurance under § 366 of the Bankruptcy Code. The Debtor requires a reasonable time to conclude negotiations with the Utilities. To the extent they are unable to reach agreement with any Utility, the Debtor requests the Court to approve the procedure described herein to facilitate the Court's determination of adequate assurance and to maintain the *status quo* pending such determination.

### PROPOSED PROCEDURE IF AN AGREEMENT CANNOT BE REACHED

14. While the Debtors believe that they may be able to reach agreements with their respective Utilities, the Debtors require a reasonable time in which to conclude negotiations with each of the Utilities. To the extent the Debtor is unable to reach an agreement with a Utility, the Debtors request the Court to approve a procedure to facilitate the Court's determination of adequate assurance and to maintain the *status quo* pending such determination.

15. Specifically, the Debtors propose the following procedures for determining adequate assurance of payment:

   a. Any Utility may request assurance of payment, provided such request is in writing and delivered to Debtors' counsel within twenty (20) days of entry of an order

4

approving the Motion. Any such request shall specify the amount and nature of assurance of payment that would be satisfactory to the utility and must set forth a list of any deposit or other security currently being held by the Utility;

b. The Debtor and Utility shall negotiate in good faith regarding the assurance of payment to be furnished to such Utility and may enter into agreements for adequate assurance without further order of this Court;

c. If a Debtor and Utility making a timely request for assurance of payment as set forth herein cannot agree on assurance of payment, the Utility may request a hearing for determination of adequate assurance of payment (a "Determination Hearing"), provided the Utility shall be enjoined from discontinuing, altering or refusing services to the Debtor pending resolution of any such Determination Hearing;

d. Any Utility that does not timely request assurance of payment as set forth herein, conclusively shall be deemed to have received adequate assurance of payment for future service under § 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering or refusing service to the Debtor; and

e. Pending further order of the Court, regardless of whether a Utility files a request of assurance of payment as set forth herein, the Debtor shall pay on a timely basis, in accordance with pre-petition practices, all undisputed invoices with respect to post-petition utility services rendered by any Utility within the meaning of § 366 of the Bankruptcy Code.

16. The foregoing procedure (the "Determination Procedure") is reasonable and necessary to the Debtors. The Debtors could be inundated with demands for adequate assurances from Utilities. Forcing the Debtors to address and resolve these demands absent the proposed procedures will place an undue administrative burden on the Debtor and its estate at a critical state in in their chapter 11 cases.

17. Moreover, should one or more of the Utility Companies refuse or discontinue service even for a brief period of time, the Debtor could be impacted and operations severely interrupted. Such an interruption would damage customer relationships, revenue and profits, and would ultimately affect the Debtors' reorganization efforts. Moreover, such an interruption would result in a diminution in the value of the Debtor's assets and cause irreparable harm to the

5

estate. Maintaining uninterrupted Utility Services is essential to Debtor's ability to reorganize its business operations and preserve the value of its assets.

18. The relief requested herein is necessary and in the best interest of the Debtors' estates and their creditors. The Debtors' proposed method of negotiating and determining adequate assurance of payment for post-petition utility services, in keeping with the spirit and intent of § 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility.

## RESERVATION OF RIGHTS

19. Although the Debtor has attempted to list on Exhibit A all entities providing services that arguably may qualify as "utilities" under § 366 of the Bankruptcy Code, the Debtor requests that the relief sought herein shall apply to all providers of utility services and shall not be limited to the entities listed on Exhibit A. Moreover, some of the entities on Exhibit A may provide services to one or more of the Debtors in a capacity other than as a utility. Non-utilities are not entitled to adequate assurance of payment under § 366. The Debtors reserve all rights, claims and defenses with respect to whether the entities listed on Exhibit A are utilities within the meaning of § 366.

20. The Debtors reserve all rights, claims and defenses under § 366 of the Bankruptcy Code. Without limitation, nothing in this Motion shall be deemed a request for approval to assume, or an expression of intent to assume, any lease or contract.

## CONCLUSION

21. The Debtors' proposal set forth herein will protect the Debtors' respective businesses from disruptions and will provide the Utilities with a fair and orderly procedure for determining requests for assurance of payment. The Debtors' proposal is consistent with § 366 of

6

the Bankruptcy Code and is in the best interest of the Debtors, the Debtors' estates and creditors, and it is not prejudicial to the rights of any Utility.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially similar to the attached Exhibit B:

a. Directing the Debtors and the Utilities to negotiate in good faith regarding adequate assurance of payment to be furnished to such Utilities and authorizing the Debtors and the Utilities to enter into agreements for adequate assurance without further order of the Court;

b. Establishing the Determinations Procedure to facilitate the Debtors' and the Utilities' negotiation regarding the determination of reasonable adequate assurance of payment;

c. In the event that the Debtor and any Utility cannot agree on assurance of payment, enjoining the Utility from discontinuing, altering or refusing services to the Debtor until such time as (i) the Utility has requested a Determination Hearing for a determination of adequate assurance of payment and (ii) this Court has issued its final ruling with respect to such Determination Hearing; and

d. Granting such other and further relief as this Court deems just and appropriate.

Dated this 14th day of August, 2017.

Respectfully submitted,

/s/ *R. Scott Williams*
R. Scott Williams
Robert H. Adams
Frederick D. Clarke

Proposed Attorneys for Debtors
ALABAMA PARTNERS, LLC
BAMACHEX, INC.
MARYLAND LC VENTURES, LLC
MARYLAND PIZZA, INC.
PG COUNTY PARTNERS LLC
PG COUNTY PIZZA, INC.

7

Of Counsel:
RUMBERGER, KIRK & CALDWELL, P.C.
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th Day of August, 2017, the foregoing was served by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

/s/ R. Scott Williams
Of Counsel

8

Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203

Alabama Partners, LLC
PO Box 551267
Jacksonville, FL 32255

R. Scott Williams
Rumberger, Kirk & Caldwell
2001 Park Place, Ste. 1300
Birmingham, AL 35203

Melissa S. Hayward
Hayward & Associates, PLLC
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Pervez Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Wazir Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Iqbal Kaisani
c/o Melissa S. Hayward
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231

Mark Williams
PO Box 551267
Jacksonville, FL 32255

Internal Revenue Service
801 Tom Martins Dr.
Mail Stop 126
Birmingham, Alabama 35211

Internal Revenue Service
PO Box 7346
Philadelphia, Pennsylvania 19101

Alabama Department of Labor
649 Monroe Street
Montgomery, AL 36131

Alabama Department of Labor
631 Beacon Parkway West
Suite 203
Birmingham, AL 35209

Alabama Department of Revenue
P.O. Box 327464
Montgomery, AL 36132

Alabama Department of Revenue
Legal Division
P.O. Box 320001
Montgomery, AL 36132

Bank of the Ozarks
17901 Chenal Parkway
3rd Floor
Little Rock, AR 72223

CHTD Company
P.O. Box 2576
Springfield, IL 62708

Corporation Service Company
As Representative
P.O. Box 2576
Springfield, IL 62708

Macrolease Corporation
185 Express St.
Suite 100
Plainview, NY 11803

NASA Federal Credit Union
500 Prince George's Blvd.
Upper Marlboro, MD 20774

Receivables Advance
P.O. Box 15270
Irvine, CA 92623-5270

RLC Funding, a division of
Navitas Lease Corp. ISAOA
111 Executive Center Dr., Suite 102
Columbia, SC 29210

The Coca-Cola Company
On Coca-Cola Plaza
Atlanta, GA 30313

Coca-Cola USA
P.O. Box 102499
Atlanta, GA 30368

UniFi Equipment Finance
3893 Research Park Drive
Ann Arbor, MI 48108

9

Case 17-03469-TOM7    Doc 11    Filed 08/14/17    Entered 08/14/17 10:53:33    Desc Main
Document    Page 9 of 18

U.S. Bank Equipment Finance
A division of U.S. Bank N.A.
1310 Madrid Street
Marshall, MN 56258

HJK LLC
PO Box 175
Lincoln, AL 35096

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256

Jefferson County Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

Johnson Service Company
2812 Ruffner Rd
Birmingham, AL 35210

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020

Direct Capital
155 Commerce Way
Portsmouth NH 03801

Checkers Corporate
4300 West Cypress St. Suite 600
Tampa, FL

J T Smallwood - Tax Collector
Room 160
716 Richard Arrington Blvd. N.
Birmingham, AL 35203

RDS
PO Box 830725
Birmingham, AL 35283

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111

Alabama Power
P.O. Box 242
Birmingham, Alabama 35292

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, FL 33014

Good Hope Investments, LLC
9109 Lucky Estates Dr.
Vienna, Virginia 22182

Navitus
111 Executive Ctr Drive
Suite 102
Columbia, SC 29210

City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, NY 10004

Jefferson County EDU Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283

Tyco Security
c/o ADT Security Services, Inc.
PO Box 371967
Pittsburgh, PA 15250-7967

Flowers Baking Company of Birmingham
900 16th Street N
Birmingham, AL 35203

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-2208

USB Equipment Finance
220 26th Street
Minneapolis, MN

Marlin Business Bank
2795 E Cottonwood Pkwy
Suite 120
Salt Lake City, UT 84121

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203

Loanme
1900 S State College Blvd.
Suite 300
Anaheim, CA 92806

CAN Captial/Channel Partners Capital
11100 Wayzata Blvd.
Suite 305
Minnetonka, MN 55305

Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411

# EXHIBIT A

## CONSOLIDATED LIST OF DEBTORS' UTILITIES

Alabama Gas Corporation

Alabama Power

Anniston Water Works

Birmingham Water Board

Bessemer Utilities

Comcast

Cullman Gas District

Cullman Power Board

Jasper Water Works & Sewer Board

Pepco

Verizon

Washington Gas

Washington Suburban Sanitary Commission (WSSC)

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
|         Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
|         Debtor. | ) | |

**ORDER GRANTING DEBTORS AUTHORITY
TO IDENTIFY CREDITORS ON A CONSOLIDATED BASIS AND TO FILE A
CONSOLIDATED LIST OF THIRTY LARGEST UNSECURED CREDITORS**

10412150.1

Case 17-03469-TOM7    Doc 11    Filed 08/14/17    Entered 08/14/17 10:53:33    Desc Main
Document      Page 15 of 18

Upon the motion (the "Motion"),[1] of Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an Order approving the procedure described below to facilitate the Court's determination of adequate assurance and to maintain the *status quo* pending such determination; and the Court having jurisdiction to consider the Motion and relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the Adequate Assurance Determination Procedures are hereby approved as follows:

  e. Any Utility may request assurance of payment, provided such request is in writing and delivered to Debtors' counsel within twenty (20) days of entry of an order approving the Motion. Any such request shall specify the amount and nature of assurance of payment that would be satisfactory to the utility and must set forth a list of any deposit or other security currently being held by the Utility;

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

    f. The Debtor and Utility shall negotiate in good faith regarding the assurance of payment to be furnished to such Utility and may enter into agreements for adequate assurance without further order of this Court;

    g. If a Debtor and Utility making a timely request for assurance of payment as set forth herein cannot agree on assurance of payment, the Utility may request a hearing for determination of adequate assurance of payment (a "Determination Hearing"), provided the Utility shall be enjoined from discontinuing, altering or refusing services to the Debtor pending resolution of any such Determination Hearing;

    h. Any Utility that does not timely request assurance of payment as set forth herein, conclusively shall be deemed to have received adequate assurance of payment for future service under § 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering or refusing service to the Debtor; and

    i. Pending further order of the Court, regardless of whether a Utility files a request of assurance of payment as set forth herein, the Debtor shall pay on a timely basis, in accordance with pre-petition practices, all undisputed invoices with respect to post-petition utility services rendered by any Utility within the meaning of § 366 of the Bankruptcy Code.

; and it is further

ORDERED that Debtors are authorized, in their sole discretion, to amend Exhibit A to add or delete any entity, and this Order shall apply to any such entity that is subsequently added to Exhibit A to the Motion. For Utility Companies that are subsequently added to Exhibit A, Debtors shall serve a copy of the Motion and this Order on such Utility Company, along with amended Exhibit A and such subsequently added entities shall have twenty (20) days from service of the notice to file an objection with the Court and serve such objection on counsel to the Debtors so as to be received by such date. If an objection is not properly filed and served, the entity will be deemed removed from Exhibit A and will not be treated as a Utility Company for purposes of this Order. In the event an objection is properly filed and served, the Court shall schedule a hearing to consider the entity's removal and objection thereto. Pending resolution of

the objection, the entity shall continue to be treated as a Utility Company for purposes of this Order; and it is further

ORDERED that Debtors are authorized, but not directed to pay on a timely basis in accordance with its pre-petition practices all undisputed invoices in respect of post-petition Utility Services rendered by the Utility Companies to Debtors; and it is further

ORDERED that Nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any contract, lease or agreement under 11 U.S.C. § 365.

Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE