IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No.  17–03469-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No.  17–03471-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No.  17–03472-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No.  17–03473-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No.  17–03474-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No.  17–03475-11-____ |
| Debtor. | ) | |

**DEBTORS' MOTION FOR AUTHORITY TO CONTINUE CERTAIN
CUSTOMER PRACTICES AND BENEFITS**

Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent the following in support of this motion (the "Motion"):

### JURISDICTION AND NOTICE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

2. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (2) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (3) the holders of Debtors' equity interests; (4) the District Director of the Internal Revenue Service for the Northern District of Alabama; (5) any secured creditors of record (the "Notice Parties"). Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other further notice need be provided.

3. No previous request for the relief requested herein has been made in this bankruptcy case to this or any other court.

### BACKGROUND

4. On August 11, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2

5. As part of their operations, the Debtors' fast food businesses offer benefits and incentives to their customers in the form of gift cards and certificates, coupons, and store credit (the "Customer Incentives").

6. Many of these Customer Incentives will never be used. When customers do use their incentives, however, it is typical for those customers to make purchases that exceed the value of the incentives.

7. The Customer Incentives also play a fundamental role in continued customer satisfaction, loyalty and good-will. For example, a dissatisfied customer may be offered a gift certificate or store credit to incentivize the customer's continued patronage and good-will. The Debtors' must be able to honor these Customer Incentives to maintain the hard-earned customer loyalty and good-will that will be necessary for Debtors' to successfully emerge from these chapter 11 cases.

## RELIEF REQUESTED

8. Debtors respectfully request immediate entry of an Order (i) authorizing the Debtors to continue to honor the Customer Incentives and (ii) waiving the fourteen-day stay imposed by Rule 6004(h), to the extent that it applies.

## BASIS FOR RELIEF

### A. Honoring these Customer Incentives is Appropriate Under § 507(a)(7).

9. Some of the Customer Incentives are entitled to priority under § 507)(a)(7) of the Bankruptcy Code, which grants priority to:

> allowed unsecured claims of individuals, to the extent of $2,850 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

3

11 U.S.C. § 507(a)(7). Money collected by the Debtors as prepayment for gift cards and similar incentives falls within this priority.

10. The Debtors would be required to pay these customers' claims in full under a plan of reorganization before paying any lower-priority claims. *See* 11 U.S.C. § 1129(a)(9)(B), 1129(b)(2)(B)(ii). Thus, there is no harm to general unsecured creditors if the Debtors honor them now. In fact, general unsecured creditors' only hope of seeing a distribution on account of their claims is a successful reorganization, which would be hopelessly impeded is Debtors are prohibited from honoring the Customer Incentives necessary to their customers' satisfaction and loyalty. Accordingly, the Court should authorize the Debtors to honor the Customer Benefits going forward

### B. Honoring the Customer Incentives is Appropriate Under §§ 105(a) and 363 and the Doctrine of Necessity.

11. Under section 363(c)(1) of the Bankruptcy Code, the Debtors may enter into transactions in the ordinary course of business. All of the Customer Incentives are within the ordinary course of the Debtors' business. Thus, the Debtors believe they already possess authority to continue to honor the Customer Benefits. Out of an abundance of caution, however, the Debtors are seeking authority to do so under sections 105(a) and 363(b)(1) and the doctrine of necessity.

12. Even if the Customer Incentives were outside the Debtors' ordinary course of business, the Court may nevertheless authorize the Debtors to use property of the estate under section 363(b)(1). Section 105(a) of the Bankruptcy Code provides also as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary

4

> or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Courts have repeatedly recognized "the existence of the judicial power to authorize a debtor to pay prepetition claims where such payment is essential to the continued operations of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (finding that a debtor is entitled to pay certain prepetition creditors upon a showing that the payment is "essential to the continued operation of the business") (citations omitted). The United States Supreme Court first articulated the equitable common law principle commonly referred to as the doctrine of necessity over 125 years ago in *Miltenberger v. Logansport, C. & S.W.R. Co.*, 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882).

13. Additionally, under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. *See In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (citing *In re Lehigh & New England Rwy. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "if payment of a prepetition claim 'is essential to the continued operation of [the debtor], payment may be authorized'"). The bankruptcy court's exercise of its authority under the doctrine of necessity is appropriate to carry out specific statutory provisions of chapter 11, specifically sections 1107(a), 1108 and 363(b)(1) of the Bankruptcy Code, which collectively authorize a debtor in possession to maintain and operate the debtor's business and use estate property outside of the ordinary course of business. Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D.

5

Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").

14. The relief sought in this Motion is essential to preserve the value of the Debtors' business and assets. They cannot afford to present anything less than a "business-as-usual" appearance to the public, especially during the early stages of these bankruptcy cases. Much of the Debtors' success, both in the past and going forward, is dependent upon reputation and customer loyalty and confidence; and these chapter 11 cases will fail without the support of the Debtors' customers. If the Debtors are not able to honor the Customer Incentives, then the fallout would likely be immediate and irreparable. The expenditure of estate funds, to the extent it would even be necessary, would be minimal when compared to the benefits that would accrue to the Debtors by preserving their customer relationships. Accordingly, the Court should authorize the Debtors to honor the Customer Benefits going forward..

### REQUEST FOR IMMEDIATE RELIEF AND WAIVER OF STAY

15. Pursuant to Rules 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure, the Debtors seek (i) immediate entry of an order granting the relief sought herein and (ii) a waiver of any stay of the effectiveness of such an order. Bankruptcy Rule 6003(b) provides, in relevant part, that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following: … a motion … to pay all or part of a claim that arose before the filing of the petition …." Fed. R. Bankr. P. 6003(b). Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, honoring the Customer Incentives is necessary to prevent

6

immediate and irreparable damage to the Debtors' operations and going-concern value, which would result from a collapse of customer confidence in the Debtors. Accordingly, the Debtors submit that ample cause exists to justify: (i) the immediate entry of an order granting the relief sought herein; and (ii) a waiver of the fourteen-day stay imposed by rule 6004(h), to the extent that it applies.

WHEREFORE the Debtors respectfully request entry of an Order substantially similar to **Exhibit A** hereto authorizing the Debtors to continue to honor the Customer Incentives and awarding the Debtors such other and further relief as may be just and proper.

Dated this the 14th day of August, 2017.

> Respectfully submitted,
>
> /s/ *R. Scott Williams*
> R. Scott Williams
> Robert H. Adams
> Frederick D. Clarke
>
> Proposed Attorneys for Debtors
> ALABAMA PARTNERS, LLC
> BAMACHEX, INC.
> MARYLAND LC VENTURES, LLC
> MARYLAND PIZZA, INC.
> PG COUNTY PARTNERS LLC
> PG COUNTY PIZZA, INC.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th Day of August, 2017, the foregoing was served by depositing same in the united States Mail, first class, postage prepaid on the Notice Parties.

/s/ *R. Scott Williams*
Of Counsel

8

| | | |
|---|---|---|
| Bankruptcy Administrator<br>1800 5th Avenue North<br>Birmingham, AL 35203 | Alabama Partners, LLC<br>PO Box 551267<br>Jacksonville, FL 32255 | R. Scott Williams<br>Rumberger, Kirk & Caldwell<br>2001 Park Place, Ste. 1300<br>Birmingham, AL 35203 |
| Melissa S. Hayward<br>Hayward & Associates, PLLC<br>10501 N. Central Expressway, Ste. 106<br>Dallas, TX 75231 | Pervez Kaisani<br>c/o Melissa S. Hayward<br>10501 N. Central Expressway, Ste. 106<br>Dallas, TX 75231 | Wazir Kaisani<br>c/o Melissa S. Hayward<br>10501 N. Central Expressway, Ste. 106<br>Dallas, TX 75231 |
| Iqbal Kaisani<br>c/o Melissa S. Hayward<br>10501 N. Central Expressway, Ste. 106<br>Dallas, TX 75231 | Mark Williams<br>PO Box 551267<br>Jacksonville, FL 32255 | Internal Revenue Service<br>801 Tom Martins Dr.<br>Mail Stop 126<br>Birmingham, Alabama 35211 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, Pennsylvania 19101 | Alabama Department of Labor<br>649 Monroe Street<br>Montgomery, AL 36131 | Alabama Department of Labor<br>631 Beacon Parkway West<br>Suite 203<br>Birmingham, AL 35209 |
| Alabama Department of Revenue<br>P.O. Box 327464<br>Montgomery, AL 36132 | Alabama Department of Revenue<br>Legal Division<br>P.O. Box 320001<br>Montgomery, AL 36132 | Bank of the Ozarks<br>17901 Chenal Parkway<br>3rd Floor<br>Little Rock, AR 72223 |
| CHTD Company<br>P.O. Box 2576<br>Springfield, IL 62708 | Corporation Service Company<br>As Representative<br>P.O. Box 2576<br>Springfield, IL 62708 | Macrolease Corporation<br>185 Express St.<br>Suite 100<br>Plainview, NY 11803 |
| NASA Federal Credit Union<br>500 Prince George's Blvd.<br>Upper Marlboro, MD 20774 | Receivables Advance<br>P.O. Box 15270<br>Irvine, CA 92623-5270 | RLC Funding, a division of<br>Navitas Lease Corp. ISAOA<br>111 Executive Center Dr., Suite 102<br>Columbia, SC 29210 |
| The Coca-Cola Company<br>On Coca-Cola Plaza<br>Atlanta, GA 30313 | Coca-Cola USA<br>P.O. Box 102499<br>Atlanta, GA 30368 | UniFi Equipment Finance<br>3893 Research Park Drive<br>Ann Arbor, MI 48108 |

U.S. Bank Equipment Finance
A division of U.S. Bank N.A.
1310 Madrid Street
Marshall, MN 56258

HJK LLC
PO Box 175
Lincoln, AL 35096

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256

Jefferson County Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

Johnson Service Company
2812 Ruffner Rd
Birmingham, AL 35210

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020

Direct Capital
155 Commerce Way
Portsmouth NH 03801

Checkers Corporate
4300 West Cypress St. Suite 600
Tampa, FL

J T Smallwood - Tax Collector
Room 160
716 Richard Arrington Blvd. N.
Birmingham, AL 35203

RDS
PO Box 830725
Birmingham, AL 35283

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111

Alabama Power
P.O. Box 242
Birmingham, Alabama 35292

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, FL 33014

Good Hope Investments, LLC
9109 Lucky Estates Dr.
Vienna, Virginia 22182

Navitus
111 Executive Ctr Drive
Suite 102
Columbia, SC 29210

City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, NY 10004

Jefferson County EDU Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283

Tyco Security
c/o ADT Security Services, Inc.
PO Box 371967
Pittsburgh, PA 15250-7967

Flowers Baking Company of Birmingham
900 16th Street N
Birmingham, AL 35203

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-2208

USB Equipment Finance
220 26th Street
Minneapolis, MN

Marlin Business Bank
2795 E Cottonwood Pkwy
Suite 120
Salt Lake City, UT 84121

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203

Loanme
1900 S State College Blvd.
Suite 300
Anaheim, CA 92806

CAN Captial/Channel Partners Capital
11100 Wayzata Blvd.
Suite 305
Minnetonka, MN 55305

Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411

# EXHIBIT A

(Proposed Order)

104121521.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, | ) | Case No. 17–03469-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| BAMACHEX, INC., | ) | Case No. 17–03471-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND LC VENTURES, LLC, | ) | Case No. 17–03472-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| MARYLAND PIZZA, INC., | ) | Case No. 17–03473-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PARTNERS LLC, | ) | Case No. 17–03474-11-____ |
| Debtor. | ) | |
| | ) | |
| IN RE : | ) | Chapter 11 |
| | ) | |
| PG COUNTY PIZZA, INC., | ) | Case No. 17–03475-11-____ |
| Debtor. | ) | |

**ORDER GRANTING DEBTORS' AUTHORITY
TO CONTINUE CERTAIN CUSTOMER PRACTICES AND BENEFITS**

Upon the motion (the "Motion"),[1] of Alabama Partners, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for immediate entry of an Order (i) authorizing the Debtors to continue to honor Customer Incentives and (ii) waiving the fourteen-day stay imposed by Rule 6004(h), to the extent that it applies; and the Court having jurisdiction to consider the Motion and relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the Debtors' are hereby authorized to honor their Customer Incentives such as gift cards, gift certificates, coupons, and other similar store credits; and it is further

ORDERED that the fourteen-day stay imposed by rule 6004(h) is waived, to the extent that it applies; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

ORDERED that the Debtors are authorized to take all action necessary to the relief granted in this Order.

Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE