IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, *et al.*, | ) | Case No. 17–03469-TOM11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER REGARDING PRE-PETITION WAGES,
COMEPSNATION, AND EMPLOYEE BENEFITS**

This matter came to be heard upon the motion (this "Motion") of Alabama Partners, LLC and its debtor affiliates as debtors and debtors-in-possession (collectively the "Debtors") for an order pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code for:

(i) authorization to pay accrued and unpaid Wage Obligations;

(ii) authorization for banks and financial institutions at which Debtors maintain accounts to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

(iii) authorization to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: Alabama Partners, LLC (7131); BamaChex, Inc. (6953); Maryland LC Ventures, LLC (6974); Maryland Pizza, Inc. (6929); PG County Partners LLC (2811); and PG County Pizza, Inc. (3902). The service address for each of the Debtors is P.O. Box 551267, Jacksonville, FL 32255.

This Court entered an interim order on August 16, 2017 (Doc. 25) granting the motion on an interim basis so that the Debtors could pay their prepetition wage obligations through Wednesday, August 23, 2017, as noted on the record in open court. The Motion was then set for rehearing on August 23, 2017, at 1:00 p.m.

Upon consideration of the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion has been given and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, employees, and creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Debtor's Motion is **GRANTED**;

**ORDERED** that the Debtor is authorized to honor and pay the Pre-Petition Obligations to the extent the Debtor has funds on hand to pay the Pre-Petition Obligations;

**ORDERED** that the Debtors are authorized to pay the Pre-Petition Obligations in a manner consistent with the Debtors' pre-petition business practices and policies, as set forth below:

> (i) Debtors are authorized to pay accrued and unpaid Wage Obligations;
>
> (ii) The banks and financial institutions at which Debtors maintain their accounts are authorized to honor all checks issued and fund transfers requested in respect of the Pre-Petition Obligations to the extent sufficient available funds are on deposit; provided that Debtors' banks and financial institutions are entitled to rely on the representations of Debtors as to which checks, drafts and fund transfer requests are issued and authorized to be paid in accordance with the Debtors' Motion without any duty of further inquiry and without liability to any party following Debtors' instructions; and

      (iii)    Debtors are authorized to issue new post-petition checks and drafts or to effect new fund transfer instructions, to replace any dishonored or rejected pre-petition checks, drafts, or fund transfer requests on account of the Pre-Petition Obligations.

**ORDERED** that the Debtors are authorized to pay the requested Pre-Petition Obligations without prejudice to the Debtors' right to seek additional or further relief in the future; and

**ORDERED** that the relief granted herein shall not constitute or be deemed an assumption or an authorization to assume any of such contracts, policies, plans, programs, practices, and procedures pursuant to Bankruptcy Code § 365.

**DATED** August 25, 2017.

/s/ Tamara O. Mitchell
UNITED STATES BANKRUPTCY JUDGE