IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, *et al.*, | ) | Case No. 17–03469-TOM11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

---

## MOTION FOR AN ORDER: (A) ESTABLISHING BIDDING PROCEDURES; (B) SETTING EXPEDITED HEARING ON BIDDING PROCEDURES; AND (C) AUTHORIZING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, LEASES AND OTHER INTERESTS AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES PURSUANT TO §§ 363 AND 365 OF THE BANKRUPTCY CODE

---

**COME NOW** Alabama Partners, LLC and BamaChex, Inc. (collectively, the "Alabama Debtors") and move this Court (the "Motion") to enter an order: (a) establishing bidding procedures; (b) setting an expedited hearing to approve the proposed bidding procedures; and (c) authorizing the sale of property of the estate free and clear of liens, claims, encumbrances, and other interests, and the assumption and assignment of certain executory contracts and unexpired leases, pursuant to §§ 363 and 365 of the Bankruptcy Code. This Motion is limited to the sale of the Checkers restaurant operations that are owned by the Alabama Debtors. In support of this Motion, the Alabama Debtors state as follows:

### BACKGROUND

1.      On August 11, 2017 (the "Petition Date"), the Alabama Debtors along with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: Alabama Partners, LLC (7131); BamaChex, Inc. (6953); Maryland LC Ventures, LLC (6974); Maryland Pizza, Inc. (6929); PG County Partners LLC (2811); and PG County Pizza, Inc. (3902). The service address for each of the Debtors is P.O. Box 551267, Jacksonville, FL 32255.

1

certain other affiliates[2] each filed a voluntary petition for protection under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), commencing this jointly-administered bankruptcy case (the "Bankruptcy Case").

2.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157 (b).

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a), 363(b), 363(f), 363(m) and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.

4.    Prior to the Petition Date, the Alabama Debtors engaged in a substantive effort to market their respective assets (including their respective personal property, real property, permits, executory contracts and unexpired leases used in the operation of the Alabama Debtors' Checkers restaurants) (collectively, the "Checkers Assets") for sale.

5.    Pursuant to § 363 of the Bankruptcy Code, the Alabama Debtors have determined that a sale of substantially all of the Alabama Debtors' Checkers Assets is in the best interest of the Alabama Debtors' estates and creditors and that it is also in the best interest of their respective estates and all creditors to solicit competing bids and conduct an auction (the "Auction") of the Checkers Assets as further described below.

## DESCRIPTION OF ASSETS BEING SOLD

### A. Assets Sold Free and Clear

6.    The Alabama Debtors seek authority to auction and sell the Checkers Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against in accordance with section 363 of the Bankruptcy Code,

---

[2] See FN 1, supra.

2

including:[3]

(a)     All inventory;

(b)     All of the furniture, furnishings, equipment, machinery, names and other items of tangible and intangible personal property situated upon or used in connection with the operation of the Alabama Debtors' Checkers restaurants (the "Personal Property"), including (but not limited to) all equipment and other machinery, fixtures, and equipment listed in the Alabama Debtors' bankruptcy schedules;

(c)     certain executory contracts and unexpired leases to which one or more of the Alabama Debtors is a party, including, but not limited to, real property leases, ground leases, and any franchise agreement with Checkers Drive-In Restaurants, Inc.[4] (as more particularly described in the APA, the "Assumed Contracts").

B.     The Assets not Being Sold

7.     Notwithstanding the foregoing, the Checkers Assets shall not include: (i) any cash or cash equivalents of the Alabama Debtors; (ii) the rights of the Alabama Debtors under the APA and any agreement delivered in connection herewith including, without limitation; (iii) any contracts of insurance of the Alabama Debtors and any claim or right of the Alabama Debtors thereunder, except as may be provided by the APA; (iv) rights, and claims of the Alabama Debtors that may be asserted as a defense, cross claim or counterclaim in any action, suit, proceeding that may be brought against the Alabama Debtors and that relate to any liability or obligation of the Alabama Debtors retained by Seller pursuant to the APA; (v) any original

---

[3] The Checkers Assets to be conveyed in the sale will be more fully described in an Asset Purchase Agreement (an "APA"), a copy of which shall be filed prior to the hearing on this Motion.

[4] Prepetition, Checkers terminated the franchise agreement with the Alabama Debtors, and the Alabama Debtors are currently operating under a temporary agreement with Checkers. As part of this sale process, the franchise agreement will need to be reinstated by Checkers, in its sole discretion.

Case 17-03469-TOM11   Doc 94   Filed 09/05/17   Entered 09/05/17 15:12:34   Desc Main
Document   Page 3 of 20

business records pertaining to the Alabama Debtors' operation of their business, provided, however, that, subject to clause (vi) below, the Alabama Debtors shall make available such records which relate to the  Checkers Assets to the winning bidder at the auction (the "Purchaser") upon request by Purchaser after the closing (as defined in the APA) provided Purchaser has executed a confidentiality and non-use agreement satisfactory to the Alabama Debtors; (vii) the Alabama Debtors' corporate books and records relating to their organization and existence; (viii) any materials containing privileged communications or information about employees, disclosure of which would violate and employee's reasonable expectation of privacy and any other materials which are subject to attorney-client or any other privilege or requirement to maintain confidentiality (including any rights to assert privilege); (ix) any and all avoidance actions arising  under applicable sections of the Bankruptcy Code; and (x) any executory contracts or unexpired leases not included and requested by Purchaser to be placed with and among Leases to be assumed by and assigned to Purchaser; (collectively, the "Excluded Asserts").

## BIDDING PROCEDURES

### A. General Bidding Procedures

8.      To appropriately evaluate competing bids and ensure an orderly Auction process, it is necessary to establish certain uniform sale and bidding procedures. In this regard, the Alabama Debtors intend to deliver a notice, as approved by the Court, of the proposed bidding terms and conditions (the "Sale Notice") to all parties who are known to have expressed an interest in the Checkers Assets or who the Alabama Debtors otherwise believe may have an interest in a potential transaction.

9.      The Alabama Debtors propose that the Auction be conducted on the following

4

terms and conditions (the "Bidding Procedures"):

A. Each person or entity wishing to participate in the bid process must be a qualified bidder (a "Qualified Bidder"). In order for any third party to be a Qualified Bidder, it must, by no later than September 29, 2017 or at a time otherwise permitted by the Alabama Debtors:

(i) execute a confidentiality agreement containing terms that the Alabama Debtors deem appropriate in their sole discretion;

(ii) submit to the Alabama Debtors its most recent audited financial statements, current audited financial statements of its owners, or such other financial information, as the Alabama Debtors may reasonably determine, demonstrates the financial capability of the party to consummate the purchase of the Checkers Assets and operate the Checkers franchise in accordance with any franchise agreement within the timeframe set forth herein;

(iii) provide information required by Checkers Drive-In Restaurants, Inc. necessary for approval of a franchisee candidate;

(iv) provide sufficient information regarding both the bidder and the partner(s), if any, to satisfy the Alabama Debtors with respect to the requirements enumerated in § 363(n) of the Bankruptcy Code;

(v) make a deposit (the "Qualified Bid Deposit") in an amount equal to ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00) made by cashier's check or by wire transfer of immediately available funds to an account designated by the Alabama Debtors. Wire transfer instructions may be obtained from the Alabama Debtors.

If the Alabama Debtors, in consultation with Checkers, determine that a party has satisfied the foregoing, then the party is a "Qualified Bidder." Any disputes regarding whether a bidder is a "Qualified Bidder" shall be resolved by the Bankruptcy Court.

B. Qualified Bids. In order to constitute a "Qualified Bid," a Qualified Bidder must submit to the Alabama Debtors the following (the "Bid Package") by the Bid Deadline:

(i) A purchase agreement (an "Alternate Purchase Agreement") in substantially the form of the APA for all or part of the Checkers Assets with terms not materially more burdensome to the Alabama Debtors than the APA or otherwise inconsistent with these Bid Procedures, which: (a) has been executed by a person with authority to irrevocably bind the bidder; (b) provides that the bidder agrees to serve as a Stalking Horse Bidder if the bidder's Qualified Bid is selected by the Alabama Debtors as the highest and best Qualified Bid; (c) is firm and unconditional and is not subject to any financing contingency, any contingency relating to the

5

completion of unperformed due diligence, any contingency relating to the approval of the bidder's board of directors or other similar internal approvals or consents, any contingency relating to a material adverse change, or any other material conditions precedent to the bidder's obligation to close; (d) designates the executory contracts and unexpired leases as to which the bidder seeks assumption by the Alabama Debtors; (e) is subject to acceptance by the Alabama Debtors solely by the Alabama Debtors' execution of the Alternate Purchase Agreement and approval of the Alternate Purchase Agreement by the Bankruptcy Court;

(ii)   A document reflecting the differences between the APA and the Alternate Purchase Agreement, which must be prepared with a document comparison/redlining software;

(iii)   Financial statements or other records that show the source of funds for the bidder's proposed purchase of the Checkers Assets; and

(iv)   A signed statement of the bidder (a) acknowledging that if chosen as the Successful Bidder (defined below), such bidder can consummate the purchase of the Checkers Assets promptly upon approval of the Bankruptcy Court; and (b) agreeing that the bidder's offer in the Alternate Purchase Agreement is irrevocable until five (5) Business Days after the conclusion of the Auction.

(v)   A statement or affirmation in writing that the Alabama Debtors' franchisor, Checkers Drive-In Restaurants, Inc., approves of the Qualified Bidder. *To be clear, a bidder must be approved by Checkers Drive-In Restaurants, Inc. by the Bid Deadline in order to make a Qualified Bid.*

C.   Bid Deadline.   All Bid Packages must be submitted to the Alabama Debtors at Rumberger, Kirk & Caldwell, Renasant Place, Suite 1300, 2001 Park Place North, Birmingham, Alabama 35203, Attn: R. Scott Williams so as to be received not later than 5:00 p.m. prevailing Central time on October 13, 2017 (the "Bid Deadline") or such later date or time that the Alabama Debtors, in their reasonable discretion, establishes as the Bid Deadline.

D.   Selection of Stalking Horse.   If the Alabama Debtors receive one or more Qualified Bids, the Alabama Debtors shall select the highest and best of the Qualified Bids, and such selected Qualified Bid shall automatically become the "Stalking Horse Bid". To the extent the Qualified Bidder under the Stalking Horse Bid (the "Stalking Horse Bidder") is not selected as the Successful Bidder, the Stalking Horse Bidder shall be entitled to receive $25,000 at closing of the sale as a break-up fee (the "Break-Up Fee").

E.   Auction. If the Debtor receives a Stalking Horse Bid and one or more Qualified Bids, then on October 18, 2017 (the "Auction Date"), beginning at 10:00 a.m. prevailing Central time, at the offices of Rumberger, Kirk & Caldwell, Renasant Place, Suite 1300,

Case 17-03469-TOM11   Doc 94   Filed 09/05/17   Entered 09/05/17 15:12:34   Desc Main
Document     Page 6 of 20

2001 Park Place North, Birmingham, Alabama 35203, or at such other location as may be designated by the Alabama Debtors, the Alabama Debtors will conduct an auction (the "Auction") to determine the highest or best bid. The Alabama Debtors may conduct the Auction in the manner they determine will achieve the maximum recovery for the Alabama Debtors' estates. Only Qualified Bidders who have submitted Qualified Bids shall be eligible to participate in (i.e., bid at) the Auction.

F.  Auction Process. The Alabama Debtors shall commence the Auction with the Stalking Horse Bid as the initial bid (the "Initial Bid"). Qualified Bidders will be permitted to increase their bids and to agree to modifications to their bids in order to make their bids more favorable to the Alabama Debtors, provided that the first subsequent bid after the Initial Bid shall be at least FIFTY THOUSAND DOLLARS ($50,000.00) greater than the Initial Bid and each subsequent bid thereafter shall be at least TWENTY FIVE THOUSAND DOLLARS ($25,000.00) greater than the preceding bid (the "Incremental Bid Amount"). When evaluating the bids, the Alabama Debtors shall consider the financial and contractual terms of each bid and factors affecting the speed and certainty of closing with respect to each bid, provided however, all bids shall be without condition or requirement of any kind other than the conditions and requirements contained in the APA. Such bidding shall continue until the Debtor concludes the Auction of the Checkers Assets. The Alabama Debtors may conduct the Auction and establish any procedures during the Auction as they deem reasonable in their sole and absolute discretion, including, but not limited to, the establishment of timing deadlines for the making of any bids. The Alabama Debtors retain sole discretion to remove any party that the Alabama Debtors deem disruptive from the Auction (except for Qualified Bidders). Bidding at the Auction will be transcribed by a certified court reporter to ensure an accurate recording of the bidding and the Alabama Debtors may also choose to have the Auction videotaped, in their sole and absolute discretion. At the conclusion of the Auction, the Alabama Debtors shall identify the highest and best bid (the "Successful Bid"), based upon the foregoing Auction process and the Alabama Debtors' determination of the highest or otherwise best bid from a qualified bidder (the "Successful Bidder"). The Alabama Debtors shall retain full discretion and right to determine which bid or combination of bids, if any, constitutes the highest or otherwise best offer based on all circumstances, and which bid or combination of bids should be selected as the Successful Bid, all of which are subject to final approval by the Bankruptcy Court pursuant to the applicable provisions of the Bankruptcy Code. To be clear, the Alabama Debtors retain the right to exercise their business judgment to determine which bid constitutes the highest or otherwise best bid. All bidding shall be conducted at the Auction and no bids shall be tendered or accepted after the Auction has concluded.

At the Auction, the second highest or otherwise best bid (or bids, in the case that the Alabama Debtors accept bids to sell the Checkers Assets in multiple transactions), as determined by Alabama Debtors in their discretion (whether one or more, the "Back-Up Bid", and the bidder making such Back-Up Bid is herein referred to as the "Back-Up Bidder"), submitted at the Auction shall remain open and irrevocable for a period of ten (10) days following the entry of the Sale Order, and the Alabama Debtors shall continue to hold in escrow the Qualified Bidder Deposit of any party serving as a Back-Up Bidder.

7

G.      Qualified Bid Deposit. Each Qualified Bid Deposit tendered by the Stalking Horse Bidder, the Successful Bidder, or a Back-Up Bidder shall be held in escrow by the Alabama Debtors until the earlier of the following (the "Qualified Bid Refund Date"): (i) three (3) business days after the Closing of the Sale; or (ii) forty five (45) days after entry of the Bid Procedures Order. All other Qualified Bid Deposits other than the Qualified Bid Deposit of any party serving as a Back-Up Bidder shall be returned within three (3) business days of the conclusion of the Auction. If the Successful Bidder (defined below) subsequently defaults or breaches, then the Qualified Bid Deposit submitted by such Successful Bidder shall be deemed forfeited and shall be retained by the Alabama Debtors for the benefit of the Alabama Debtors' estates.

H.      Notice of the Sale. The Alabama Debtors shall mail a *Notice of Sale* to all parties-in-interest by no later than _____.      The Notice of Sale shall provide instructions to counterparties to executory contracts and unexpired leases for obtaining a schedule of those executory contracts and unexpired leases that might be assumed by a buyer of the Checkers Assets (the "Assumed Contracts") and the cure amounts, if any, under the Assumed Contracts. Prior to serving the Notice of Sale, the Alabama Debtors shall file a schedule of the Assumed Contracts (the "Cure Schedule") – including the proposed cure amounts, if any, under the Assumed Contracts (the "Cure Amounts") – with the Court. The Notice of Sale provides notice to all counterparties to the Assumed Contracts of: (i) the Alabama Debtors' proposed assumption of some or all of the Assumed Contracts and assignment of such Assumed Contracts to a buyer of the Checkers Assets and (ii) the availability of the Cure Schedule upon written request to counsel for the Alabama Debtors.

Any objection on any basis that any party has to the Motion or to the assumption and assignment of any executory contracts or unexpired leases to which the Alabama Debtors is a party must be in writing and must be filed with the Court no later than 5:00 p.m. Central Standard Time on the date that is two (2) business days prior to the date of the Sale Hearing (the "Objection Deadline"), and served on the Alabama Debtors' counsel, so as to be received by no later than the Objection Deadline. An objection shall be in writing and set forth with particularity the grounds for such objection or other statements of position and otherwise comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Court. If a counterparty to any Assumed Contract fails to timely object to the Motion, in accordance with the deadlines and requirements set forth herein, the counterparty will be forever barred from disputing the Cure Amounts or otherwise asserting any other cure amounts with respect to the Assumed Contracts or from otherwise objecting to the assumption and assignment of the Assumed Contracts.

## THE SALE

10.      The Alabama Debtors request that the Court, for the benefit of the Alabama Debtors' estates, waive any and all transfer taxes, recordation fees, or similar amounts as part of

8

the sale.

11.     Completion of the Proposed Sale will be subject to the contingencies set forth in the APA.

## APPLICABLE STANDARDS

### A. Business Judgment

12.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor-in-possession is given these rights by § 1107(a) of the Bankruptcy Code. See 11 U.S.C. § 1107(a). Moreover, § 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13.     To approve a use, sale, or lease of property other than in the ordinary course of business, the court must find some business justification.

14.     The Alabama Debtors believe their consideration of the Proposed Sale and conducting the Auction as described herein will achieve the highest benefit to the estate. Accordingly, the sale of the Checkers Assets as set forth herein is in the best interest of the Alabama Debtors' chapter 11 estates and creditors. The Alabama Debtors believe that value added to the estate will be maximized if the Proposed Sale closes as soon as possible.

### B. Sale Free and Clear of Liens

15.     Section 363(f) of the Bankruptcy Code permits the Alabama Debtors to sell their respective estates' assets free and clear of all liens, claims, charges, encumbrances, or interests which may be asserted, with any such liens, claims, charges, encumbrances, or interests attaching to the proceeds of the sale, in the same order and priority in which they attached to the Checkers

9

Assets subject to the rights and defenses of the Alabama Debtors with respect thereto. Accordingly, the Alabama Debtors seek approval for the Checkers Assets to be sold, conveyed, transferred, and delivered to the Successful Bidder, free and clear of all liens, leases, encumbrances, and interests of any kind.

16.     The Alabama Debtors submit that the Proposed Sale complies with the provisions of §363(f) of the Bankruptcy Code. The Proposed Sale is in the best interest of the Alabama Debtors' estates and creditors.

### C. Good Faith Purchaser

17.     The Successful Bidder will be buying the Checkers Assets in good faith in accordance with § 363 of the Bankruptcy Code.

18.     The Alabama Debtors are unaware of any indication of fraud or collusion with other potential bidders or the existence of an unfair advantage to Purchaser.

19.     The terms of the sale were negotiated at arms' length, which each party represented by independent and experienced attorneys of its own choosing.

20.     The Alabama Debtors believe that Successful Bidder will be a good faith purchaser and will proceed in good faith in all respects in connection with this proceeding and the sale of the Checkers Assets. Thus, the sale should be subject to a finding by the Court under § 363(m) of the Bankruptcy Code that the Successful Bidder is a good faith purchaser of the Checkers Assets. Although the Bankruptcy Code does not define "good faith purchaser," the phrase encompasses one who purchases in "good faith" and for "value."

21.     The Alabama Debtors further submit that the Proposed Sale, coupled with the Bidding Procedures, will maximize the value obtained for the Checkers Assets and that the closing of the Proposed Sale should occur promptly after the Sale Hearing.

10

22.     Accordingly, the Proposed Sale to the Successful Bidder would be in "good faith" within the meaning of the Bankruptcy Code.

**D. Time is of the Essence**

23.     The Alabama Debtors need to consummate a sale as soon as possible in order to have the ability to propose a Plan of Liquidation as expeditiously as possible.

**E. Sale Notice**

24.     The Alabama Debtors intend to serve this Motion upon (i) the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division; (ii) counsel to the Alabama Debtors; (iii) counsel to the Equity Interests; (iv) the creditor matrix; (v) counsel and all known parties holding liens, leaseholds, or other interests in the Checkers Assets; (vi) all known parties that have heretofore expressed an interest in purchasing some or all of the Checkers Assets or who the Alabama Debtors otherwise believe may have an interest in a potential transaction; (vii) counterparties to the Assumed Contracts; and (viii) all parties that have filed notices of appearance. The Alabama Debtors also intend to serve the Sale Notice upon the parties described above and all other parties required to be served pursuant to the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

25.     The Alabama Debtors propose that any party with an objection to this Motion or the Proposed Sale shall submit said objections to the Alabama Debtors and the Court on or before the Objection Deadline.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, the Alabama Debtors request that this Court enter an Order:

A.     Scheduling an expedited hearing to approve the Bidding Procedures, including but not limited to the Break-Up Fee;

B.    Authorizing and approving the Bidding Procedures, including but not limited to the date for qualification of bidders, the Bid Deadline, the Objection Deadline, and the Break-Up Fee;

C.    Scheduling an Auction for the sale of the Checkers Assets as provided for herein;

D.    Authorizing and approving the notice procedures set forth herein, including, without limitation, the form and substance of the Sale Notice;

E.    Should this Court approve and confirm the sale of the Checkers Assets pursuant to the Proposed Sale or an Alternative Proposal, to authorize the Alabama Debtors, pursuant to Bankruptcy Rule 6004(f)(2), to execute any instrument necessary or appropriate, or as ordered by the Court, to consummate the Proposed Sale or Alternative Proposal resulting in a transfer the Checkers Assets to the buyer; and

F.    To order that any liens, claims, charges, encumbrances, or interests of any parties in and to the Checkers Assets attach to the proceeds received by the Alabama Debtors from the sale of the Checkers Assets to the same extent and in the same priority they respectively have against the Checkers Assets; and

G.    Should this Court approve and confirm the sale of the Checkers Assets pursuant to the APA or such other bid, to allow the Alabama Debtors to retain the proceeds from such sale pending a determination by the Court as to the party or parties entitled to a distribution of such proceeds and the amount of such proceeds to which each such party is entitled; and

H.    To order the fourteen-day stay provided by Federal Rule of Bankruptcy Procedure, Rules 6004(g) and 6006(d) be expressly waived in any order approving this Motion, the Proposed Sale or an Alternative Proposal, time being of the essence; and

I.    Approving the Alabama Debtors' assumption and assignment of the Assumed

Contracts pursuant to § 365 of the Bankruptcy Code; and

      J.      Granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ *R. Scott Williams*
R. Scott Williams
Robert H. Adams
Frederick D. Clarke

Proposed Attorneys for Debtors
ALABAMA PARTNERS, LLC
BAMACHEX, INC.
MARYLAND LC VENTURES, LLC
MARYLAND PIZZA, INC.
PG COUNTY PARTNERS LLC
PG COUNTY PIZZA, INC.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
radams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of September, 2017, the foregoing was served via CM/ECF and by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

/s/ *R. Scott Williams*
Of Counsel

13

10468518.1

Label Matrix for local noticing
1126-2
Case 17-03469-TOM11
NORTHERN DISTRICT OF ALABAMA
Birmingham
Tue Sep  5 13:29:45 CDT 2017

Advanced Restaurant Sales
111 Village Parkway Bldg #2
Marietta, GA 30067-4013

Alabama Partners, LLC
PO Box 551267
Jacksonville, FL 32255-1267

Checkers Drive-In Restaurants, Inc.
c/o Burr & Forman LLP
Derek Meek
420 N 20th St, Ste 3400
Birmingham, AL 35203-5210

Customized Distribution, LLC
% Daniel Sparks
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203-4633

U. S. Bankruptcy Court
Robert S. Vance Federal Building
1800 5th Avenue North
Birmingham, AL 35203-2111

ABC Burglar Alarm Systems, Inc.
1532 A&B Pointer Ridge Place
Bowie, MD 20716-1883

ABC Burglar Alarm Systems, Inc.
1532 A&B Pointer Ridge Place
Bowie, Maryland 20716-1883

ANX Business Corp
Dept. 77399
PO Box 77000
Detroit, MI 48277-0399

ANX Business Corp
Dept. 77399
PO Box 77000
Detroit, Michigan 48277-0399

Affordable Refuse & Recycling, Inc.
PO Box 400
Cheltenham, MD 20623-0400

Affordable Refuse & Recycling, Inc.
PO Box 400
Cheltenham, Maryland 20623-0400

Al Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Alabama Child Support Payment Ctr
PO Box244015
Montgomery, AL 36124-4015

Alabama Department of Labor
631 Beacon Pkwy West, Ste. 203
Birmingham, AL 35209-3131

Alabama Department of Revenue
PO Box 327464
Montgomery, 36132-7464

Alabama Deptartment of Labor
649 Monroe Street
Montgomery, Alabama 36131-0099

Alabama Gas Corporation
605 Richard Arrington Blvd N
Birmingham, AL 35203-2707

Alabama Power
PO Box 242
Birmingham, AL 35292-0001

Allied Waste/Republic Services
3950 59th Street SW
Birmingham, AL 35221

Anniston Water Works
931 Noble Street
Anniston, AL 36201-5666

BRESCO
Birmingham Restaurant Supply
2428 Sixth Avenue S
Birmingham, AL 35233-3316

Bae's Woodberry, LLC
Attn:  Ellen Kim
12104 Old Pine Way
Oak Hill, Virginia 20171-1630

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614-8250

Bank of the Ozarks
17901 Chenal Parkway
3rd Floor
Little Rock, AR 72223-5831

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-0022

Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203-2111

Bessemer Utilities
PO Box 1246
Bessemer, AL 35021-1299

Betty Leeth Haynes
PO Box 279
Cullman, AL 35056-0279

Birmingham District Tax Office
P O Box 13156
Birmingham  AL  35202-3156

Birmingham Water Works Board
PO Box 830269
Birmingham, AL 35283-0269

Blue Cross and Blue Shield of Alabama
450 Riverchase Pkwy E
Birmingham, AL 35244-2858

Blue Line
2211 Woodward Ave.
Detroit, MI 48201-3467


Blue Line
2211 Woodward Ave.
Detroit, Michigan 48201-3467

Brinks
PO Box 101031
Atlanta, GA 30392-1031

Brinks
PO Box 101031
Atlanta, Georgia 30392-1031


Burns Septic
5291 Enterprise Street
Sykesville, MD 21784-9352

CAN Capital/Channel Partners Capital
11100 Wayzata Blvd., Ste. 305
Minnetonika, MN 55305-5537

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071-4912


CHTD Company
P.O. Box 2576
Springfield, IL 62708-2576

CHeckers Corporate
4300 West Cypress St. Suite 600
Tampa, FL 33607-4157

Calhoun County Sales Tax
Calhoun County Revenue Commissioner
1702 Noble St., Ste. 104
Anniston, AL 36201-3827


Checkers Corp.
4300 West Cypress St. Suite 600
Tampa, FL 33607-4157

City of Anniston
P.O. Box 2168
Anniston, AL 36202-2168

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020-4906


City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203-2281

City of Cullman
PO 278
Cullman, AL 35056-0278

City of Gadsden
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725


City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725

City of Midfield
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725

Coca Cola USA
PO Box 102499
Atlanta, GA 30368-2499


Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411-0001

Comptroller of Maryland
110 Carroll Street
Annapolis, Maryland 21411-0001

Corporation Service Company as Represent
PO Box 2576
Springfield, IL 62708-2576


Cullman County & City
PO Box 278
Cullman, AL 35056-0278

Cullman Power Board
106 Second Avenue NE
Cullman, AL 35055-2904

Cyprus Air
7525 Richmond Hwy
Alexandria, VA 22306-2330


DC Government
1101 4th Street SW
Suite W210
Washington, DC 20024-4457

DC Government
1101 4th Street SW
Suite W210
Washington, District of Columbia 20024-4457

DDRM Largo Town Center, LLC
DDR Corp.
3300 Enterprise Parkway
Beachwood, Ohio 44122-7200

Department of Revenue
Jefferson County Courthouse
Birmingham AL 35263

Direct Capital
155 Commerce Way
Portsmouth, NH 03801-3243

ERDA LLC
c/o Mr. Daniel Feld, Manager
12600 Cumpston Street
Valley Village, CA 91607-1912

ERDA LLC
c/o Mr. Daniel Feld, Manager
12600 Cumpston Street
Valley Village, California 91607-1912

Elizabeth Jelks
8512 English Oak Loop
Montgomery, AL 36117-6822

Elizabeth Jelks
8512 English Oak Loop
Montgomery, Alabama 36117-6822

Etowah County
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725

Firemaster
Dept 1019
PO Box 121019
Dallas, TX 75312-1019

First Insurance Funding
450 Skokie Blvd., Ste. 1000
Northbrook, IL 60062-7917

Flowers Baking Company of Birmingham
900 16th Street N
Birmingham, AL 35203-1017

Fred Garfield
Spain Gillon
2117 Second Avenue N
Birmingham, AL 35203-3753

General Counsel
State Department of
Industrial Relations
Montgomery AL 36102

Good Hope Investments, LLC
9109 Lucky Estates Dr.
Vienna, Virginia 22182-1746

HJK LLC
PO Box 175
Lincoln, AL 35096-0175

HJK LLC
PO Box 175
Lincoln, Alabama 35096-0175

HRS
PO Box 1624
Huntsville, AL 35807-0624

IRH Capital
707 Skokie Blvd., Ste. 540
Northbrook, IL 60062-2895

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, Pennsylvania 19101-7346

Iqbal Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

J T Smallwood - Tax Collector
Room 160
716 Richard Arrington Blvd. N.
Birmingham, AL 35203-0112

Jefferson County EDU Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203-0100

Jefferson County Sales Tax
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203-0100

Johnson Service Company
2812 Ruffner Rd
Birmingham, AL 35210-3916

Kelly Pruitt
1463 Secretariat Dr.
Helena, AL 35080-4138

Libert Mutual/Cobbs Allen Hall
115 Office Park Dr., Ste. 200
Mountain Brook, AL 35223-2423

Libert Mutual/Cobbs Allen Hall
115 Office Park Dr., Ste. 200
Mountain Brook, Alabama 35223-2423

Little Caesars Caesar Fund Inc.
2211 Woodward Ave.
Detroit, MI 48201-3467

Little Caesars Caesar Fund Inc.
2211 Woodward Ave.
Detroit, Michigan 48201-3467

Little Caesars Corporate
2211 Woodward Ave.
Detroit, MI 48201-3467

Little Caesars Corporate
2211 Woodward Ave.
Detroit, Michigan 48201-3467

Loanme
1900 S State College Blvd., Ste. 300
Amaheim, CA 92806-6152

Loanme
1900 S State College Blvd., Ste. 300
Amaheim, California 92806-6152

Lucinda Leeth
3805 Cromwell Drive
Birmingham, AL 35243-5512

MACRO LEASE
185 Express Street, Ste. 100
Plainview, NY 11803-2406

Macrolease Corporation
185 Express St.
Suite 100
Plainview, NY 11803-2406

Mark Williams
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Mark Williams
PO Box 551267
Jacksonville, FL 32255-1267

Marlin Business Bank
2795 E Cottonwood Pkwy, Ste. 120
Salt Lake City, UT 84121-7092

Marlow Heights Shopping Center, LP
c/o Gelman Management Co.
2120 L Street NW
Suite 800
Washington, District of Columbia 20037-1549

Martha Sams
1541 Prairie Lane
Montgomery, AL 36117-3414

Martha Sams
1541 Prairie Lane
Montgomery, Alabama 36117-3414

Maryland Child Support Account
PO Box 17396
Baltimore, MD 21297-1396

Maryland Child Support Account
PO Box 17396
Baltimore, Maryland 21297-1396

Maverick VI, LLC
12612 Waterspout Court
Owings Mills, Maryland 21117-1006

Melissa Hayward
10501 N. Central Expressway, Suite 106
Dallas , TX 75231-2203

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, FL 33014-2482

Merchant Cash Cloud
5757 NW 151st Street
Miami Lakes, Florida 33014-2482

Muzak
Focus Four LLC
PO Box 638793
Cincinnati, OH 45263-8793

NASA Federal Credit Union
500 Prince Georges Blvd.
Upper Marlboro, MD 20774-8732

NASA Federal Credit Union
PO Box 1588
Bowie, MD 20717-1588

NCMIC Finance Company
14001 University Avenue
Clive, Iowa 50325-8273

Navin Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Navitas
111 Executive Ctr Dr.
Suite 102
Columbia, SC 29210-8414

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256-2128

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, Florida 32256-2128

PEPCO
PO Box 13608
Philadelphia, PA 19101-3608

PEPCO
PO Box 13608
Philadelphia, Pennsylvania 19101-3608

PEPSICO
1100 Reynolds Blvd.
Winston-Salem, NC 27105-3400

Pervez Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

RDS
PO Box 830725
Birmingham, AL 35283-0725

RLC Funding, a division of Navitas Lease
111 Executive Center Dr.
Suite 102
Columbia, SC 29210-8414

Receivables Advance
P.O. Box 15270
Irvine, CA 92623-5270

Regency Centers Corporation
One Independent Drive
Suite 114
Jacksonville, FL 32202-5005

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203-2670

Richard Blount Construction, LLC
163 Haygood Ave. SE
Atlanta, GA 30315-1928

Richard Ruggiero
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Richard Ruggiero
PO Box 551267
Jacksonville, FL 32255-1267

Rivertowne Center ACQ
8 Industrial Way
East Eatonton, New Jersey 07724-3317

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111-1143

Sartino, Inc.
5285 Briarwood Circle
Pinson, AL 35126-2986

Secretary of the Treasury
1500 Pennsylvania Ave., NW
Washington, DC 20220-0001

SecureConnect/Trustwave
75 Remittance Drive
Dept. 1999
Chicago, IL 60675-1999

Sharp Realty
Attn: Accounts Receivable
400 Union Hill Dr.
Birmingham, AL 35209-2064

Silver Hill II
Combined Properties
1255 22nd Street, NW
Washington, District of Columbia 20037-1225

Stanley
8350 Sunlight Drive
Fishers, IN 46037-6700

State Department of Revenue
P O Box 1927
Pelham AL 35124-5927

State of Alabama
Department of Revenue
Legal Division
PO Box 320001
Montgomery, Alabama 36132-0001

State of Alabama Dept of Revenue
P O Box 320001
Montgomery AL 36132-0001

Steritech
PO Box 471127
Charlotte, NC 28247-1127

Steritech
PO Box 472127
Charlotte, NC 28247-2127

Steritech
PO Box 472127
Charlotte, North Carolina 28247-2127

The Coca-Cola Company
One Coca-Cola Plaza
Atlanta, GA 30313-2499

The Hartford
8711 University East Drive
Charlotte, NC 28213-4233

The Hartford
8711 University East Drive
Charlotte, North Carolina 28213-4233

Tyco Integrated Security, LLC
10405 Crosspoint Blvd.
Indianapolis IN 46256-3323

Tyco Security
c/o ADT Security Services, Inc.
PO Box 371967
Pittsburgh, PA 15250-7967

U.S. Bank Equipment Finance
A division of U.S. Bank N.A.
1310 Madrid Street
Marshall, MN 56258-4099

U.S. Securities and Exchange Commission
Branch of Reorganization
950 East Paces Ferry Road Ste 900
Atlanta, GA 30326-1382

USB Equipment Finance
220 26th Street
Minniapolis, MN

USRP I, LLC
Attn:  Legal Dept.
One Independent Dr.
Suite 114
Jacksonville, Florida 32202-5005

UniFi Equipment Finance
3893 Research Park Drive
Ann Arbor, MI 48108-2217

United States Attorney
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203-2101

United States Bankruptcy Administrator
Northern District of Alabama
1800 Fifth Avenue North
Birmingham, AL 35203-2111

Verizon Business
PO Box 660720
Dallas, TX 75266-0720

Verizon Business
PO Box 660720
Dallas, Texas 75266-0720

WSSC
1405 Swetizer Lane
Laurel, MD 20707

(p)WAND CORPORATION
7575 CORPORATE WAY
EDEN PRAIRIE MN 55344-2022

Washington Gas
6801 Industrial Road
Sprinfield, VA 22151-4205

Washington Gas
6801 Industrial Road
Sprinfield, Virginia 22151-4205

Wazir Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

YES Energy Management
PO Box 660901
Dallas, TX 75266-0901

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, NY 10004-2304

Yellowstone
30 Broad Street
14th FL, Ste. 1462
New York, New York 10004-2304

Frederick Darrell Clarke III
Rumberger, Kirk & Caldwell
2001 Park Place North
Suite 1300
Birmingham, AL 35203-2735

J. Thomas Corbett
Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203-2111

Jon A Dudeck
Bankruptcy Administrator-Bham Office
1800 5th Ave N Rm 132
Birmingham, AL 35203-2126

R. Scott Williams
Rumberger, Kirk & Caldwell, P.C.
2001 Park Place North
Suite 1300
Birmingham, AL 35203-2700

Robert H Adams
Rumberger, Kirk & Caldwell, P.C.
2001 Park Place North
Suite 1300
Birmingham, AL 35203-2735

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
801 Tom Martin Dr
Birmingham AL 35211

(d)Internal Revenue Service
801 Tom Martins Dr.
Mail Stop 126
Birmingham, Alabama 35211

(d)Internal Revenue Service
P O Box 21126
Philadelphia PA 19114

Wand Corporation
7593 Corporate Way
Eden Prairie, MN 55344

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Little Caesar Enterprises, Inc. (u)R&F Birmingham, LLC (u)Child Support DC

(u)Haynes Family (u)Kelly Hall (u)Liz Whidden

(u)Mark Williams (u)NUCO2 (u)Pervez Kaisani

(u)Richard Ruggiero (u)WHP, LLC (u)Wazir Kaisani

(u)Iqbar Kaisani (du)Pervez Kaisani (du)Wazir Kaisani

End of Label Matrix
Mailable recipients 169
Bypassed recipients  15
Total  184