appropriate to investigate, defend, or settle any event or take other remedial or corrective actions with respect thereto as may be, in Little Caesar's sole judgment, necessary for the protection of the indemnitees or the System.

## 19. APPROVALS AND WAIVERS

**19.1. No Guarantees or Waiver.** Little Caesar makes no warranties or guarantees upon which Franchisee may rely, and assumes no liability or obligation to Franchisee by providing any waiver, approval, consent, or suggestion to Franchisee in connection with this Agreement, or by reason of any neglect, delay, or denial of any request therefor. No delay, waiver, omission, or forbearance on the part of Little Caesar to exercise any right, option, duty, or power arising out of any breach or default by Franchisee, or by any other franchisee, of any of the terms, provisions, or covenants thereof, shall constitute a waiver by Little Caesar to enforce any such right, option, or power as against Franchisee, or as to subsequent breach or default by Franchisee. Subsequent acceptance by Little Caesar of any payments due to it hereunder shall not be deemed to be a waiver by Little Caesar of any preceding or succeeding breach by Franchisee of any terms, covenants, or conditions of this Agreement.

**19.2. Requests for Waivers, Approvals or Consents.** Whenever Franchisee desires Little Caesar's waiver of any obligation in this Agreement and whenever this Agreement requires Franchisee to obtain Little Caesar's written approval or consent, Franchisee must address its written request for the waiver, approval or consent to National Vice President, Franchise Operations (unless Little Caesar specifies another individual or department in writing). The request must specify the provision of this Agreement for which a waiver or consent is sought and the basis of the request.

**19.3. Little Caesar's Reasonable Business Judgment.** Whenever Little Caesar reserves or is deemed to have reserved discretion in a particular area or where Little Caesar agrees or is deemed to be required to exercise its rights reasonably or in good faith, Little Caesar will satisfy its obligations whenever it exercises Reasonable Business Judgment in making its decision or exercising its rights. A decision or action by Little Caesar will be deemed to be the result of Reasonable Business Judgment, even if other reasonable or even arguably preferable alternatives are available, if Little Caesar's decision or action is intended, in whole or significant part, to promote or benefit the Little Caesar System generally even if the decision or action also promotes a financial or other individual interest of Little Caesar. Examples of items that will promote or benefit the Little Caesar System include, without limitation, enhancing the value of the Proprietary Marks, improving customer service and satisfaction, improving product quality, improving uniformity, enhancing or encouraging modernization, and improving the competitive position of the Little Caesar System.

**19.4. Remedy for Non-Approval.** In no event shall Franchisee be entitled to make, nor shall Franchisee make, any claim, and Franchisee hereby waives any claim for money damages, nor shall Franchisee claim any money damages by way of set-off, counterclaim, or defense, based upon any claim or assertion by Franchisee that Little Caesar has unreasonably withheld or unreasonably delayed any consent or approval as required by this Agreement. Franchisee's sole remedy for any such claim shall be an action or proceeding to enforce any such provisions, or for specific performance, or declaratory judgment.

**19.5. Atypical Modifications to System.** Franchisee acknowledges that because complete and detailed uniformity under many varying conditions may not be possible or practical, Little Caesar specifically reserves the right and privilege as it may deem in the best interests of all concerned in any specific instance, to vary certain standards for the Restaurant, based upon the peculiarities of the Restaurant's customer base, location, density of population, business potential, population of trade area, existing business practices or any other condition which Little Caesar deems to be of importance to the

successful operation of the specific Restaurant. Franchisee shall not be entitled to require Little Caesar to disclose or grant to Franchisee a like or similar variation.

## 20. NOTICES

Any and all notices required or permitted under this Agreement shall be in writing and shall be personally delivered, sent by telecopier, mailed by certified mail (return receipt requested), or dispatched by a private courier that provides for electronic tracking (for example, Federal Express or UPS), to the respective parties at the following addresses unless and until a different address has been designated by written notice to the other party:

>   Notices to Little Caesar:    Little Caesar Enterprises, Inc.
>                                2211 Woodward Avenue
>                                Detroit, Michigan 48201-3400
>                                Attention: Legal Department
>
>   Notices to Franchisee:       **PG COUNTY PIZZA, INC**
>                                **PG COUNTY PARTNERS, LLC**
>                                **1809 Harewood Lane**
>                                **Crofton, MD 21114**
>                                **Attention:  Wazir Ali Kaisani**
>                                **Pervez Kaisani**
>                                **Iqbal Kaisani**
>                                **Mark Williams**
>                                **Richard Ruggiero**

Franchisee shall designate above the name of an owner of Franchisee to receive notice on behalf of Franchisee in the manner set forth in this Section 20.

Notices shall be deemed to have been received as follows: by personal delivery or telecopier -- at the time of delivery; by overnight delivery service -- on the next business day following the date on which the Notice was given to the overnight delivery service; and certified mail -- the earlier of the actual date of delivery or three (3) days after the date of mailing. Notices may not be sent by electronic mail. Notices to Little Caesar will not be effective unless sent to the attention of the Legal Department.

## 21. ENTIRE AGREEMENT; MODIFICATIONS

**21.1. Entire Agreement**. This Agreement, any exhibits and attachments hereto, and any ancillary agreement between Franchisee and Little Caesar or any affiliate of Little Caesar, executed contemporaneously with this Agreement, fully express the understanding between the parties and constitute the entire and complete agreement between Little Caesar and/or its affiliates and Franchisee concerning the subject matter thereof, and supersede any and all prior agreements. Franchisee acknowledges that it is entering into this Agreement, and any ancillary agreement executed contemporaneously herewith, as a result of its own independent investigation of the business franchised hereby and not as a result of any representations made by Little Caesar, persons associated with Little Caesar, or other Little Caesar franchisees, which are contrary to the terms herein set forth or which are contrary to the terms of any franchise disclosure document, or other similar document required or permitted to be given to Franchisee pursuant to applicable law. Except for those permitted hereunder to be made unilaterally by Little Caesar and except as provided in Section 21.2, no amendment, change, or variance from this Agreement shall be binding on either party unless mutually agreed to by the parties and executed by their authorized officers or agents in writing. The parties specifically incorporate by

reference the Franchisee Ownership Information Form completed by Franchisee prior to executing this Agreement, which Franchisee represents is accurate and complete.

**21.2. Modification of Agreement Approved by Majority of Franchised Restaurants.** Little Caesar has the right to unilaterally modify this Agreement if the modification is approved by a vote or the written consent of a majority of the franchised Restaurants in operation at that time. If a proposed modification is approved by a majority of the franchised Restaurants, Franchisee will be given written notice of the modification and the effective date of the modification. The effective date of the modification will be at least fourteen days after the written notice. Little Caesar's right to modify this Agreement under the provisions of this Section will be in addition to and will not limit or act as a condition on Little Caesar's right to unilaterally modify this Agreement and/or the System as otherwise permitted in this Agreement.

## 22. SEVERABILITY AND CONSTRUCTION

**22.1. Severability and Construction.** Except as expressly provided to the contrary herein, each portion, section, part, term, and/or provision hereof shall be considered severable; and if, for any reason, any portion, section, part, term, and/or provision herein is determined to be invalid and contrary to, or in conflict with, any existing or future law or regulation by a court or agency having valid jurisdiction, such shall not impair the operation of, or have any other effect upon, such other portions, sections, parts, terms, and/or provisions hereof as may remain otherwise intelligible; and the latter shall continue to be given full force and effect and bind the parties hereto; and said invalid portions, sections, parts, terms, and/or provisions shall be deemed not to be a part hereof.

**22.2. Survival of Modified Covenants.** Franchisee expressly agrees to be bound by any promise or covenant imposing the maximum duty permitted by law which is subsumed within the terms of any provision hereof, as though it were separately articulated in and made a part hereof, that may result from striking from any of the provisions hereof any portion or portions which a court may hold to be unreasonable and unenforceable in a final decision to which Little Caesar is a party, or from reducing the scope of any promise or covenant to the extent required to comply with such a court order.

**22.3. Survival of Obligations After Expiration of Agreement.** Any provision or covenant of this Agreement by its terms or by reasonable implication are to be performed in whole or in part, after the expiration or termination of this Agreement shall survive such expiration or termination.

**22.4. Captions.** The Article and Section headings and captions in this Agreement are for convenience only, and shall not affect the construction or interpretation of the terms of this Agreement.

**22.5. Affiliate and Principal Defined.** For purposes of this Agreement, the term "**affiliate**" shall mean any person or legal entity that directly or indirectly controls, is controlled by, or is under common control with the specified person or legal entity; the term "**principal**" shall mean a shareholder of a corporation, a general or limited partner of a partnership, and a member of a limited liability company.

**22.6. Time of the Essence.** The parties agree and acknowledge that time is of the essence with regard to Franchisee's obligations under this Agreement.

## 23. DISPUTE RESOLUTION; LIMITATION ON LEGAL RIGHTS

**23.1. Choice of Law.** This Agreement takes effect upon its acceptance and execution by Little Caesar in Michigan, and shall be interpreted and construed under the laws of Michigan. In the

event of any conflict of law, the laws of Michigan shall prevail, without regard to the application of Michigan conflict-of-law rules. If, however, any provision of this Agreement would not be enforceable under the laws of Michigan, and if the Restaurant is located outside of Michigan and such provision would be enforceable under the laws of the state in which the Restaurant is located, then such provision shall be interpreted and construed under the laws of that state. Nothing in this Section 23.1 is intended by the parties to subject this Agreement to any franchise or similar law, rule, or regulation of the State of Michigan to which it would not otherwise be subject.

**23.2. Venue**. Any action brought by Franchisee or any affiliate or principal against Little Caesar shall be brought exclusively, and any action brought by Little Caesar against Franchisee or any affiliate or principal may be brought, in the federal district court covering the location at which Little Caesar has its principal place of business at the time the action is commenced; provided, however, that if the federal court would not have subject matter jurisdiction had the action been commenced in such court, then, in such event, the action shall (with respect to actions commenced by Franchisee or any affiliate or principal), and may (with respect to actions commenced by Little Caesar), be brought in the state court within the judicial district in which Little Caesar has its principal place of business at the time the action is commenced. The parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision. Franchisee, its affiliates and principals shall not dispute jurisdiction or venue in any forum established under this Section and shall not attempt to change venue established under this Section based on forum *non conveniens* or any other reason.

**23.3. Non-exclusivity of Remedy**. No right or remedy conferred upon or reserved to Little Caesar hereby is intended to be, nor shall be deemed, exclusive of any other right or remedy herein or by law or equity provided or permitted, but each shall be cumulative of every other right or remedy.

**23.4. Right to Injunctive Relief**. Nothing herein contained shall bar Little Caesar's right to obtain injunctive relief against threatened conduct that will cause it loss or damages, under the usual equity rules, including the applicable rules for obtaining restraining orders and preliminary injunctions.

**23.5. WAIVER OF TRIAL BY JURY**. LITTLE CAESAR AND FRANCHISEE, AND THEIR AFFILIATES AND PRINCIPALS, IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY ANY OF THEM AGAINST THE OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH ACTION OR PROCEEDING.

**23.6. LIMITATION OF CLAIMS**. ALL CLAIMS ARISING UNDER THIS AGREEMENT OR FROM THE RELATIONSHIP BETWEEN THE PARTIES ARE BARRED UNLESS AN ACTION IS FILED WITHIN ONE (1) YEAR FROM THE DATE THE PARTY KNEW OR SHOULD HAVE KNOWN OF THE FACTS CREATING THE CLAIM (AND TIMELY SERVED ON THE OPPOSING PARTY), OR SUCH SHORTER PERIOD REQUIRED BY ANY APPLICABLE LAW OR STATUTE, EXCEPT FOR CLAIMS RELATING TO THE FINANCIAL OBLIGATIONS OF FRANCHISEE OR FRANCHISEE'S POST-TERM OBLIGATIONS UNDER THIS AGREEMENT.

**23.7. WAIVER OF PUNITIVE DAMAGES**. EXCEPT AS OTHERWISE PROVIDED IN THIS AGREEMENT, LITTLE CAESAR AND FRANCHISEE, AND THEIR AFFILIATES AND PRINCIPALS, WAIVE IN ANY JUDICIAL ACTION, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO OR CLAIM OF ANY SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST THE OTHER AND AGREE THAT IN THE EVENT OF A DISPUTE BETWEEN THEM, EACH WILL BE LIMITED TO THE RECOVERY OF ANY ACTUAL DAMAGES SUSTAINED BY THAT PARTY.

**23.8. NO CLASS ACTIONS.** NEITHER FRANCHISEE NOR LITTLE CAESAR SHALL SEEK TO LITIGATE AGAINST THE OTHER PARTY TO THIS AGREEMENT OR SUCH PARTY'S AFFILIATES, EITHER AS A REPRESENTATIVE OF, OR ON BEHALF OF, ANY OTHER PERSON, CLASS, OR ENTITY IN ANY DISPUTE, CONTROVERSY, OR CLAIM OF ANY KIND ARISING OUT OF, OR RELATING TO, THIS AGREEMENT, THE RIGHTS AND OBLIGATIONS OF THE PARTIES, THE SALE OF THE FRANCHISE, OR OTHER CLAIMS OR CAUSES OF ACTION RELATING TO THE PERFORMANCE OF EITHER PARTY TO THIS AGREEMENT. NO ACTION OR PROCEEDING UNDER THIS AGREEMENT SHALL ADD AS A PARTY, BY CONSOLIDATION, JOINDER, OR IN ANY OTHER MANNER, ANY PERSON OR PARTY OTHER THAN FRANCHISEE AND LITTLE CAESAR AND ANY PERSON IN PRIVITY WITH, OR CLAIMING THROUGH, IN THE RIGHT OF, OR ON BEHALF OF, FRANCHISEE OR LITTLE CAESAR, UNLESS BOTH FRANCHISEE AND LITTLE CAESAR CONSENT IN WRITING. LITTLE CAESAR HAS THE ABSOLUTE RIGHT TO REFUSE SUCH CONSENT. FRANCHISEE AGREES AND ACKNOWLEDGES THAT ANY JUDICIAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING FROM OR RELATING TO THIS AGREEMENT, THE RELATIONSHIP BETWEEN THE PARTIES, OR ANY AGREEMENT OR RELATIONSHIP BETWEEN FRANCHISEE AND ANY AFFILIATE OF LITTLE CAESAR, INCLUDING, BUT NOT LIMITED TO, BLUE LINE, WILL BE CONSIDERED UNIQUE ON ITS FACTS AND MAY NOT BE BROUGHT AS A CLASS OR GROUP ACTION.

**23.9. Costs and Legal Fees**. In connection with any failure by Franchisee to comply with this Agreement, regardless of whether there is any legal proceeding to enforce the terms of this Agreement, Franchisee shall reimburse Little Caesar, upon demand, for the costs and expenses incurred by Little Caesar as a result of such failure and for our enforcement of the terms of this Agreement, including, without limitation, accountants', attorneys', attorneys' assistants and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel expenses. If Franchisee initiates a legal proceeding against Little Caesar, and if Franchisee does not prevail in obtaining the relief Franchisee was seeking in such legal proceedings, then Franchisee shall reimburse Little Caesar for the costs and expenses incurred by Little Caesar as a result of such legal proceedings, including, without limitation, accountants', attorneys', attorneys' assistants and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel expenses, whether incurred prior to, in preparation for, in contemplation of, or in connection with such legal proceedings. This Section 23.9 shall survive termination of this Agreement.

## 24. ACKNOWLEDGMENTS AND REPRESENTATIONS

**24.1. Recognition of Business Risks**. Franchisee and its principals acknowledge that the business venture contemplated hereby involves business risks, which could result in the loss of a significant portion or all of Franchisee's investment, and that Franchisee's success will be largely dependent upon the ability of Franchisee as an independent business person (or the ability of the principals, if Franchisee is a corporation or other entity). Little Caesar expressly disclaims the making of, and Franchisee and its principals acknowledge that they have not received, any warranty, guarantee, or representation, express or implied, from any employee or agent of Little Caesar, as to the prior, current, or potential sales, income, profits, cash flows, or success of the business venture contemplated by this Agreement or of other restaurants, or of the suitability of the Approved Location of the Restaurant.

**24.2. Receipt of Franchise Offering Materials**. Franchisee acknowledges that it received a Little Caesar Franchise Disclosure Document, as required under federal and applicable state franchise disclosure law, at least fourteen (14) calendar days before signing this Agreement or any other binding agreement, or paying any fees to Little Caesar or its affiliates. In addition, if Little Caesar materially altered the provisions of this Agreement, including any attachments relating thereto, or any related

agreements attached to the Little Caesar Franchise Disclosure Document (except as a result of negotiations Franchisee initiated), Franchisee acknowledges that it received a copy of this Agreement or the related agreement at least seven (7) calendar days before signing it.

**24.3. Review of Franchise Offering Materials.** Franchisee acknowledges that it has read and understands the Franchise Disclosure Document, this Agreement, and the attachments hereto, and that Little Caesar has accorded Franchisee ample time and opportunity to consult with advisors of Franchisee's own choosing about the potential benefits and risks of entering into this Agreement.

**24.4. Uniformity of Agreements.** Franchisee acknowledges that it is aware that other franchisees of Little Caesar operate under a number of different forms of franchise agreements that were entered into at different times and for different locations and that, consequently, the obligations and rights of the parties to such other agreements may differ materially in certain instances from Franchisee's rights and obligations under this Agreement.

**24.5. No False Statements.** Franchisee acknowledges and represents that all information submitted to Little Caesar by Franchisee and its owners, including but not limited to all applications, financial information, the Franchisee Ownership Information Form, and all other documents and information, is true, correct, and complete in all respects and does not omit any material statement or item of fact necessary to make the statements made therein not false or misleading. Franchisee agrees to promptly advise Little Caesar of any material change in the information or statements submitted to Little Caesar. Franchisee acknowledges and understands that Little Caesar has entered into this Agreement in reliance on the statements and information submitted to Little Caesar by Franchisee and its owners, and that any material breach, inaccuracy, or omission is grounds for Little Caesar to terminate this Agreement.

**24.6. No Conflicting Agreements.** Franchisee acknowledges and represents that neither Franchisee nor any owner of Franchisee is a party to or is otherwise subject to any other agreement, promise, representation, warranty, covenant, court order, settlement agreement, or other legal or equitable obligation that conflicts with this Agreement or prohibits or limits Franchisee or its owners from entering into this Agreement or from fulfilling all of Franchisee's obligations under this Agreement.

**24.7. No Other Beneficiaries.** Little Caesar is not obligated or liable, as a result of this Agreement, to any person or entity that is not a party to this Agreement. Franchisee understands that Franchisee is not a third party beneficiary of any other franchise agreement between Little Caesar and other franchisees, and that Franchisee has no independent right to enforce the terms of, or require performance under, any other franchise agreement.

**24.8. Terrorist and Money Laundering Activities.** Franchisee and its principals, owners, officers, directors, members, partners and agents represent and warrant to Little Caesar that: (a) they are not identified by name or alias, pseudonym or nickname, on the lists of "Specially Designated Nationals" or "Blocked Persons" maintained by the U.S. Treasury Department's Office of Foreign Assets Control (text is currently available at www.treas.gov/offices/enforcement/ofac); (b) they are not directly or indirectly owned or controlled by the government of any country that is subject to a United States embargo; (c) they will not act directly or indirectly on behalf of the government of any country that is subject to a United States embargo; and (d) they are in full compliance with all laws proscribing money laundering and corrupt practices. Further, Franchisee and its principals, owners, officers, directors, members, partners and agents represent and warrant to Little Caesar that they have not violated and agree not to violate any law prohibiting corrupt business practices, money laundering or the aid or support of persons who conspire to commit acts of terror against any person or government, including acts prohibited by the USA Patriot Act (text currently available at http://www.epic.org/privacy/terrorism/hr3162.html), U.S. Executive Order 13244 (text currently at http://www.treas.gov/offices/enforcement/

ofac/sanctions/terrorism.html), or any similar law. The foregoing constitute continuing representations and warranties, and Franchisee and its principals, owners, officers, directors, members, partners and agents must immediately notify Little Caesar in writing of the occurrence of any event or the development of any circumstance that might render any of the foregoing representations and warranties false, inaccurate or misleading.

## 25. CALIFORNIA MATERIAL MODIFICATION; AMENDMENT OF PRIOR AGREEMENTS

**25.1. California Stores Only.** In the case of a material modification of an existing franchise located in California, California Corporations Code §31101 requires a franchisor to disclose information concerning proposed material modifications of an existing franchise agreement. If Franchisee (or its affiliates) previously entered into one or more franchise agreements with Little Caesar and/or LC Trademarks, Inc., this Section 25 may include a material modification of those existing franchise agreements. If that is the case, then, under California law, Franchisee (or its affiliate) has ten business days after receipt of Little Caesar's Franchise Disclosure Document, which includes a copy of this Agreement, to notify Little Caesar in writing that Franchisee (or its affiliate) does not agree to the modification of the existing franchise agreement or that Franchisee (or its affiliate) rescinds this modification of the existing franchise agreement. If Franchisee (or its affiliate) notifies Little Caesar that Franchisee (or its affiliate) does not agree to (or rescinds) these modifications within the ten business day period, this Franchise Agreement will be null and void and Franchisee will not have the right to develop a franchise under this Franchise Agreement.

**25.2. Amendment of Prior Agreements.** In order to obtain uniformity and quality of operation, performance, dispute resolution and other matters, Little Caesar and its affiliates amend their standard Franchise Agreements from time to time. As a result, this Agreement may be different from other Little Caesar franchise agreements that Franchisee or its affiliates may have signed with Little Caesar or its affiliates in the past and may contain revised provisions regarding modifications to the System, manner of payment of fees and late fees, duties of franchisee, protection of trademarks, status and protection of Manuals and Confidential Information, advertising, insurance, accounting and records, transfers, default and termination, obligations on termination, franchisee covenants, taxes, indemnification, obligations to defend, approvals and waivers, notices, construction of agreement and applicable law. To cooperate with Little Caesar and its affiliates in the achievement of these goals and as a condition of the grant of an additional franchise, Franchisee agrees that all of Franchisee's existing franchise agreements with Little Caesar or an affiliate of Little Caesar and all existing franchise agreements between any affiliate of Franchisee and Little Caesar or an affiliate of Little Caesar (including LC Trademarks, Inc.) are amended to include the following provisions of this Agreement (if the existing franchise agreements do not already include these provisions) and, in the event of a conflict between an existing agreement provision and the following provisions in this Agreement, the following provisions of this Agreement shall control: Sections 1.6, 3.4, 3.6, 5.1 through 5.26, 7.1 through 7.3, 8.1 through 8.5, 9.1 through 9.9, 10.1 through 10.5, 11.1 through 11.5, 12.1 through 12.9, 13.1 through 13.7, 14.1 through 14.11, 15.1 through 15.7, 16.1 through 16.4, 17.1 through 17.2, 18.1 through 18.4, 19.1 through 19.5, 20, 21.1 through 21.2, 22.1 through 22.6, 23.1 through 23.9, and 25.1 through 25.2. **FRANCHISEE ACKNOWLEDGES AND UNDERSTANDS THAT THIS SECTION 25.2 AMENDS ALL OF FRANCHISEE'S EXISTING FRANCHISE AGREEMENTS WITH LITTLE CAESAR OR ANY AFFILIATE OF LITTLE CAESAR (INCLUDING LC TRADEMARKS, INC.) AND THAT ANY SUCH AMENDMENT WILL SURVIVE THE EXPIRATION OR TERMINATION OF THIS AGREEMENT.**

[Remainder of Page Left Intentionally Blank]

This Agreement is not binding upon Little Caesar until it is executed by an authorized officer of Little Caesar.

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement on the day and year first above written.

ATTEST:                              LITTLE CAESAR ENTERPRISES, INC.

_____              By: _____
                                         David J. Gray
                                     Title: National Vice President, Franchise Services

ATTEST:                              PG COUNTY PIZZA, INC/PG COUNTY PARTNERS, LLC

_/s/ Pervez_____             By: _/s/ Wazir Ali Kaisani_____
                                         Wazir Ali Kaisani
                                     Title: V. President

_/s/ Wazir Kaisani_____             By: _/s/ Pervez Kaisani_____
                                         Pervez Kaisani
                                     Title: President

_/s/ Pervez_____             By: _/s/ Iqbal Kaisani_____
                                         Iqbal Kaisani
                                     Title: V. President

_/s/ Richard Ruggiero___             By: _/s/ Mark Williams_____
                                         Mark Williams
                                     Title: COO

_/s/ Mark Williams_____              By: _/s/ Richard Ruggiero_____
                                         Richard Ruggiero
                                     Title: VP Operations

Franchise #1968-005

**Exhibit A
to Franchise Agreement**

**GUARANTEE**

As an inducement to **Little Caesar Enterprises, Inc.** to execute the Franchise Agreement with **PG COUNTY PIZZA, INC/PG COUNTY PARTNERS, LLC** ("**Franchisee**") dated ___10 - 24___, 20_13_ (the "**Franchise Agreement**"), the undersigned (the "**Guarantors**"), jointly and severally, agree as follows:

1. Guarantors, jointly and severally, unconditionally guarantee to Little Caesar Enterprises, Inc., Blue Line Foodservice Distribution, Inc. ("**Blue Line**"), and their affiliates, successors and assigns (collectively, "**Little Caesar**") that all of Franchisee's obligations under the Franchise Agreement and under other agreements or arrangements between Franchisee and Little Caesar (collectively, "**Franchisee Obligations**"), will be punctually paid and performed. Guarantors shall pay or cause to be paid all monies payable by Franchisee to Little Caesar and its affiliated and related entities, including all monies payable by Franchisee under the Franchise Agreement, as well as all monies owing at any time by Franchisee to Blue Line, without right of set-off, on the date and in the manner required for payment.

2. Guarantors unconditionally guarantee full performance and discharge by Franchisee of all Franchisee Obligations on the date and times and in the manner required.

3. Guarantors agree to be personally bound by Section 23.9 of the Franchise Agreement and to pay or cause to be paid to Little Caesar all monies payable by Franchisee to Little Caesar pursuant to Section 23.9.

4. Without limiting any of the foregoing, Guarantors agree to be personally bound by the covenants set forth in the Franchise Agreement, including in Sections 5, 7, 8, 11, 14, 15, 18, 23 and 24.

5. Guarantors shall indemnify, defend and hold harmless Little Caesar and its affiliates, and their respective shareholders, directors, employees, and agents, against and from all losses, damages, costs, and expenses, including, but not limited to, attorneys' fees and costs, which Little Caesar and its affiliates may sustain, incur, or become liable for by reason of:

    a. Franchisee's failure to perform the Franchisee Obligations or to do and perform any other act, matter, or thing required by the Franchise Agreement; or

    b. any action by Little Caesar to obtain performance by Franchisee of any of the Franchisee Obligations.

Guarantors agree that any indemnification pursuant to this paragraph shall be subject to the same terms and conditions as described in Section 18.4 of the Franchise Agreement.

6. Little Caesar shall not be obligated to proceed against Franchisee or exhaust any security from Franchisee or pursue or exhaust any remedy, including any legal or equitable relief against Franchisee, before proceeding to enforce the obligations of the Guarantors herein set out, and the enforcement of such obligations may take place before, after, or contemporaneously with enforcement of any debt or Franchisee Obligations against Franchisee.

7.  Without affecting the Guarantors' obligations under this Guarantee, Little Caesar, without notice to the Guarantors, may extend, modify, or release any indebtedness or obligation of Franchisee, or settle, adjust, or compromise any claims against Franchisee. Guarantors waive notice of amendment of the Franchise Agreement and notice of demand for payment or performance by Franchisee.

8.  Guarantors acknowledge and represent that the undersigned Guarantors represent all of the owners of any interest in Franchisee and their spouses.

9.  All obligations and liabilities of the Guarantors arising from the Franchisee Obligations shall remain in full force and effect until satisfied or discharged by Franchisee or the Guarantors. The death of an individual Guarantor shall not affect the obligations of any other Guarantors, which will continue in full force and effect. The estate of a deceased individual Guarantor shall be bound by this Guarantee as to: (a) defaults and obligations existing hereunder at the time of the Guarantor's death, and (b) performance of Franchisee Obligations while the franchised business is under the direction and control of the Guarantor's executor.

10. The provisions of Section 23 of the Franchise Agreement shall govern the interpretation and enforcement of this Guarantee and the provisions of Section 20 shall apply to any notices related to this Guarantee.

**[Remainder of Page Left Intentionally Blank]**

IN WITNESS WHEREOF, each of the undersigned has signed this Guarantee as of the date of the Franchise Agreement.

**WITNESSES**

*[signature: Pervez]*

*[signature: Pervez]*

*[signature: Wazir Kaisani]*

*[signature: Pervez]*

*[signature: Pervez]*

*[signature: Pervez]*

*[signature: Richard Ruggiero]*

*[signature: Mark Williams]*

Acknowledged:

**LITTLE CAESAR ENTERPRISES, INC.**

By: *[signature]*
    David J. Gray

Title: National Vice President, Franchise Services

Franchise # 1968-005

**GUARANTORS**

By: *[signature]*
**Wazir Ali Kaisani**

By: *[signature: Zaib Kaisani]*
**Zaib Kaisani**

By: *[signature: Pervez]*
**Pervez Kaisani**

By: *[signature: Navin Kaisani]*
**Navin Kaisani**

By: *[signature: Iqbal Kaisani]*
**Iqbal Kaisani**

By: *[signature]*
**Rozina Kaisani**

By: *[signature]*
**Mark Williams**

By: *[signature: Richard Ruggiero]*
**Richard Ruggiero**

**Exhibit B**
**to Franchise Agreement**

**[Intentionally Blank]**