applicable provisions of Section 12; and (iv) maintain a current list of all owners of record and all beneficial owners of Franchisee and furnish the list to Little Caesar upon request.

**16.2. Partnership Franchisee.** If Franchisee is a partnership it shall: (i) furnish Little Caesar with copies of its partnership agreement and such other documents as Little Caesar may request, and any amendments thereto; and (ii) prepare and furnish to Little Caesar, upon request, a current list of all general and limited partners in Franchisee.

**16.3. Limited Liability Company Franchisee.** If Franchisee is a limited liability company, it shall: (i) furnish Little Caesar with copies of its articles of organization and operating agreement, as well as such other documents as Little Caesar may request, and any amendments thereto; (ii) prepare and furnish to Little Caesar, upon request, a current list of all members and managers in Franchisee; and (iii) maintain stop transfer instructions on its records against the transfer of any membership units and, if such units are certificated, ensure that the certificates bear a legend, in a form satisfactory to Little Caesar, which references the transfer restrictions imposed by this Agreement.

**16.4. Direct and Indirect Owners to Execute Personal Guarantees.** The following individuals and entities shall guarantee Franchisee's performance of each and every provision of this Agreement, by executing a Guarantee in the form attached hereto as **Exhibit A**:

16.4.1. Any individual or entity that owns any direct or indirect interest in Franchisee. Franchisee agrees and acknowledges that the information contained in the Franchisee Ownership Information Form completed by Franchisee prior to executing this Agreement is accurate and complete and that each owner identified therein shall execute a Guarantee.

16.4.2. Any individual that is or becomes the spouse of any natural person required by Section 16.4.1 to execute a Guarantee shall execute the Guarantee jointly and severally with that person.

## 17. TAXES

**17.1. Payment of Taxes.** Franchisee shall promptly pay to Little Caesar an amount equal to all taxes levied or assessed, including, but not limited to, unemployment taxes, sales taxes, use taxes, withholding taxes, excise taxes, personal property taxes, intangible property taxes, gross receipt taxes, taxes on royalties, any similar taxes or levies, imposed upon or required to be collected or paid by Little Caesar by reason of the furnishing of products, services, or trademarks, service marks, or other intangible property by Little Caesar to Franchisee through the sale, license or lease of property or property rights provided by this Agreement.

**17.2. Challenging Tax Assessment.** In the event of any bona fide dispute as to Franchisee's liability for taxes assessed or other indebtedness, Franchisee may contest the validity or the amount of the tax or indebtedness in accordance with the procedures of the taxing authority or applicable law.

## 18. INDEPENDENT CONTRACTOR AND INDEMNIFICATION

**18.1. No Fiduciary Relationship.** It is understood and agreed by the parties hereto that this Agreement does not create a fiduciary relationship between them; that Franchisee shall be an independent contractor; and, that nothing herein is intended to constitute either party an agent, legal representative, subsidiary, joint venturer, partner, employee, employer, joint employer, enterprise, or servant of the other for any purpose whatsoever.

**18.2. Public Notice of Independent Status**. Franchisee shall conspicuously identify itself and the Restaurant in all dealings with its customers, contractors, suppliers, public officials, and others, as an independent franchisee of Little Caesar, and shall place such notice of independent ownership in its Restaurant, on all forms, business cards, stationery, payroll records, advertising, signs, and other materials, and in any electronic medium approved under Section 5.27, in such fashion as Little Caesar may specify from time to time in the Manuals or otherwise in writing.

**18.3. Independent Contractor**. Franchisee acknowledges and agrees that it is not authorized to make any contract, agreement, warranty, or representation on Little Caesar's behalf, or to incur any debt or other obligation in Little Caesar's name; and that Little Caesar shall in no event assume liability for, or be deemed liable hereunder as a result of, any such action; nor shall Little Caesar be liable by reason of any act or omission of Franchisee in its conduct of the Restaurant or for any claim or judgment arising therefrom against Franchisee or Little Caesar.

**18.4. Indemnification**. Franchisee shall indemnify, defend and hold harmless to the fullest extent permitted by law, Little Caesar, its affiliates and their respective directors, officers, employees, shareholders, and agents (collectively "**indemnitees**") from any and all losses and expenses (as hereinafter defined) incurred in connection with any litigation or other form of adjudicatory procedure, claim, demand, investigation, or formal or informal inquiry (regardless of whether same is reduced to judgment) or any settlement thereof which arises directly or indirectly from, as a result of, or in connection with (i) Franchisee's construction, maintenance, or operation of the Restaurant, including, but not limited to, claims arising as a result of the maintenance and operation of vehicles or the Restaurant premises, and (ii) Franchisee's or its principals', owners', managers' or employees' attendance and participation in training, as described in Section 5.8 (collectively "**event**"), and regardless of whether same resulted from any strict or vicarious liability imposed by law on the indemnitees, provided, however, that this indemnity shall not apply to any liability arising from the gross negligence of indemnitees (except to the extent that joint liability is involved, in which event the indemnification provided herein shall extend to any finding of comparative negligence or contributory negligence attributable to Franchisee). For the purpose of this Section 18.4, the term "**losses and expenses**" shall be deemed to include compensatory, exemplary, or punitive damages; fines and penalties; attorneys' fees; experts' fees; court costs; costs associated with investigating and defending against claims; settlement amounts; judgments; compensation for damages to Little Caesar's reputation and goodwill; and all other costs associated with any of the foregoing losses and expenses. Franchisee shall give Little Caesar prompt notice of any event of which it is aware, for which indemnification is required, and, at the expense and risk of Franchisee, Little Caesar may elect to assume (but under no circumstance is obligated to undertake) the defense and/or settlement thereof, provided that Little Caesar will seek the advice and counsel of Franchisee. Any assumption of Little Caesar shall not modify Franchisee's indemnification obligation. Little Caesar may, in its sole judgment, take such actions as it deems necessary and appropriate to investigate, defend, or settle any event or take other remedial or corrective actions with respect thereof as may be, in Little Caesar's sole judgment, necessary for the protection of the indemnitees or the System.

## 19. APPROVALS AND WAIVERS

**19.1. No Guarantees or Waiver**. Little Caesar makes no warranties or guarantees upon which Franchisee may rely, and assumes no liability or obligation to Franchisee by providing any waiver, approval, consent, or suggestion to Franchisee in connection with this Agreement, or by reason of any neglect, delay, or denial of any request therefor. No delay, waiver, omission, or forbearance on the part of Little Caesar to exercise any right, option, duty, or power arising out of any breach or default by Franchisee, or by any other franchisee, of any of the terms, provisions, or covenants thereof, shall constitute a waiver by Little Caesar to enforce any such right, option, or power as against Franchisee, or

as to subsequent breach or default by Franchisee. Subsequent acceptance by Little Caesar of any payments due to it hereunder shall not be deemed to be a waiver by Little Caesar of any preceding or succeeding breach by Franchisee of any terms, covenants, or conditions of this Agreement.

**19.2. Requests for Waivers, Approvals or Consents**. Whenever Franchisee desires Little Caesar's waiver of any obligation in this Agreement and whenever this Agreement requires Franchisee to obtain Little Caesar's written approval or consent, Franchisee must address its written request for the waiver, approval or consent to National Vice President, Franchise Operations (unless Little Caesar specifies another individual or department in writing). The request must specify the provision of this Agreement for which a waiver or consent is sought and the basis of the request.

**19.3. Little Caesar's Reasonable Business Judgment**. Whenever Little Caesar reserves or is deemed to have reserved discretion in a particular area or where Little Caesar agrees or is deemed to be required to exercise its rights reasonably or in good faith, Little Caesar will satisfy its obligations whenever it exercises Reasonable Business Judgment in making its decision or exercising its rights. A decision or action by Little Caesar will be deemed to be the result of Reasonable Business Judgment, even if other reasonable or even arguably preferable alternatives are available, if Little Caesar's decision or action is intended, in whole or significant part, to promote or benefit the Little Caesar System generally even if the decision or action also promotes a financial or other individual interest of Little Caesar. Examples of items that will promote or benefit the Little Caesar System include, without limitation, enhancing the value of the Proprietary Marks, improving customer service and satisfaction, improving product quality, improving uniformity, enhancing or encouraging modernization, and improving the competitive position of the Little Caesar System.

**19.4. Remedy for Non-Approval**. In no event shall Franchisee be entitled to make, nor shall Franchisee make, any claim, and Franchisee hereby waives any claim for money damages, nor shall Franchisee claim any money damages by way of set-off, counterclaim, or defense, based upon any claim or assertion by Franchisee that Little Caesar has unreasonably withheld or unreasonably delayed any consent or approval as required by this Agreement. Franchisee's sole remedy for any such claim shall be an action or proceeding to enforce any such provisions, or for specific performance, or declaratory judgment.

**19.5. Atypical Modifications to System**. Franchisee acknowledges that because complete and detailed uniformity under many varying conditions may not be possible or practical, Little Caesar specifically reserves the right and privilege as it may deem in the best interests of all concerned in any specific instance, to vary certain standards for the Restaurant, based upon the peculiarities of the Restaurant's customer base, location, density of population, business potential, population of trade area, existing business practices or any other condition which Little Caesar deems to be of importance to the successful operation of the specific Restaurant. Franchisee shall not be entitled to require Little Caesar to disclose or grant to Franchisee a like or similar variation.

**20. NOTICES**

Any and all notices required or permitted under this Agreement shall be in writing and shall be personally delivered, sent by telecopier, mailed by certified mail (return receipt requested), or dispatched by a private courier that provides for electronic tracking (for example, Federal Express or UPS), to the respective parties at the following addresses unless and until a different address has been designated by written notice to the other party:

|  |  |
|---|---|
| Notices to Little Caesar: | Little Caesar Enterprises, Inc.<br>2211 Woodward Avenue<br>Detroit, Michigan 48201-3400<br>Attention: Legal Department |
| Notices to Franchisee: | MARYLAND LC VENTURES, LLC<br>1809 Harewood Lane<br>Crofton, MD 21114<br>Attention: Wazir Ali Kaisani<br>　　　　　　Pervez Kaisani<br>　　　　　　Iqbal Kaisani<br>　　　　　　Mark Williams<br>　　　　　　Richard Ruggiero |

Franchisee shall designate above the name of an owner of Franchisee to receive notice on behalf of Franchisee in the manner set forth in this Section 20.

Notwithstanding the foregoing, notification of changes to the Manuals pursuant to Section 8.2 may be given by email, by posting the change in an online forum, or by other reasonable notice method.

Notices shall be deemed to have been received as follows: by personal delivery or telecopier -- at the time of delivery; by overnight delivery service -- on the next business day following the date on which the Notice was given to the overnight delivery service; and certified mail -- the earlier of the actual date of delivery or three (3) days after the date of mailing. Except as provided above, notices may not be sent by electronic mail. Notices to Little Caesar will not be effective unless sent to the attention of the Legal Department.

## 21. ENTIRE AGREEMENT; MODIFICATIONS

**21.1. Entire Agreement.** This Agreement, any exhibits and attachments hereto, and any ancillary agreement between Franchisee and Little Caesar or any affiliate of Little Caesar, executed contemporaneously with this Agreement, fully express the understanding between the parties and constitute the entire and complete agreement between Little Caesar and/or its affiliates and Franchisee concerning the subject matter thereof, and supersede any and all prior agreements. Nothing in this Agreement or any related agreement, however, is intended to disclaim the representations Little Caesar made in the Franchise Disclosure Document furnished to Franchisee in connection with this Agreement (the "FDD"). Franchisee acknowledges that it is entering into this Agreement, and any ancillary agreement executed contemporaneously herewith, as a result of its own independent investigation of the business franchised hereby and not as a result of any representations made by Little Caesar, persons associated with Little Caesar, or other Little Caesar franchisees, which are contrary to the terms herein set forth or which are contrary to the terms of the FDD or other similar document required or permitted to be given to Franchisee pursuant to applicable law. Except for those permitted hereunder to be made unilaterally by Little Caesar and except as provided in Section 21.2, no amendment, change, or variance from this Agreement shall be binding on either party unless mutually agreed to by the parties and executed by their authorized officers or agents in writing. The parties specifically incorporate by reference the Franchisee Ownership Information Form completed by Franchisee prior to executing this Agreement, which Franchisee represents is accurate and complete.

**21.2. Modification of Agreement Approved by Majority of Franchised Restaurants.** Little Caesar has the right to unilaterally modify this Agreement if the modification is approved by a vote or the written consent of a majority of the franchised Restaurants in operation at that time. If a proposed modification is approved by a majority of the franchised Restaurants, Franchisee will be given written notice of the modification and the effective date of the modification. The effective date of the

modification will be at least fourteen days after the written notice. Little Caesar's right to modify this Agreement under the provisions of this Section will be in addition to and will not limit or act as a condition on Little Caesar's right to unilaterally modify this Agreement and/or the System as otherwise permitted in this Agreement.

## 22. SEVERABILITY AND CONSTRUCTION

**22.1. Severability and Construction.** Except as expressly provided to the contrary herein, each portion, section, part, term, and/or provision hereof shall be considered severable; and if, for any reason, any portion, section, part, term, and/or provision herein is determined to be invalid and contrary to, or in conflict with, any existing or future law or regulation by a court or agency having valid jurisdiction, such shall not impair the operation of, or have any other effect upon, such other portions, sections, parts, terms, and/or provisions hereof as may remain otherwise intelligible; and the latter shall continue to be given full force and effect and bind the parties hereto; and said invalid portions, sections, parts, terms, and/or provisions shall be deemed not to be a part hereof.

**22.2. Survival of Modified Covenants.** Franchisee expressly agrees to be bound by any promise or covenant imposing the maximum duty permitted by law which is subsumed within the terms of any provision hereof, as though it were separately articulated in and made a part hereof, that may result from striking from any of the provisions hereof any portion or portions which a court may hold to be unreasonable and unenforceable in a final decision to which Little Caesar is a party, or from reducing the scope of any promise or covenant to the extent required to comply with such a court order.

**22.3. Survival of Obligations After Expiration of Agreement.** Any provision or covenant of this Agreement by its terms or by reasonable implication are to be performed in whole or in part, after the expiration or termination of this Agreement shall survive such expiration or termination.

**22.4. Captions.** The Article and Section headings and captions in this Agreement are for convenience only, and shall not affect the construction or interpretation of the terms of this Agreement.

**22.5. Affiliate and Principal Defined.** For purposes of this Agreement, the term "**affiliate**" shall mean any person or legal entity that directly or indirectly controls, is controlled by, or is under common control with the specified person or legal entity; the term "**principal**" shall mean a shareholder of a corporation, a general or limited partner of a partnership, and a member of a limited liability company.

**22.6. Time of the Essence.** The parties agree and acknowledge that time is of the essence with regard to Franchisee's obligations under this Agreement.

## 23. DISPUTE RESOLUTION; LIMITATION ON LEGAL RIGHTS

**23.1. Choice of Law.** This Agreement takes effect upon its acceptance and execution by Little Caesar in Michigan, and shall be interpreted and construed under the laws of Michigan. In the event of any conflict of law, the laws of Michigan shall prevail, without regard to the application of Michigan conflict-of-law rules. If, however, any provision of this Agreement would not be enforceable under the laws of Michigan, and if the Restaurant is located outside of Michigan and such provision would be enforceable under the laws of the state in which the Restaurant is located, then such provision shall be interpreted and construed under the laws of that state. Nothing in this Section 23.1 is intended by the parties to subject this Agreement to any franchise or similar law, rule, or regulation of the State of Michigan to which it would not otherwise be subject.

**23.2. Venue**. Any action brought by Franchisee or any affiliate or principal against Little Caesar shall be brought exclusively, and any action brought by Little Caesar against Franchisee or any affiliate or principal may be brought, in the federal district court covering the location at which Little Caesar has its principal place of business at the time the action is commenced; provided, however, that if the federal court would not have subject matter jurisdiction had the action been commenced in such court, then, in such event, the action shall (with respect to actions commenced by Franchisee or any affiliate or principal), and may (with respect to actions commenced by Little Caesar), be brought in the state court within the judicial district in which Little Caesar has its principal place of business at the time the action is commenced. The parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision. Franchisee, its affiliates and principals shall not dispute jurisdiction or venue in any forum established under this Section and shall not attempt to change venue established under this Section based on forum *non conveniens* or any other reason.

**23.3. Non-exclusivity of Remedy**. No right or remedy conferred upon or reserved to Little Caesar hereby is intended to be, nor shall be deemed, exclusive of any other right or remedy herein or by law or equity provided or permitted, but each shall be cumulative of every other right or remedy.

**23.4. Right to Injunctive Relief**. Nothing herein contained shall bar Little Caesar's right to obtain injunctive relief against threatened conduct that will cause it loss or damages, under the usual equity rules, including the applicable rules for obtaining restraining orders and preliminary injunctions.

**23.5. WAIVER OF TRIAL BY JURY**. LITTLE CAESAR AND FRANCHISEE, AND THEIR AFFILIATES AND PRINCIPALS, IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY ANY OF THEM AGAINST THE OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH ACTION OR PROCEEDING.

**23.6. LIMITATION OF CLAIMS**. ALL CLAIMS ARISING UNDER THIS AGREEMENT OR FROM THE RELATIONSHIP BETWEEN THE PARTIES ARE BARRED UNLESS AN ACTION IS FILED WITHIN ONE (1) YEAR FROM THE DATE THE PARTY KNEW OR SHOULD HAVE KNOWN OF THE FACTS CREATING THE CLAIM (AND TIMELY SERVED ON THE OPPOSING PARTY), OR SUCH SHORTER PERIOD REQUIRED BY ANY APPLICABLE LAW OR STATUTE, EXCEPT FOR CLAIMS RELATING TO THE FINANCIAL OBLIGATIONS OF FRANCHISEE OR FRANCHISEE'S POST-TERM OBLIGATIONS UNDER THIS AGREEMENT.

**23.7. WAIVER OF PUNITIVE DAMAGES**. EXCEPT AS OTHERWISE PROVIDED IN THIS AGREEMENT, LITTLE CAESAR AND FRANCHISEE, AND THEIR AFFILIATES AND PRINCIPALS, WAIVE IN ANY JUDICIAL ACTION, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO OR CLAIM OF ANY SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST THE OTHER AND AGREE THAT IN THE EVENT OF A DISPUTE BETWEEN THEM, EACH WILL BE LIMITED TO THE RECOVERY OF ANY ACTUAL DAMAGES SUSTAINED BY THAT PARTY.

**23.8. NO CLASS ACTIONS**. NEITHER FRANCHISEE NOR LITTLE CAESAR SHALL SEEK TO LITIGATE AGAINST THE OTHER PARTY TO THIS AGREEMENT OR SUCH PARTY'S AFFILIATES, EITHER AS A REPRESENTATIVE OF, OR ON BEHALF OF, ANY OTHER PERSON, CLASS, OR ENTITY IN ANY DISPUTE, CONTROVERSY, OR CLAIM OF ANY KIND ARISING OUT OF, OR RELATING TO, THIS AGREEMENT, THE RIGHTS AND OBLIGATIONS OF THE PARTIES, THE SALE OF THE FRANCHISE, OR OTHER CLAIMS OR CAUSES OF ACTION RELATING TO THE PERFORMANCE OF EITHER PARTY TO THIS

AGREEMENT. NO ACTION OR PROCEEDING UNDER THIS AGREEMENT SHALL ADD AS A PARTY, BY CONSOLIDATION, JOINDER, OR IN ANY OTHER MANNER, ANY PERSON OR PARTY OTHER THAN FRANCHISEE AND LITTLE CAESAR AND ANY PERSON IN PRIVITY WITH, OR CLAIMING THROUGH, IN THE RIGHT OF, OR ON BEHALF OF, FRANCHISEE OR LITTLE CAESAR, UNLESS BOTH FRANCHISEE AND LITTLE CAESAR CONSENT IN WRITING. LITTLE CAESAR HAS THE ABSOLUTE RIGHT TO REFUSE SUCH CONSENT. FRANCHISEE AGREES AND ACKNOWLEDGES THAT ANY JUDICIAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING FROM OR RELATING TO THIS AGREEMENT, THE RELATIONSHIP BETWEEN THE PARTIES, OR ANY AGREEMENT OR RELATIONSHIP BETWEEN FRANCHISEE AND ANY AFFILIATE OF LITTLE CAESAR, INCLUDING, BUT NOT LIMITED TO, BLUE LINE, WILL BE CONSIDERED UNIQUE ON ITS FACTS AND MAY NOT BE BROUGHT AS A CLASS OR GROUP ACTION.

**23.9. Costs and Legal Fees**. In connection with any failure by Franchisee to comply with this Agreement, regardless of whether there is any legal proceeding to enforce the terms of this Agreement, Franchisee shall reimburse Little Caesar, upon demand, for the costs and expenses incurred by Little Caesar as a result of such failure and for our enforcement of the terms of this Agreement, including, without limitation, accountants', attorneys', attorneys' assistants and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel expenses. If Franchisee initiates a legal proceeding against Little Caesar, and if Franchisee does not prevail in obtaining the relief Franchisee was seeking in such legal proceedings, then Franchisee shall reimburse Little Caesar for the costs and expenses incurred by Little Caesar as a result of such legal proceedings, including, without limitation, accountants', attorneys', attorneys' assistants and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel expenses, whether incurred prior to, in preparation for, in contemplation of, or in connection with such legal proceedings. This Section 23.9 shall survive termination of this Agreement.

## 24. ACKNOWLEDGMENTS AND REPRESENTATIONS

**24.1. Recognition of Business Risks**. Franchisee and its principals acknowledge that the business venture contemplated hereby involves business risks, which could result in the loss of a significant portion or all of Franchisee's investment, and that Franchisee's success will be largely dependent upon the ability of Franchisee as an independent business person (or the ability of the principals, if Franchisee is a corporation or other entity). Little Caesar expressly disclaims the making of, and Franchisee and its principals acknowledge that they have not received, any warranty, guarantee, or representation, express or implied, from any employee or agent of Little Caesar, as to the prior, current, or potential sales, income, profits, cash flows, or success of the business venture contemplated by this Agreement or of other restaurants, or of the suitability of the Approved Location of the Restaurant.

**24.2. Receipt of Franchise Offering Materials**. Franchisee acknowledges that it received a Little Caesar Franchise Disclosure Document, as required under federal and applicable state franchise disclosure law, at least fourteen (14) calendar days before signing this Agreement or any other binding agreement, or paying any fees to Little Caesar or its affiliates. In addition, if Little Caesar materially altered the provisions of this Agreement, any attachments relating thereto, or any related agreements attached to the Little Caesar Franchise Disclosure Document (except as a result of negotiations Franchisee initiated), Franchisee acknowledges that it received a copy of this Agreement or the related agreement at least seven (7) calendar days before signing it.

**24.3. Review of Franchise Offering Materials**. Franchisee acknowledges that it has read and understands the Franchise Disclosure Document, this Agreement, and the attachments hereto, and

that Little Caesar has accorded Franchisee ample time and opportunity to consult with advisors of Franchisee's own choosing about the potential benefits and risks of entering into this Agreement.

**24.4. Uniformity of Agreements.** Franchisee acknowledges that it is aware that other franchisees of Little Caesar operate under a number of different forms of franchise agreements that were entered into at different times and for different locations and that, consequently, the obligations and rights of the parties to such other agreements may differ materially in certain instances from Franchisee's rights and obligations under this Agreement.

**24.5. No False Statements.** Franchisee acknowledges and represents that all information submitted to Little Caesar by Franchisee and its owners, including but not limited to all applications, financial information, the Franchisee Ownership Information Form, and all other documents and information, is true, correct, and complete in all respects and does not omit any material statement or item of fact necessary to make the statements made therein not false or misleading. Franchisee agrees to promptly advise Little Caesar of any material change in the information or statements submitted to Little Caesar. Franchisee acknowledges and understands that Little Caesar has entered into this Agreement in reliance on the statements and information submitted to Little Caesar by Franchisee and its owners, and that any material breach, inaccuracy, or omission is grounds for Little Caesar to terminate this Agreement.

**24.6. No Conflicting Agreements.** Franchisee acknowledges and represents that neither Franchisee nor any owner of Franchisee is a party to or is otherwise subject to any other agreement, promise, representation, warranty, covenant, court order, settlement agreement, or other legal or equitable obligation that conflicts with this Agreement or prohibits or limits Franchisee or its owners from entering into this Agreement or from fulfilling all of Franchisee's obligations under this Agreement.

**24.7. No Other Beneficiaries.** Little Caesar is not obligated or liable, as a result of this Agreement, to any person or entity that is not a party to this Agreement. Franchisee understands that Franchisee is not a third party beneficiary of any other franchise agreement between Little Caesar and other franchisees, and that Franchisee has no independent right to enforce the terms of, or require performance under, any other franchise agreement.

**24.8. Terrorist and Money Laundering Activities.** Franchisee and its principals, owners, officers, directors, members, partners and agents represent and warrant to Little Caesar that: (a) they are not identified by name or alias, pseudonym or nickname, on the lists of "Specially Designated Nationals" or "Blocked Persons" maintained by the U.S. Treasury Department's Office of Foreign Assets Control (text is currently available at www.treas.gov/offices/enforcement/ofac); (b) they are not directly or indirectly owned or controlled by the government of any country that is subject to a United States embargo; (c) they will not act directly or indirectly on behalf of the government of any country that is subject to a United States embargo; and (d) they are in full compliance with all laws proscribing money laundering and corrupt practices. Further, Franchisee and its principals, owners, officers, directors, members, partners and agents represent and warrant to Little Caesar that they have not violated and agree not to violate any law prohibiting corrupt business practices, money laundering or the aid or support of persons who conspire to commit acts of terror against any person or government, including acts prohibited by the USA Patriot Act (text currently available at http://www.epic.org/privacy/terrorism/hr3162.html), U.S. Executive Order 13244 (text currently at http://www.treas.gov/offices/enforcement/ofac/sanctions/terrorism.html), or any similar law. The foregoing constitute continuing representations and warranties, and Franchisee and its principals, owners, officers, directors, members, partners and agents must immediately notify Little Caesar in writing of the occurrence of any event or

2015 Franchise Agreement/PK 89345                                       45

Case 17-03469-TOM7   Doc 95-10   Filed 09/05/17   Entered 09/05/17 15:32:05   Desc
Exhibit Exhibit F   Pt. 2   Page 8 of 18

the development of any circumstance that might render any of the foregoing representations and warranties false, inaccurate or misleading.

## 25. AMENDMENT OF PRIOR AGREEMENTS

**25.1. California Material Modification for California Stores Only.** If Franchisee (or its affiliates) previously entered into one or more franchise agreements with Little Caesar and/or LC Trademarks, Inc., this Section 25 may include a material modification of those existing franchise agreements. If that is the case, then with respect to each existing franchise agreement for a Little Caesars Restaurant located in California, Franchisee (or its affiliate) acknowledges having received Little Caesar's Franchise Disclosure Document, which included a copy of this Agreement containing the material modifications, at least five business days before executing this Agreement. If Franchisee notifies Little Caesar in writing within five business days after executing this Agreement that Franchisee (or its affiliate) rescinds this modification of the existing franchise agreement(s) for Little Caesars Restaurant(s) located in California, this Franchise Agreement will be null and void and Franchisee will not have the right to develop a franchise under this Franchise Agreement.

**25.2. Amendment of Prior Agreements**. In order to enhance consistency and quality of operation, performance, dispute resolution and other matters, Little Caesar and its affiliates amend their standard Franchise Agreements from time to time. As a result, this Agreement may be different from other Little Caesars franchise agreements that Franchisee or its affiliates may have signed with Little Caesar or its affiliates in the past and may contain revised provisions regarding modifications to the System, manner of payment of fees and late fees, duties of franchisee, protection of trademarks, status and protection of Manuals and Confidential Information, advertising, insurance, accounting and records, transfers, default and termination, obligations on termination, franchisee covenants, taxes, indemnification, obligations to defend, approvals and waivers, notices, construction of agreement and applicable law. To cooperate with Little Caesar and its affiliates in the achievement of these goals and as a condition of the grant of an additional franchise, Franchisee agrees that all of Franchisee's existing franchise agreements with Little Caesar or an affiliate of Little Caesar and all existing franchise agreements between any affiliate of Franchisee and Little Caesar or an affiliate of Little Caesar (including LC Trademarks, Inc.) are amended to include the following provisions of this Agreement (if the existing franchise agreements do not already include these provisions) and, in the event of a conflict between an existing agreement provision and the following provisions in this Agreement, the following provisions of this Agreement shall control: Sections 1.6, 3.4, 3.6, 5.1 through 5.29, 7.1 through 7.3, 8.1 through 8.5, 9.1 through 9.9, 10.1 through 10.5, 11.1 through 11.5, 12.1 through 12.9, 13.1 through 13.7, 14.1 through 14.11, 15.1 through 15.8, 16.1 through 16.4, 17.1 through 17.2, 18.1 through 18.4, 19.1 through 19.5, 20, 21.1 through 21.2, 22.1 through 22.6, 23.1 through 23.9, and 25.1 through 25.2. FRANCHISEE ACKNOWLEDGES AND UNDERSTANDS THAT THIS SECTION 25.2 AMENDS ALL OF FRANCHISEE'S EXISTING FRANCHISE AGREEMENTS WITH LITTLE CAESAR OR ANY AFFILIATE OF LITTLE CAESAR (INCLUDING LC TRADEMARKS, INC.) AND THAT ANY SUCH AMENDMENT WILL SURVIVE THE EXPIRATION OR TERMINATION OF THIS AGREEMENT.

**[Remainder of Page Left Intentionally Blank]**

This Agreement is not binding upon Little Caesar until it is executed by an authorized officer of Little Caesar.

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement on the day and year first above written.

ATTEST:                                      **LITTLE CAESAR ENTERPRISES, INC.**

                                             By: _/s/ Erin D. Martin_
                                             Title:    Corporate Counsel

ATTEST:                                      **MARYLAND LC VENTURES, LLC**

_/s/ Pervez Kaisani_                         By: _/s/ Wazir Ali Kaisani_
                                             Wazir Ali Kaisani
                                             Title:    V.P.

_/s/ Wazir Ali Kaisani_                      By: _/s/ Pervez Kaisani_
                                             Pervez Kaisani
                                             Title:    President

_/s/ Pervez Kaisani_                         By: _/s/ Iqbal Kaisani_
                                             Iqbal Kaisani
                                             Title:    V.P.

                                             By: _____
                                             **Mark Williams**
                                             Title: _____

                                             By: _____
                                             **Richard Ruggiero**
                                             Title: _____

Franchise # 1968-008

Case 17-03469-TOM7    Doc 95-10    Filed 09/05/17    Entered 09/05/17 15:32:05    Desc Exhibit Exhibit F    Pt. 2    Page 10 of 18

This Agreement is not binding upon Little Caesar until it is executed by an authorized officer of Little Caesar.

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement on the day and year first above written.

ATTEST:                                         **LITTLE CAESAR ENTERPRISES, INC.**

_____              By: _____
                                                    Erin D. Martin
                                                Title: Corporate Counsel


ATTEST:                                         **MARYLAND LC VENTURES, LLC**

_____              By: _____
                                                    **Wazir Ali Kaisani**
                                                Title: _____

                                                By: _____
                                                    **Pervez Kaisani**
                                                Title: _____

                                                By: _____
                                                    **Iqbal Kaisani**
                                                Title: _____

*Nicole O'Neil* (signature)                     By: *[signature]*
                                                    **Mark Williams**
                                                Title: COO

_____              By: _____
                                                    **Richard Ruggiero**
                                                Title: _____

Franchise # 1968-008

Case 17-03469-TOM7   Doc 95-10   Filed 09/05/17   Entered 09/05/17 15:32:05   Desc
Exhibit Exhibit F   Pt. 2   Page 11 of 18

This Agreement is not binding upon Little Caesar until it is executed by an authorized officer of Little Caesar.

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement on the day and year first above written.

ATTEST:                                    **LITTLE CAESAR ENTERPRISES, INC.**

_____                  By: _____
                                               Erin D. Martin
                                           Title: Corporate Counsel


ATTEST:                                    **MARYLAND LC VENTURES, LLC**

_____                  By: _____
                                               **Wazir Ali Kaisani**
                                           Title: _____

                                           By: _____
                                               **Pervez Kaisani**
                                           Title: _____

                                           By: _____
                                               **Iqbal Kaisani**
                                           Title: _____

                                           By: _____
                                               **Mark Williams**
                                           Title: _____

_/s/ Lindsey Caud_                         By: _/s/ Richard Ruggiero_
                                               **Richard Ruggiero**
                                           Title: VP

Franchise # 1968-008

**Exhibit A
to Franchise Agreement**

**GUARANTEE**

As an inducement to **Little Caesar Enterprises, Inc.** to execute the Franchise Agreement with **MARYLAND LC VENTURES, LLC** ("**Franchisee**") dated ~~Feb~~ 12, 2016 (the "**Franchise Agreement**"), the undersigned (the "**Guarantors**"), jointly and severally, agree as follows:

1. Guarantors, jointly and severally, unconditionally guarantee to Little Caesar Enterprises, Inc., Blue Line Foodservice Distribution, Inc. ("**Blue Line**"), and their affiliates, successors and assigns (collectively, "**Little Caesar**") that all of Franchisee's obligations under the Franchise Agreement and under other agreements or arrangements between Franchisee and Little Caesar (collectively, "**Franchisee Obligations**"), will be punctually paid and performed. Guarantors shall pay or cause to be paid all monies payable by Franchisee to Little Caesar and its affiliated and related entities, including but not limited to all monies payable by Franchisee under the Franchise Agreement, as well as all monies owing at any time by Franchisee to Blue Line, without right of set-off, on the date and in the manner required for payment.

2. Guarantors unconditionally guarantee full performance and discharge by Franchisee of all Franchisee Obligations on the date and times and in the manner required.

3. Guarantors agree to be personally bound by Section 23.9 of the Franchise Agreement and to pay or cause to be paid to Little Caesar all monies payable by Franchisee to Little Caesar pursuant to Section 23.9.

4. Without limiting any of the foregoing, Guarantors agree to be personally bound by the covenants set forth in the Franchise Agreement, including in Sections 5, 7, 8, 11, 14, 15, 18, 23 and 24.

5. Guarantors shall indemnify, defend and hold harmless Little Caesar and its affiliates, and their respective shareholders, directors, employees, and agents, against and from all losses, damages, costs, and expenses, including, but not limited to, attorneys' fees and costs, which Little Caesar and its affiliates may sustain, incur, or become liable for by reason of:

    a. Franchisee's failure to perform the Franchisee Obligations or to do and perform any other act, matter, or thing required by the Franchise Agreement; or

    b. any action by Little Caesar to obtain performance by Franchisee of any of the Franchisee Obligations.

Guarantors agree that any indemnification pursuant to this paragraph shall be subject to the same terms and conditions as described in Section 18.4 of the Franchise Agreement.

6. Little Caesar shall not be obligated to proceed against Franchisee or exhaust any security from Franchisee or pursue or exhaust any remedy against Franchisee before proceeding to enforce the obligations of the Guarantors herein set out, and the enforcement of such obligations may take place before, after, or contemporaneously with enforcement of any debt or Franchisee Obligations against Franchisee.

7. Without affecting the Guarantors' obligations under this Guarantee, Little Caesar, without notice to the Guarantors, may extend, modify, or release any indebtedness or obligation of Franchisee, or

Case 17-03469-TOM7    Doc 95-10    Filed 09/05/17    Entered 09/05/17 15:32:05    Desc
Exhibit Exhibit F    Pt. 2    Page 13 of 18

settle, adjust, or compromise any claims against Franchisee. Guarantors waive notice of amendment of the Franchise Agreement and notice of demand for payment or performance by Franchisee.

8. Guarantors acknowledge and represent that the undersigned Guarantors represent all of the owners of any interest in Franchisee and their spouses.

9. All obligations and liabilities of the Guarantors arising from the Franchisee Obligations shall remain in full force and effect until satisfied or discharged by Franchisee or the Guarantors. The death of an individual Guarantor shall not affect the obligations of any other Guarantors, which will continue in full force and effect. The estate of a deceased individual Guarantor shall be bound by this Guarantee as to: (a) defaults and obligations existing hereunder at the time of the Guarantor's death, and (b) performance of Franchisee Obligations while the franchised business is under the direction and control of the Guarantor's executor.

10. The provisions of Section 23 of the Franchise Agreement shall govern the interpretation and enforcement of this Guarantee and the provisions of Section 20 shall apply to any notices related to this Guarantee.

**[Remainder of Page Left Intentionally Blank]**

IN WITNESS WHEREOF, each of the undersigned has signed this Guarantee as of the date of the Franchise Agreement.

| WITNESSES | GUARANTORS |
|---|---|
| *signature* | *signature* |
| *signature* | Wazir Ali Kaisani, individually |
| *signature* | *signature* |
| *signature* | Zaib Kaisani, individually |
| *signature* | *signature* |
| *signature* | Pervez Kaisani, individually |
| | *signature* |
| | Navin Kaisani, individually |
| | *signature* |
| | Iqbal Kaisani, individually |
| | *signature* |
| | Rozina Kaisani, individually |
| | |
| | Mark Williams, individually |
| | |
| | Richard Ruggiero, individually |

Acknowledged:

**LITTLE CAESAR ENTERPRISES, INC.**

By: *signature*
    Erin D. Martin

Title: Corporate Counsel

Franchise # 1968-008

IN WITNESS WHEREOF, each of the undersigned has signed this Guarantee as of the date of the Franchise Agreement.

| **WITNESSES** | **GUARANTORS** |
|---|---|
| | _____ |
| | Wazir Ali Kaisani, individually |
| _____ | _____ |
| | Zaib Kaisani, individually |
| _____ | _____ |
| | Pervez Kaisani, individually |
| _____ | _____ |
| | Navin Kaisani, individually |
| _____ | _____ |
| | Iqbal Kaisani, individually |
| _____ | _____ |
| *Nicole O'Neil* | Rozina Kaisani, individually |
| | *[signature]* |
| | Mark Williams, individually |
| _____ | _____ |
| | Richard Ruggiero, individually |

Acknowledged:

**LITTLE CAESAR ENTERPRISES, INC.**

By: _____
    Erin D. Martin

Title: Corporate Counsel

Franchise # 1968-008

Case 17-03469-TOM7    Doc 95-10    Filed 09/05/17    Entered 09/05/17 15:32:05    Desc
Exhibit Exhibit F    Pt. 2    Page 16 of 18

IN WITNESS WHEREOF, each of the undersigned has signed this Guarantee as of the date of the Franchise Agreement.

| **WITNESSES** | **GUARANTORS** |
|---|---|
| | _____<br>Wazir Ali Kaisani, individually |
| | _____<br>Zaib Kaisani, individually |
| | _____<br>Pervez Kaisani, individually |
| | _____<br>Navin Kaisani, individually |
| | _____<br>Iqbal Kaisani, individually |
| | _____<br>Rozina Kaisani, individually |
| | _____<br>Mark Williams, individually |
| */s/ Lindsay Caud*<br>Acknowledged: | */s/ Richard Ruggiero*<br>Richard Ruggiero, individually |

**LITTLE CAESAR ENTERPRISES, INC.**

By: _____
     Erin D. Martin

Title: Corporate Counsel

Franchise # 1968-008

Case 17-03469-TOM7    Doc 95-10    Filed 09/05/17    Entered 09/05/17 15:32:05    Desc Exhibit Exhibit F    Pt. 2    Page 17 of 18

**Exhibit B**
**to Franchise Agreement**

Franchise # 1968-008

**Little Caesars**

**FRANCHISE**
**OWNERSHIP INFORMATION**

*For Office Use Only*

---

The Franchise is (will be) operated by (*mark one*):

| | |
|---|---|
| ρ individual(s) | ρ limited partnership |
| ρ corporation | ρ limited liability company |
| ρ general partnership | |
| ρ other (*please identify*) | _____ |

Name under which franchise does (will do) business:
**Maryland LC Ventures, LLC**
_____
Organizational ID #: _____
Federal Tax ID #: _____
Business organized under the laws of: (*State/Prov.*) _____

**Please complete the following Table:** (*If the franchise is owned by individuals, please write "Individual" under "Title".*)

| Name of Shareholder/Partner/General and Limited Partners/Members | Title | % of Ownership Interest |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

(*Attach additional pages, if necessary.*)

**Names of Franchise Spokespersons:** (*must have authority to legally bind the franchise entity*)

Primary Spokesperson _____    Secondary Spokesperson _____

---

### 26. BUSINESS OFFICE INFORMATION

Address: _____
   Street Number & Name                                                    City/Municipality                                                    State/Prov./Zip

Primary Telephone No.:   (____) _____         Secondary Telephone No.:   (____) _____

Telecopier No.:             (____) _____         Pager No.:                        (____) _____

---

**By signing below, we confirm that the above information is correct in its entirety.** (*All persons listed in the Table must sign.*)

_____ ✍ Dated: ___/___/____     _____ ✍ Dated: ___/___/____
(*Franchise Owner Signature*)                                             (*Franchise Owner Signature*)

_____ ✍ Dated: ___/___/____     _____ ✍ Dated: ___/___/____
(*Franchise Owner Signature*)                                             (*Franchise Owner Signature*)

(*Attach additional pages, if necessary.*)

**IF THIS FORM IS BEING COMPLETED FOR A NEW FRANCHISEE, ATTACH A COPY OF THE ORGANIZATION DOCUMENTS (FOR EXAMPLE, ARTICLES OF INCORPORATION).**