## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, *et al.*, | ) | Case No. 17–03469-TOM11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

---

## MOTION FOR AN ORDER: (A) ESTABLISHING BIDDING PROCEDURES; (B) SETTING EXPEDITED HEARING ON BIDDING PROCEDURES; AND (C) AUTHORIZING SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, LEASES AND OTHER INTERESTS AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES PURSUANT TO §§ 363 AND 365 OF THE BANKRUPTCY CODE

---

**COME NOW** PG County Pizza, Inc., PG County Partners, LLC, Maryland Pizza, Inc. and Maryland LC Ventures, LLC (collectively, the "Maryland Debtors") and move this Court (the "Motion") to enter an order: (a) establishing bidding procedures; (b) setting an expedited hearing to approve the proposed bidding procedures; and (c) authorizing the sale of property of the estate free and clear of liens, claims, encumbrances, and other interests, and the assumption and assignment of certain executory contracts and unexpired leases, pursuant to §§ 363 and 365 of the Bankruptcy Code. This Motion is limited to the sale of the Little Caesar's restaurant operations that are owned by the Maryland Debtors. In support of this Motion, the Maryland Debtors state as follows:

### BACKGROUND

1.    On August 11, 2017 (the "Petition Date"), the Maryland Debtors along with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: Alabama Partners, LLC (7131); BamaChex, Inc. (6953); Maryland LC Ventures, LLC (6974); Maryland Pizza, Inc. (6929); PG County Partners LLC (2811); and PG County Pizza, Inc. (3902). The service address for each of the Debtors is P.O. Box 551267, Jacksonville, FL 32255.

1

certain other affiliates[2] each filed a voluntary petition for protection under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), commencing this jointly-administered bankruptcy case (the "Bankruptcy Case").

2.       This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157 (b).

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a), 363(b), 363(f), 363(m) and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.

4.       Prior to the Petition Date, the Maryland Debtors engaged in a substantive effort to market their respective assets (including their respective personal property, real property, permits, executory contracts and unexpired leases used in the operation of the Maryland Debtors' Little Caesars restaurants) (collectively, the "LCE Assets") for sale. Also, those marketing efforts have continued since the Petition Date.

5.       Pursuant to § 363 of the Bankruptcy Code, the Maryland Debtors have determined that a sale of substantially all of the Maryland Debtors' LCE Assets is in the best interest of the Maryland Debtors' estates and creditors and that it is also in the best interest of their respective estates and all creditors to solicit competing bids and conduct an auction (the "Auction") of the LCE Assets as further described below.

## DESCRIPTION OF ASSETS BEING SOLD

**A. Assets Sold Free and Clear**

6.       The Maryland Debtors seek authority to auction and sell the LCE Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests

---

[2] See FN 1, supra.

thereon and there against in accordance with section 363 of the Bankruptcy Code, including:[3]

(a)     All inventory;

(b)     All of the furniture, furnishings, equipment, machinery, names and other items of tangible and intangible personal property situated upon or currently used in connection with the operation of the Maryland Debtors' Little Caesar's restaurants (the "Personal Property");

(c)     certain executory contracts and unexpired leases to which one or more of the Maryland Debtors is a party, including, but not limited to, real property leases, ground leases, and any franchise agreement with Little Caesars Enterprises, Inc. (as more particularly described in the APA, the "Assumed Contracts").

**B.     The Assets not Being Sold**

7.     Notwithstanding the foregoing, the LCE Assets shall not include: (i) any cash or cash equivalents of the Maryland Debtors; (ii) any equipment or materials not being actively used in the restaurants; (iii) the rights of the Maryland Debtors under the APA and any agreement delivered in connection herewith including, without limitation; (iv) any contracts of insurance of the Maryland Debtors and any claim or right of the Maryland Debtors thereunder, except as may be provided by the APA; (v) rights, and claims of the Maryland Debtors that may be asserted as a defense, cross claim or counterclaim in any action, suit, proceeding that may be brought against the Maryland Debtors and that relate to any liability or obligation of the Maryland Debtors retained by Seller pursuant to the APA; (vi) any original business records pertaining to the Maryland Debtors' operation of their business, provided, however, that, subject to clause (vii) below, the Maryland Debtors shall make available such records which

---

[3] The LCE Assets to be conveyed in the sale will be more fully described in an Asset Purchase Agreement (an "APA"), a copy of which is attached hereto as Exhibit A.

3

relate to the LCE Assets to the winning bidder at the auction (the "Purchaser") upon request by Purchaser after the closing (as defined in the APA) provided Purchaser has executed a confidentiality and non-use agreement satisfactory to the Maryland Debtors; (vii) the Maryland Debtors' corporate books and records relating to their organization and existence; (viii) any materials containing privileged communications or information about employees, disclosure of which would violate and employee's reasonable expectation of privacy and any other materials which are subject to attorney-client or any other privilege or requirement to maintain confidentiality (including any rights to assert privilege); (ix) any and all avoidance actions arising under applicable sections of the Bankruptcy Code; and (x) any executory contracts or unexpired leases not included and requested by Purchaser to be placed with and among Leases to be assumed by and assigned to Purchaser; (collectively, the "Excluded Asserts").

## BIDDING PROCEDURES

### A. General Bidding Procedures

8.     To appropriately evaluate competing bids and ensure an orderly Auction process, it is necessary to establish certain uniform sale and bidding procedures. In this regard, the Maryland Debtors intend to deliver a notice, as approved by the Court, of the proposed bidding terms and conditions (the "Sale Notice") to all parties who are known to have expressed an interest in the LCE Assets or who the Maryland Debtors otherwise believe may have an interest in a potential transaction.

9.     The Maryland Debtors propose that the Auction be conducted on the following terms and conditions (the "Bidding Procedures"):

A.     Each person or entity wishing to participate in the bid process must be a qualified bidder (a "Qualified Bidder"). In order for any third party to be a Qualified Bidder, it must, by no later than January 3, 2018 or at a time otherwise permitted by the Maryland Debtors:

(i)        execute a confidentiality agreement containing terms that the Maryland Debtors deem appropriate in their sole discretion;

(ii)       submit to the Maryland Debtors its most recent audited financial statements, current audited financial statements of its owners, or such other financial information, as the Maryland Debtors may reasonably determine, demonstrates the financial capability of the party to consummate the purchase of the LCE Assets and operate the Little Caesars franchise in accordance with any franchise agreement within the timeframe set forth herein;

(iii)     provide information required by Little Caesar Enterprises, Inc. necessary for approval of a franchisee candidate;

(iv)     provide sufficient information regarding both the bidder and the partner(s), if any, to satisfy the Maryland Debtors with respect to the requirements enumerated in § 363(n) of the Bankruptcy Code;

(v)      make a deposit (the "Qualified Bid Deposit") in an amount equal to ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00) made by cashier's check or by wire transfer of immediately available funds to an account designated by the Maryland Debtors. Wire transfer instructions may be obtained from the Maryland Debtors.

If the Maryland Debtors, in consultation with Little Caesar Enterprises, Inc., determine that a party has satisfied the foregoing, then the party is a "Qualified Bidder." Any disputes regarding whether a bidder is a "Qualified Bidder" shall be resolved by the Bankruptcy Court.

B.    Qualified Bids. In order to constitute a "Qualified Bid," a Qualified Bidder must submit to the Maryland Debtors the following (the "Bid Package") by the Bid Deadline:

(i)        A purchase agreement (an "Alternate Purchase Agreement") in substantially the form of the APA for all or part of the LCE Assets with terms not materially more burdensome to the Maryland Debtors than the APA or otherwise inconsistent with these Bid Procedures, which: (a) has been executed by a person with authority to irrevocably bind the bidder; (b) provides that the bidder agrees to serve as a Stalking Horse Bidder if the bidder's Qualified Bid is selected by the Maryland Debtors as the highest and best Qualified Bid; (c) is firm and unconditional and is not subject to any financing contingency, any contingency relating to the completion of unperformed due diligence, any contingency relating to the approval of the bidder's board of directors or other similar internal approvals or consents, any contingency relating to a material adverse change, or any other material conditions precedent to the bidder's obligation to close; (d) designates the executory contracts and unexpired leases as to which the bidder seeks assumption by the Maryland Debtors;

5

(e) is subject to acceptance by the Maryland Debtors solely by the Maryland Debtors' execution of the Alternate Purchase Agreement and approval of the Alternate Purchase Agreement by the Bankruptcy Court;

(ii) A document reflecting the differences between the APA and the Alternate Purchase Agreement, which must be prepared with a document comparison/redlining software;

(iii) Financial statements or other records that show the source of funds for the bidder's proposed purchase of the LCE Assets; and

(iv) A signed statement of the bidder (a) acknowledging that if chosen as the Successful Bidder (defined below), such bidder can consummate the purchase of the LCE Assets promptly upon approval of the Bankruptcy Court; and (b) agreeing that the bidder's offer in the Alternate Purchase Agreement is irrevocable until five (5) Business Days after the conclusion of the Auction.

(v) A statement or affirmation in writing that the Maryland Debtors' franchisor, Little Caesar Enterprises, Inc., approves of the Qualified Bidder.

C.    Bid Deadline.  All Bid Packages must be submitted to the Maryland Debtors at Rumberger, Kirk & Caldwell, Renasant Place, Suite 1300, 2001 Park Place North, Birmingham, Alabama 35203, Attn:  R. Scott Williams so as to be received not later than 5:00 p.m. prevailing Central time on February 5, 2018 (the "Bid Deadline") or such later date or time that the Maryland Debtors, in their reasonable discretion, establishes as the Bid Deadline.

D.    Selection of Stalking Horse.  If the Maryland Debtors receive one or more Qualified Bids, the Maryland Debtors shall select the highest and best of the Qualified Bids, and such selected Qualified Bid shall automatically become the "Stalking Horse Bid".  To the extent the Qualified Bidder under the Stalking Horse Bid (the "Stalking Horse Bidder") is not selected as the Successful Bidder, the Stalking Horse Bidder shall be entitled to receive $25,000 at closing of the sale as a break-up fee (the "Break-Up Fee").

E.    Auction.  If the Debtor receives a Stalking Horse Bid and one or more Qualified Bids, then on February 20, 2018 (the "Auction Date"), beginning at 10:00 a.m. prevailing Central time, at the offices of Rumberger, Kirk & Caldwell, Renasant Place, Suite 1300, 2001 Park Place North, Birmingham, Alabama 35203, or at such other location as may be designated by the Maryland Debtors, the Maryland Debtors will conduct an auction (the "Auction") to determine the highest or best bid.  The Maryland Debtors may conduct the Auction in the manner they determine will achieve the maximum recovery for the Maryland Debtors' estates.  Only Qualified Bidders who have submitted Qualified Bids shall be eligible to participate in (i.e., bid at) the Auction.

6

F.     Auction Process.  The Maryland Debtors shall commence the Auction with the Stalking Horse Bid as the initial bid (the "Initial Bid").  Qualified Bidders will be permitted to increase their bids and to agree to modifications to their bids in order to make their bids more favorable to the Maryland Debtors, provided that the first subsequent bid after the Initial Bid shall be at least FIFTY THOUSAND DOLLARS ($50,000.00) greater than the Initial Bid and each subsequent bid thereafter shall be at least TWENTY FIVE THOUSAND DOLLARS ($25,000.00) greater than the preceding bid (the "Incremental Bid Amount").  When evaluating the bids, the Maryland Debtors shall consider the financial and contractual terms of each bid and factors affecting the speed and certainty of closing with respect to each bid, provided however, all bids shall be without condition or requirement of any kind other than the conditions and requirements contained in the APA.  Such bidding shall continue until the Debtor concludes the Auction of the LCE Assets.  The Maryland Debtors may conduct the Auction and establish any procedures during the Auction as they deem reasonable in their sole and absolute discretion, including, but not limited to, the establishment of timing deadlines for the making of any bids. The Maryland Debtors retain sole discretion to remove any party that the Maryland Debtors deem disruptive from the Auction (except for Qualified Bidders). Bidding at the Auction will be transcribed by a certified court reporter to ensure an accurate recording of the bidding and the Maryland Debtors may also choose to have the Auction videotaped, in their sole and absolute discretion.  At the conclusion of the Auction, the Maryland Debtors shall identify the highest and best bid (the "Successful Bid"), based upon the foregoing Auction process and the Maryland Debtors' determination of the highest or otherwise best bid from a qualified bidder (the "Successful Bidder").  The Maryland Debtors shall retain full discretion and right to determine which bid or combination of bids, if any, constitutes the highest or otherwise best offer based on all circumstances, and which bid or combination of bids should be selected as the Successful Bid, all of which are subject to final approval by the Bankruptcy Court pursuant to the applicable provisions of the Bankruptcy Code.   To be clear, the Maryland Debtors retain the right to exercise their business judgment to determine which bid constitutes the highest or otherwise best bid. All bidding shall be conducted at the Auction and no bids shall be tendered or accepted after the Auction has concluded.

At the Auction, the second highest or otherwise best bid (or bids, in the case that the Maryland Debtors accept bids to sell the LCE Assets in multiple transactions), as determined by Maryland Debtors in their discretion (whether one or more, the "Back-Up Bid", and the bidder making such Back-Up Bid is herein referred to as the "Back-Up Bidder"), submitted at the Auction shall remain open and irrevocable for a period of ten (10) days following the entry of the Sale Order, and the Maryland Debtors shall continue to hold in escrow the Qualified Bidder Deposit of any party serving as a Back-Up Bidder.

G.     Qualified Bid Deposit. Each Qualified Bid Deposit tendered by the Stalking Horse Bidder, the Successful Bidder, or a Back-Up Bidder shall be held in escrow by the Maryland Debtors until the earlier of the following (the "Qualified Bid Refund Date"): (i) three (3) business days after the Closing of the Sale; or (ii) ninety (90) days after entry of the Bid Procedures Order. All other Qualified Bid Deposits other than the Qualified Bid Deposit of any party serving as a Back-Up Bidder shall be returned within three (3)

7

business days of the conclusion of the Auction. If the Successful Bidder (defined below) subsequently defaults or breaches, then the Qualified Bid Deposit submitted by such Successful Bidder shall be deemed forfeited and shall be retained by the Maryland Debtors for the benefit of the Maryland Debtors' estates.

H.      Notice of the Sale. The Maryland Debtors shall mail a *Notice of Sale* to all parties-in-interest by no later than January 25, 2017. The Notice of Sale shall provide instructions to counterparties to executory contracts and unexpired leases for obtaining a schedule of those executory contracts and unexpired leases that might be assumed by a buyer of the LCE Assets (the "Assumed Contracts") and the cure amounts, if any, under the Assumed Contracts. Prior to serving the Notice of Sale, the Maryland Debtors shall file a schedule of the Assumed Contracts (the "Cure Schedule") – including the proposed cure amounts, if any, under the Assumed Contracts (the "Cure Amounts") – with the Court. The Notice of Sale provides notice to all counterparties to the Assumed Contracts of: (i) the Maryland Debtors' proposed assumption of some or all of the Assumed Contracts and assignment of such Assumed Contracts to a buyer of the LCE Assets and (ii) the availability of the Cure Schedule upon written request to counsel for the Maryland Debtors.

Any objection on any basis that any party has to the Motion or to the assumption and assignment of any executory contracts or unexpired leases to which the Maryland Debtors is a party must be in writing and must be filed with the Court no later than 5:00 p.m. Central Standard Time on the date that is five (5) business days prior to the date of the Sale Hearing (the "Objection Deadline"), and served on the Maryland Debtors' counsel, so as to be received by no later than the Objection Deadline. An objection shall be in writing and set forth with particularity the grounds for such objection or other statements of position and otherwise comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Court. If a counterparty to any Assumed Contract fails to timely object to the Motion, in accordance with the deadlines and requirements set forth herein, the counterparty will be forever barred from disputing the Cure Amounts or otherwise asserting any other cure amounts with respect to the Assumed Contracts or from otherwise objecting to the assumption and assignment of the Assumed Contracts.

## THE SALE

10.      The Maryland Debtors request that the Court, for the benefit of the Maryland Debtors' estates, waive any and all transfer taxes, recordation fees, or similar amounts as part of the sale.

11.      Completion of the Proposed Sale will be subject to the contingencies set forth in the APA.

8

## APPLICABLE STANDARDS

### A. Business Judgment

12.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor-in-possession is given these rights by § 1107(a) of the Bankruptcy Code. See 11 U.S.C. § 1107(a). Moreover, § 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13.     To approve a use, sale, or lease of property other than in the ordinary course of business, the court must find some business justification.

14.     The Maryland Debtors believe their consideration of the Proposed Sale and conducting the Auction as described herein will achieve the highest benefit to the estate. Accordingly, the sale of the LCE Assets as set forth herein is in the best interest of the Maryland Debtors' chapter 11 estates and creditors. The Maryland Debtors believe that value added to the estate will be maximized if the Proposed Sale closes as soon as possible.

### B. Sale Free and Clear of Liens

15.     Section 363(f) of the Bankruptcy Code permits the Maryland Debtors to sell their respective estates' assets free and clear of all liens, claims, charges, encumbrances, or interests which may be asserted, with any such liens, claims, charges, encumbrances, or interests attaching to the proceeds of the sale, in the same order and priority in which they attached to the LCE Assets subject to the rights and defenses of the Maryland Debtors with respect thereto. Accordingly, the Maryland Debtors seek approval for the LCE Assets to be sold, conveyed,

9

transferred, and delivered to the Successful Bidder, free and clear of all liens, leases, encumbrances, and interests of any kind.

16.     The Maryland Debtors submit that the Proposed Sale complies with the provisions of §363(f) of the Bankruptcy Code. The Proposed Sale is in the best interest of the Maryland Debtors' estates and creditors.

### C. Good Faith Purchaser

17.     The Successful Bidder will be buying the LCE Assets in good faith in accordance with § 363 of the Bankruptcy Code.

18.     The Maryland Debtors are unaware of any indication of fraud or collusion with other potential bidders or the existence of an unfair advantage to Purchaser.

19.     The terms of the sale were negotiated at arms' length, which each party represented by independent and experienced attorneys of its own choosing.

20.     The Maryland Debtors believe that Successful Bidder will be a good faith purchaser and will proceed in good faith in all respects in connection with this proceeding and the sale of the LCE Assets. Thus, the sale should be subject to a finding by the Court under § 363(m) of the Bankruptcy Code that the Successful Bidder is a good faith purchaser of the LCE Assets. Although the Bankruptcy Code does not define "good faith purchaser," the phrase encompasses one who purchases in "good faith" and for "value."

21.     The Maryland Debtors further submit that the Proposed Sale, coupled with the Bidding Procedures, will maximize the value obtained for the LCE Assets and that the closing of the Proposed Sale should occur promptly after the Sale Hearing.

22.     Accordingly, the Proposed Sale to the Successful Bidder would be in "good faith" within the meaning of the Bankruptcy Code.

Case 17-03469-TOM7    Doc 154    Filed 11/22/17    Entered 11/22/17 13:30:54    Desc Main
Document    Page 10 of 22

**D. Time is of the Essence**

23.      The Maryland Debtors need to consummate a sale as soon as possible in order to have the ability to propose a Plan of Liquidation as expeditiously as possible.

**E. Sale Notice**

24.      The Maryland Debtors intend to serve this Motion upon (i) the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division; (ii) counsel to the Maryland Debtors; (iii) counsel to the Equity Interests; (iv) the creditor matrix; (v) counsel and all known parties holding liens, leaseholds, or other interests in the LCE Assets; (vi) all known parties that have heretofore expressed an interest in purchasing some or all of the LCE Assets or who the Maryland Debtors otherwise believe may have an interest in a potential transaction; (vii) counterparties to the Assumed Contracts; and (viii) all parties that have filed notices of appearance. The Maryland Debtors also intend to serve the Sale Notice upon the parties described above and all other parties required to be served pursuant to the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

25.      The Maryland Debtors propose that any party with an objection to this Motion or the Proposed Sale shall submit said objections to the Maryland Debtors and the Court on or before the Objection Deadline.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, the Maryland Debtors request that this Court enter an Order:

A.      Scheduling an expedited hearing to approve the Bidding Procedures, including but not limited to the Break-Up Fee;

B.      Authorizing and approving the Bidding Procedures, including but not limited to

11

the date for qualification of bidders, the Bid Deadline, the Objection Deadline, and the Break-Up Fee;

C.      Scheduling an Auction for the sale of the LCE Assets as provided for herein;

D.      Authorizing and approving the notice procedures set forth herein, including, without limitation, the form and substance of the Sale Notice;

E.      Should this Court approve and confirm the sale of the LCE Assets pursuant to the Proposed Sale or an Alternative Proposal, to authorize the Maryland Debtors, pursuant to Bankruptcy Rule 6004(f)(2), to execute any instrument necessary or appropriate, or as ordered by the Court, to consummate the Proposed Sale or Alternative Proposal resulting in a transfer the LCE Assets to the buyer; and

F.      To order that any liens, claims, charges, encumbrances, or interests of any parties in and to the LCE Assets attach to the proceeds received by the Maryland Debtors from the sale of the LCE Assets to the same extent and in the same priority they respectively have against the LCE Assets; and

G.      Should this Court approve and confirm the sale of the LCE Assets pursuant to the APA or such other bid, to allow the Maryland Debtors to retain the proceeds from such sale pending a determination by the Court as to the party or parties entitled to a distribution of such proceeds and the amount of such proceeds to which each such party is entitled; and

H.      To order the fourteen-day stay provided by Federal Rule of Bankruptcy Procedure, Rules 6004(g) and 6006(d) be expressly waived in any order approving this Motion, the Proposed Sale or an Alternative Proposal, time being of the essence; and

I.      Approving the Maryland Debtors' assumption and assignment of the Assumed Contracts pursuant to § 365 of the Bankruptcy Code; and

12

J.      Granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ R. Scott Williams
R. Scott Williams
Robert H. Adams
Frederick D. Clarke

Attorneys for Debtors
ALABAMA PARTNERS, LLC
BAMACHEX, INC.
MARYLAND LC VENTURES, LLC
MARYLAND PIZZA, INC.
PG COUNTY PARTNERS LLC
PG COUNTY PIZZA, INC.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
radams@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2017, the foregoing was served via CM/ECF and by depositing same in the United States Mail, first class, postage prepaid on the Notice Parties as indicated on the list attached hereto.

/s/ R. Scott Williams
Of Counsel

13

Label Matrix for local noticing
1126-2
Case 17-03469-TOM11
NORTHERN DISTRICT OF ALABAMA
Birmingham
Wed Nov 22 10:47:45 CST 2017

Advanced Restaurant Sales
111 Village Parkway Bldg #2
Marietta, GA 30067-4013

Alabama Partners, LLC
PO Box 551267
Jacksonville, FL 32255-1267

Checkers Drive-In Restaurants, Inc.
c/o Burr & Forman LLP
Derek Meek
420 N 20th St, Ste 3400
Birmingham, AL 35203-5210

City of Jasper
c/o Russell B. Robertson, Esq.
P.O. Box 498
Jasper, AL 35502-0498

Customized Distribution, LLC
% Daniel Sparks
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203-4633

NCEP, LLC Department
Ascension Capital Group
P.O. Box 165028
Irving, TX 75016-5028

Silver Hill II LLC
c/o Ellis Brazeal Jones Walker
1819 5th Avenue North
Suite 1100
Birmingham, AL 35203-2122

US Bank Equipment Finance
c/o Parnell & Parnell, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189

U. S. Bankruptcy Court
Robert S. Vance Federal Building
1800 5th Avenue North
Birmingham, AL 35203-2111

ABC Burglar Alarm Systems, Inc.
1532 A&B Pointer Ridge Place
Bowie, MD 20716-1883

ABC Burglar Alarm Systems, Inc.
1532 A&B Pointer Ridge Place
Bowie, Maryland 20716-1883

ANX Business Corp
Dept. 77399
PO Box 77000
Detroit, MI 48277-0399

ANX Business Corp
Dept. 77399
PO Box 77000
Detroit, Michigan 48277-0399

Affordable Refuse & Recycling, Inc.
PO Box 400
Cheltenham, MD 20623-0400

Affordable Refuse & Recycling, Inc.
PO Box 400
Cheltenham, Maryland 20623-0400

Al Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Alabama Child Support Payment Ctr
PO Box244015
Montgomery, AL 36124-4015

Alabama Department of Labor
631 Beacon Pkwy West, Ste. 203
Birmingham, AL 35209-3131

Alabama Department of Revenue
PO Box 327464
Montgomery, 36132-7464

Alabama Deptartment of Labor
649 Monroe Street
Montgomery, Alabama 36131-0099

Alabama Gas Corporation
605 Richard Arrington Blvd N
Birmingham, AL 35203-2707

Alabama Power Company
c/o Eric T. Ray
1901 Sixth Ave N, Suite 1500
Birmingham, AL 35203-4642

Allied Waste/Republic Services
3950 59th Street SW
Birmingham, AL 35221

Anniston Water Works
931 Noble Street
Anniston, AL 36201-5666

BRESCO
Birmingham Restaurant Supply
2428 Sixth Avenue S
Birmingham, AL 35233-3316

Bae's Woodberry, LLC
Attn: Ellen Kim
12104 Old Pine Way
Oak Hill, Virginia 20171-1630

Balboa Capital
2010 Main Street
11th Floor
Irvine, CA 92614-8250

Bank of the Ozarks
17901 Chenal Parkway
3rd Floor
Little Rock, AR 72223-5831

Bank of the Ozarks
PO Box 242208
Little Rock, AR 72223-0022

Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203-2111

Bessemer Utilities
PO Box 1246
Bessemer, AL 35021-1299

Betty Leeth Haynes
PO Box 279
Cullman, AL 35056-0279

Birmingham District Tax Office
P O Box 13156
Birmingham  AL  35202-3156

Birmingham Water Works Board
PO Box 830269
Birmingham, AL 35283-0269

Blue Cross and Blue Shield of Alabama
450 Riverchase Pkwy E
Birmingham, AL 35244-2858

Blue Line
2211 Woodward Ave.
Detroit, MI 48201-3467

Blue Line
2211 Woodward Ave.
Detroit, Michigan 48201-3467

Brinks
PO Box 101031
Atlanta, GA 30392-1031

Brinks
PO Box 101031
Atlanta, Georgia 30392-1031

Burns Septic
5291 Enterprise Street
Sykesville, MD 21784-9352

CAN Capital/Channel Partners Capital
11100 Wayzata Blvd., Ste. 305
Minnetonika, MN 55305-5537

CDI
5151 Brook Hollow Pkwy
Norcross, GA 30071-4912

CHTD Company
P.O. Box 2576
Springfield, IL 62708-2576

CHeckers Corporate
4300 West Cypress St. Suite 600
Tampa, FL 33607-4157

Calhoun County Sales Tax
Calhoun County Revenue Commissioner
1702 Noble St., Ste. 104
Anniston, AL 36201-3827

Can Capital Asset Servicing, Inc.
2015 Vaughn Road, Building 500
Kennesaw, GA 30144-7831

Checkers Corp.
4300 West Cypress St. Suite 600
Tampa, FL 33607-4157

City of Anniston
P.O. Box 2168
Anniston, AL 36202-2168

City of Bessemer
Revenue Department
1806 Third Avenue North
Bessemer, AL 35020-4906

City of Birmingham
710 North 20th Street
Room 600 City Hall
Birmingham, AL 35203-2281

City of Center Point
2209 Center Point Parkway
Center Point, Alabama 35215-4609

City of Cullman
PO 278
Cullman, AL 35056-0278

City of Gadsden
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725

City of Jasper
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725

City of Midfield
c/o RDS
PO Box 830725
Birmingham, AL 35283-0725

Coca Cola USA
PO Box 102499
Atlanta, GA 30368-2499

Comptroller of Maryland
110 Carroll Street
Annapolis, MD 21411-0001

Comptroller of Maryland
110 Carroll Street
Annapolis, Maryland 21411-0001

Corporation Service Company as Represent
PO Box 2576
Springfield, IL 62708-2576

| | | |
|---|---|---|
| Cullman County & City<br>PO Box 278<br>Cullman, AL 35056-0278 | Cullman Gas District<br>PO Box 399<br>Cullman, Alabama 35056-0399 | Cullman Power Board<br>106 Second Avenue NE<br>Cullman, AL 35055-2904 |
| Cyprus Air<br>7525 Richmond Hwy<br>Alexandria, VA 22306-2330 | DC Government<br>1101 4th Street SW<br>Suite W210<br>Washington, DC 20024-4457 | DC Government<br>1101 4th Street SW<br>Suite W210<br>Washington, District of Columbia 20024-4457 |
| DDRM Largo Town Center, LLC<br>DDR Corp.<br>3300 Enterprise Parkway<br>Beachwood, Ohio 44122-7200 | Department of Revenue<br>Jefferson County Courthouse<br>Birmingham  AL  35263 | Direct Capital<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 |
| ERDA LLC<br>c/o Mr. Daniel Feld, Manager<br>12600 Cumpston Street<br>Valley Village, CA 91607-1912 | ERDA LLC<br>c/o Mr. Daniel Feld, Manager<br>12600 Cumpston Street<br>Valley Village, California 91607-1912 | Elizabeth Jelks<br>8512 English Oak Loop<br>Montgomery, AL 36117-6822 |
| Elizabeth Jelks<br>8512 English Oak Loop<br>Montgomery, Alabama 36117-6822 | Etowah County<br>c/o RDS<br>PO Box 830725<br>Birmingham, AL 35283-0725 | Firemaster<br>Dept 1019<br>PO Box 121019<br>Dallas, TX 75312-1019 |
| First Insurance Funding<br>450 Skokie Blvd., Ste. 1000<br>Northbrook, IL 60062-7917 | Flowers Baking Company of Birmingham<br>900 16th Street N<br>Birmingham, AL 35203-1017 | Fred Garfield<br>Spain Gillon<br>2117 Second Avenue N<br>Birmingham, AL 35203-3753 |
| General Counsel<br>State Department of<br>Industrial Relations<br>Montgomery  AL  36102 | Good Hope Investments, LLC<br>9109 Lucky Estates Dr.<br>Vienna, Virginia 22182-1746 | HJK LLC<br>PO Box 175<br>Lincoln, AL 35096-0175 |
| HJK LLC<br>PO Box 175<br>Lincoln, Alabama 35096-0175 | HRS<br>PO Box 1624<br>Huntsville, AL 35807-0624 | Hearn Services, Inc.<br>d/b/a Johnson Service Company<br>John C. Saylor,<br>425 N. Court St.<br>Florence, AL 35630-4645 |
| IRH Capital<br>707 Skokie Blvd., Ste. 540<br>Northbrook, IL 60062-2895 | Internal Revenue Service<br>801 Broadway M/S 146<br>Nashville, TN 37203 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, Pennsylvania 19101-7346 | Iqbal Kaisani<br>10501 N. Central Expressway, Ste. 106<br>Dallas, TX 75231-2203 |

| | | |
|---|---|---|
| J T Smallwood - Tax Collector<br>Room 160<br>716 Richard Arrington Blvd. N.<br>Birmingham, AL 35203-0112 | Jefferson County EDU Sales Tax<br>716 Richard Arrington Jr. Blvd. N.<br>Birmingham, AL 35203-0100 | Jefferson County Sales Tax<br>716 Richard Arrington Jr. Blvd. N.<br>Birmingham, AL 35203-0100 |
| Johnson Service Company<br>2812 Ruffner Rd<br>Birmingham, AL 35210-3916 | Kelly Pruitt<br>1463 Secretariat Dr.<br>Helena, AL 35080-4138 | Libert Mutual/Cobbs Allen Hall<br>115 Office Park Dr., Ste. 200<br>Mountain Brook, AL 35223-2423 |
| Libert Mutual/Cobbs Allen Hall<br>115 Office Park Dr., Ste. 200<br>Mountain Brook, Alabama 35223-2423 | Little Caesars Caesar Fund Inc.<br>2211 Woodward Ave.<br>Detroit, MI 48201-3467 | Little Caesars Caesar Fund Inc.<br>2211 Woodward Ave.<br>Detroit, Michigan 48201-3467 |
| Little Caesars Corporate<br>2211 Woodward Ave.<br>Detroit, MI 48201-3467 | Little Caesars Corporate<br>2211 Woodward Ave.<br>Detroit, Michigan 48201-3467 | Loanme<br>1900 S State College Blvd., Ste. 300<br>Amaheim, CA 92806-6152 |
| Loanme<br>1900 S State College Blvd., Ste. 300<br>Amaheim, California 92806-6152 | Lucinda Leeth<br>3805 Cromwell Drive<br>Birmingham, AL 35243-5512 | MACRO LEASE<br>185 Express Street, Ste. 100<br>Plainview, NY 11803-2406 |
| Macrolease Corporation<br>185 Express St.<br>Suite 100<br>Plainview, NY 11803-2406 | Mark Williams<br>PO Box 551267<br>Jacksonville, FL 32255-1267 | Marlin Business Bank<br>2795 E Cottonwood Pkwy, Ste. 120<br>Salt Lake City, UT 84121-7092 |
| Marlow Heights Shopping Center, LP<br>c/o Gelman Management Co.<br>2120 L Street NW<br>Suite 800<br>Washington, District of Columbia 20037-1549 | Martha Sams<br>1541 Prairie Lane<br>Montgomery, AL 36117-3414 | Martha Sams<br>1541 Prairie Lane<br>Montgomery, Alabama 36117-3414 |
| Maryland Child Support Account<br>PO Box 17396<br>Baltimore, MD 21297-1396 | Maryland Child Support Account<br>PO Box 17396<br>Baltimore, Maryland 21297-1396 | Maverick VI, LLC<br>12612 Waterspout Court<br>Owings Mills, Maryland 21117-1006 |
| Melissa Hayward<br>10501 N. Central Expressway, Suite 106<br>Dallas , TX 75231-2203 | Merchant Cash Cloud<br>5757 NW 151st Street<br>Miami Lakes, FL 33014-2482 | Merchant Cash Cloud<br>5757 NW 151st Street<br>Miami Lakes, Florida 33014-2482 |
| Muzak<br>Focus Four LLC<br>PO Box 638793<br>Cincinnati, OH 45263-8793 | NASA Federal Credit Union<br>500 Prince Georges Blvd.<br>Upper Marlboro, MD 20774-8732 | NASA Federal Credit Union<br>PO Box 1588<br>Bowie, MD 20717-1588 |

NCMIC Finance Company
14001 University Avenue
Clive, Iowa 50325-8273

NUCO2
2800 SE Market PL
Stuart, FL 34997-4965

Navin Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Navitas
111 Executive Ctr Dr.
Suite 102
Columbia, SC 29210-8414

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, FL 32256-2128

ONEILAATS LLC
10879 Coral Shores Dr # 210
Jacksonville, Florida 32256-2128

PEPCO
P O Box 97294
Washington DC 20090-7294

PEPCO
PO Box 13608
Philadelphia, Pennsylvania 19101-3608

PEPSICO
1100 Reynolds Blvd.
Winston-Salem, NC 27105-3400

Pervez Kaisani
10501 N. Central Expressway, Ste. 106
Dallas, TX 75231-2203

Prince Georges County, Maryland
Meyers, Rodbell & Rosenbaum, P.A.
c/o M. Evan Meyers
6801 Kenilworth Ave., Suite 400
Riverdale Park, MD 20737-1331

RDS
PO Box 830725
Birmingham, AL 35283-0725

RLC Funding, a division of Navitas Lease
111 Executive Center Dr.
Suite 102
Columbia, SC 29210-8414

Receivables Advance
P.O. Box 15270
Irvine, CA 92623-5270

Regency Centers Corporation
One Independent Drive
Suite 114
Jacksonville, FL 32202-5005

Regions Bank
1900 Fifth Avenue North
Birmingham, AL 35203-2670

Republic Services
3950 50th Street SW
Birmingham, Alabama 35221-1847

Richard Blount Construction, LLC
163 Haygood Ave. SE
Atlanta, GA 30315-1928

Richard Ruggiero
c/o Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401-2032

Rivertowne Center ACQ
8 Industrial Way
East Eatonton, New Jersey 07724-3317

SUSQUEHANNA SALT LAKE LLC
136 E South Temple, Ste. 1400
Salt Lake City, Utah 84111-1143

Sartino, Inc.
5285 Briarwood Circle
Pinson, AL 35126-2986

Secretary of the Treasury
1500 Pennsylvania Ave., NW
Washington, DC 20220-0001

SecureConnect/Trustwave
75 Remittance Drive
Dept. 1999
Chicago, IL 60675-1999

Sharp Realty
Attn: Accounts Receivable
400 Union Hill Dr.
Birmingham, AL 35209-2064

Silver Hill II
Combined Properties
1255 22nd Street, NW
Washington, District of Columbia 20037-1225

Stanley
8350 Sunlight Drive
Fishers, IN 46037-6700

State Department of Revenue
P O Box 1927
Pelham AL 35124-5927

State of Alabama
Department of Revenue
Legal Division
PO Box 320001
Montgomery, Alabama 36132-0001

State of Alabama Dept of Revenue
P O Box 320001
Montgomery  AL 36132-0001

| | | |
|---|---|---|
| Steritech<br>PO Box 471127<br>Charlotte, NC 28247-1127 | Steritech<br>PO Box 472127<br>Charlotte, NC 28247-2127 | Steritech<br>PO Box 472127<br>Charlotte, North Carolina 28247-2127 |
| The Coca-Cola Company<br>One Coca-Cola Plaza<br>Atlanta, GA 30313-2499 | The Hartford<br>8711 University East Drive<br>Charlotte, NC 28213-4233 | The Hartford<br>8711 University East Drive<br>Charlotte, North Carolina 28213-4233 |
| Tyco Integrated Security, LLC<br>10405 Crosspoint Blvd.<br>Indianapolis IN 46256-3323 | Tyco Security<br>c/o ADT Security Services, Inc.<br>PO Box 371967<br>Pittsburgh, PA 15250-7967 | U.S. Bank Equipment Finance<br>A division of U.S. Bank N.A.<br>1310 Madrid Street<br>Marshall, MN 56258-4099 |
| U.S. Securities and Exchange Commission<br>Branch of Reorganization<br>950 East Paces Ferry Road Ste 900<br>Atlanta, GA 30326-1382 | USB Equipment Finance<br>220 26th Street<br>Minniapolis, MN | USRP I, LLC<br>Attn: Legal Dept.<br>One Independent Dr.<br>Suite 114<br>Jacksonville, Florida 32202-5005 |
| UniFi Equipment Finance<br>3893 Research Park Drive<br>Ann Arbor, MI 48108-2217 | United States Attorney<br>Northern District of Alabama<br>1801 Fourth Avenue North<br>Birmingham, AL 35203-2101 | United States Bankruptcy Administrator<br>Northern District of Alabama<br>1800 Fifth Avenue North<br>Birmingham, AL 35203-2111 |
| Verizon Business<br>PO Box 660720<br>Dallas, TX 75266-0720 | Verizon Business<br>PO Box 660720<br>Dallas, Texas 75266-0720 | Verizon Business Global LLC, on behalf of it<br>William Vermette<br>22001 Loudoun County Pkwy<br>Ashburn, VA 20147-6105 |
| WSSC<br>1405 Swetizer Lane<br>Laurel, MD 20707 | (p)WAND CORPORATION<br>7575 CORPORATE WAY<br>EDEN PRAIRIE MN 55344-2022 | Washington Gas<br>6801 Industrial Road<br>Sprinfield, VA 22151-4205 |
| Washington Gas<br>6801 Industrial Road<br>Sprinfield, Virginia 22151-4205 | Wazir Kaisani<br>10501 N. Central Expressway, Ste. 106<br>Dallas, TX 75231-2203 | YES Energy Management<br>PO Box 660901<br>Dallas, TX 75266-0901 |
| Yellowstone<br>30 Broad Street<br>14th FL, Ste. 1462<br>New York, NY 10004-2304 | Yellowstone<br>30 Broad Street<br>14th FL, Ste. 1462<br>New York, New York 10004-2304 | Frederick Darrell Clarke III<br>Rumberger, Kirk & Caldwell<br>2001 Park Place North<br>Suite 1300<br>Birmingham, AL 35203-2735 |
| Insolvency Section Internal Revenue Service<br>801 Broadway<br>MDP 146, Room 285<br>Nashville, TN 37203-3816 | J. Thomas Corbett<br>Bankruptcy Administrator<br>1800 5th Avenue North<br>Birmingham, AL 35203-2111 | Jon A Dudeck<br>Bankruptcy Administrator-Bham Office<br>1800 5th Ave N Rm 132<br>Birmingham, AL 35203-2126 |

```
R. Scott Williams                          Robert H Adams
Rumberger, Kirk & Caldwell, P.C.           Rumberger, Kirk & Caldwell, P.C.
2001 Park Place North                      2001 Park Place North
Suite 1300                                 Suite 1300
Birmingham, AL 35203-2700                   Birmingham, AL 35203-2735
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service       (d)Internal Revenue Service    (d)Internal Revenue Service
801 Tom Martin Dr              801 Tom Martins Dr.            P O Box 21126
Birmingham AL 35211            Mail Stop 126                  Philadelphia PA 19114
                              Birmingham, Alabama 35211


Wand Corporation
7593 Corporate Way
Eden Prairie, MN 55344
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Bottling Group, LLC and its affiliates and    (u)Little Caesar Enterprises, Inc.    (u)R&F Birmingham, LLC


(u)Child Support DC              (u)Haynes Family              (u)Kelly Hall


(u)Liz Whidden                   (u)Mark Williams              (d)Mark Williams
                                                               PO Box 551267
                                                               Jacksonville, FL 32255-1267


(u)Pervez Kaisani                (u)WHP, LLC                   (u)Wazir Kaisani


(u)Iqbar Kaisani                 (du)Pervez Kaisani            (du)Wazir Kaisani
```

```
End of Label Matrix
Mailable recipients    181
Bypassed recipients     15
Total                  196
```

**5.03    Cooperation.**  From and after the date of this Agreement, each of the parties hereto will cooperate fully with the others to facilitate the consummation of the transactions provided for herein.

**5.04    The Closing.**  The closing of the purchase and sale of the Purchased Assets (the "Closing") will take place on the time and date identified by the Bankruptcy Court (the "Closing Date"), at such business location as acceptable to Sellers.

**ARTICLE VI**

**CONDITIONS PRECEDENT TO THE OBLIGATIONS OF
ALL PARTIES**

The respective obligations of each party to effect the transactions contemplated herein shall be subject to the fulfillment or waiver at or prior to the Closing Date of the following conditions:

**6.01    Approval by LCE.**  The purchase and sale of the Purchased Assets by Purchaser from Sellers and the operation of the LCE Restaurants by Purchaser shall be approved by LCE, and if LCE shall assess any assignment fee or other cost or expense incidental to the approval or consent, Purchaser shall pay all such amounts.  Purchasers shall be responsible for securing satisfactory approvals and franchise transfers and/or assignments from LCE and shall be responsible for providing such guarantees as needed to obtain the full release of Sellers and any of Sellers' guarantors from the Franchise Agreement.

**ARTICLE VII**

**CONDITIONS PRECEDENT TO OBLIGATION
OF PURCHASER**

The obligations of Purchaser to effect the transactions contemplated herein shall be subject to the fulfillment or waiver at or prior to the Closing Date of the following conditions:

**7.01    Representations and Warranties.**  The representations and warranties of Sellers set forth herein shall be true and correct in all material respects as of the date of this Agreement and as of the Closing Date (as through made on and as of the Closing Date) except (i) to the extent such representations and warranties are by their expressed provisions made as of a specified date and (ii) for the effect of transactions contemplated by this Agreement.

**7.02    Performance of Obligations.**  Sellers shall have performed in all material respects all obligations required to be performed by them under this Agreement at or prior to the Closing Date.

**7.03    Officers' Certificate.**  Sellers shall have furnished to Purchaser a certificate dated the Closing Date, signed on behalf of Sellers by their senior executive officer, to the effect that,

Case 17-03469-TOM7    Doc 154    Filed 11/22/17    Entered 11/22/17 13:30:54    Desc Main
Document        Page 22 of 22