## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE : | ) | **Chapter 11** |
| | ) | |
| **ALABAMA PARTNERS, LLC,** *et al.*, | ) | **Case No. 17–03469-TOM11** |
| | ) | |
| Debtors.[1] | ) | **(Jointly Administered)** |
| _____ | ) | |

## MOTION TO COMPROMISE

COMES NOW, the above captioned Debtors, as debtors and debtors in possession in the above-captioned Chapter 11 case (the "Debtors"), by and through undersigned counsel of record, and move this Honorable Court for permission to enter into compromises with certain parties identified below as set forth hereinafter:

1.      On August 11, 2017 (the "Petition Date"), each Debtor commenced with this Court a voluntary chapter 11 case under Title XI of the United States Code (the "Bankruptcy Code").

2.      The Debtors continue to operate their businesses and manage their properties as Debtors-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.      No trustee, examiner or statutory committee of creditors has been appointed in these chapter 11 cases.

4.      The Debtors are continuing to operate the five Little Caesars Pizza stores and facilities known as the "Maryland Stores".

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: Alabama Partners, LLC (7131); BamaChex, Inc. (6953); Maryland LC Ventures, LLC (6974); Maryland Pizza, Inc. (6929); PG County Partners LLC (2811); and PG County Pizza, Inc. (3902). The service address for each of the Debtors is P.O. Box 551267, Jacksonville, FL 32255.

5.     The franchisor, Little Caesars Enterprises, Inc. has continued to work with the Debtors as they seek to sell the Maryland Stores pursuant to the previously filed motions for authority to conduct auction.

6.     As part of the cooperation, the Debtors, Little Caesars Enterprises, Inc., and its wholly owned subsidiary, Blue Line Foodservice Distribution, Inc., have entered into two separate settlement agreements attached hereto as Exhibit A and Exhibit B.  These settlement agreements represent the agreements between the parties for providing administrative claims payments to assist in the wind down of previously closed stores and for the operation of the Debtors going forward.

7.     The Debtors believe that entering into these agreements is in the best interest of the estate and will assist the Debtors in maximizing return on the sale of the Maryland stores. The Debtor further asserts that the settlements will resolve any potential disputes in litigation between the Debtors and the Little Caesars entities and are as such due to be approved.

8.     The Eleventh Circuit has held that the Bankruptcy Court must consider and evaluate certain factors in the compromise of litigation.  These factors include: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expenses, inconvenience and delay necessarily in attending it; and (d) the paramount interests of creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir.) *cert. denied* 498 U.S. 959 (1990).

9.     Based upon the factors articulated by the Eleventh Circuit and the benefits of the estate, the Trustee asserts that the settlement is in the best interest of the estate.

2

WHEREFORE, premises considered, the Trustee prays that after notice, hearing and consideration that he be allowed to enter into the attached agreements, and for such further and additional relief as the Court may order.

Dated this 28th day of November, 2017.

Respectfully submitted,

/s/ R. Scott Williams
R. Scott Williams
Robert H. Adams
Frederick D. Clarke


Proposed Attorneys for Debtors
ALABAMA PARTNERS, LLC
BAMACHEX, INC.
MARYLAND LC VENTURES, LLC
MARYLAND PIZZA, INC.
PG COUNTY PARTNERS LLC
PG COUNTY PIZZA, INC.

**Of Counsel:**
**RUMBERGER, KIRK & CALDWELL, P.C.**
Renasant Place
Suite 1300
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 327-5550
Facsimile: (205) 326-6786
swilliams@rumberger.com
radams@rumberger.com
fclarke@rumberger.com

3

## CERTIFICATE OF SERVICE

I, R. Scott Williams, hereby certify that on the 28th day of November, 2017, I have caused to be electronically served a true and correct copy of the foregoing document in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

/s/ R. Scott Williams
Of Counsel

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ALABAMA PARTNERS, LLC, *et al.*, | ) | Case No. 17-03469-TOM11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

---

### SETTLEMENT AGREEMENT REGARDING THREE CLOSED STORES
### (LITTLE CAESAR ENTERPRISES, INC.)

---

This Settlement Agreement (this "**Agreement**"), dated November 28, 2017, is between Little Caesar Enterprises, Inc. ("**LCE**"), and PG County Pizza, Inc., PG County Partners LLC, Maryland Pizza, Inc., and Maryland LC Ventures, LLC (collectively, the "**Debtors**" and, together with LCE, the "**Parties**").

### RECITALS

A.     The Debtors are parties, as franchisees, to the following Franchise Agreements with LCE (each, a "**Franchise Agreement**" and collectively, the "**Franchise Agreements**"), as franchisor, pursuant to which the respective Debtors were authorized to operate three Little Caesar restaurants (collectively, the "**Stores**") at the following locations:

| Debtor/Franchisee | Franchise Agreement | Store No. | Store Location |
|---|---|---|---|
| PG County Pizza, Inc.; PG County Partners LLC | Franchise Agreement dated effective 10/24/2013 | 1968-005 | 36 Watkins Park Drive Upper Marlboro, Md |
| Maryland Pizza, Inc. | Franchise Agreement dated effective 7/30/2015 | 1968-007 | 1918 14th Street SE Washington, DC |
| Maryland LC Ventures, LLC | Franchise Agreement dated effective 2/12/2016 | 1968-008 | 950 Largo Center Drive Upper Marlboro, Md |

B.     Each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "**Bankruptcy Court**"), on August 11, 2017 (the "**Petition Date**"), thereby commencing case nos. 17-03475-TOM11 (PG

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: Alabama Partners, LLC (7131); BamaChex, Inc. (6953); Maryland LC Ventures, LLC (6974); Maryland Pizza, Inc. (6929); PG County Partners LLC (2811); and PG County Pizza, Inc. (3902). The service address for each of the Debtors is P.O. Box 551267, Jacksonville, FL 32255.

County Pizza, Inc.), 17-03474-TOM11 (PG County Partners LLC), 17-03473-TOM11 (Maryland Pizza, Inc.), and 17-03472-TOM11 (Maryland LC Ventures, LLC) (each, a "**Case**" and collectively, the "**Cases**").[2]

C. The Bankruptcy Court entered an Order Authorizing Termination of Certain Executory Contracts [Docket No. 107] on September 14, 2017, approving the rejection of each of the Franchise Agreements by the respective Debtors effective as of September 18, 2017.

D. The Debtors ceased operating the respective Stores on September 18, 2017 (the "**Cessation Date**").

E. The Parties desire to resolve any potential disputes regarding the amounts and priorities of payment of all amounts due to LCE relating to the Stores.

## AGREEMENT

Accordingly, the Parties agree as follows:

1. **Recitals.** The foregoing Recitals are true and correct and are incorporated herein by this reference.

2. **Allowed Administrative Expense Claims.**

a. Amounts: LCE shall have allowed administrative expense claims for the amounts that became due and payable under each of the Franchise Agreements from and after the Petition Date and through September 11, 2017 pursuant to Bankruptcy Code § 503(b)(1)(A) subject to the priority of payment specified in Bankruptcy Code § 507(a)(2) in the following amounts in the following Cases (each, an "**Allowed Administrative Expense Claim**"):

| Debtor | Case No. | Royalty Amount | Caesar Fund Advertising Amount |
|---|---|---|---|
| PG County Pizza, Inc.* | 17-03475-TOM11 | $1,968.08 | $1,312.06 |
| PG County Partners LLC* | 17-03474-TOM11 | $1,968.08 | $1,312.06 |
| Maryland Pizza, Inc. | 17-03473-TOM11 | $2,609.28 | $1,739.52 |
| Maryland LC Ventures, LLC | 17-03472-TOM11 | $1,877.14 | $1,251.44 |

* These Debtors are jointly and severally liable to LCE for the Allowed Administrative Expense Claim amounts, but LCE is only entitled to recover those amounts once each.

b. Payment Terms: The Debtors will pay the Allowed Administrative Expense Claim in cash in full within 10 days following the final order approving this Agreement.

---

[2] The Bankruptcy Court entered an Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases pursuant to which each of the Cases is jointly administered with the Chapter 11 cases *In re Bamachex, Inc.*, Case No. 17-03471, and *In re Alabama Partners, LLC*, Case No. 17-03469-TOM11, with Case no. 17-03469-TOM11 designated as the lead case. All references to Docket Nos. in this Agreement are to Docket Nos. in Case No. 17-03469-TOM11.

3. **Allowed Unsecured Claims Without Priority.**

    a.    Amounts:  LCE shall have allowed unsecured claims without priority over other unsecured claims that arose prior to the Petition Date for the unpaid amounts that became due and payable under each of the Franchise Agreements prior to the Petition Date in the following amounts in the following Cases (each, an "**Allowed Unsecured Claim**"):

| Debtor | Case No. | Royalty Amount | Caesar Fund Advertising Amount |
|---|---|---|---|
| PG County Pizza, Inc.* | 17-03475-TOM11 | $369.03 | $517.73 |
| PG County Partners LLC* | 17-03474-TOM11 | $369.03 | $517.73 |
| Maryland Pizza, Inc. | 17-03473-TOM11 | $548.42 | $697.48 |
| Maryland LC Ventures, LLC | 17-03472-TOM11 | $384.81 | $484.20 |

* These Debtors are jointly and severally liable to LCE for the Allowed Unsecured Claim amounts, but LCE is only entitled to recover those amounts once each.

    b.    Payment Terms:  Each of the Debtors will pay its respective Allowed Unsecured Claims on the terms and at the times that it pays its other creditors holding allowed unsecured claims not entitled to priority.

3. **LCE Reservation of Rights.**

    a.    Other Restaurants:  LCE reserves each and all of its rights and remedies against each and all of the Debtors relating to each of the other Little Caesar restaurants operated by any one of more of the Debtors, including its rights pursuant to Bankruptcy Code § 503(b)(1)(A) to seek payment in full of all amounts that become due and payable under the franchise agreements relating to such other restaurants after the Petition Date, and its rights to file proofs of claim for all other amounts that became due prior to the Petition Date under the franchise agreements relating to such other restaurants.

    b.    Guarantors:  LCE reserves each and all of its rights and remedies against each and every guarantor of each of the Franchise Agreements and against each and every guarantor of every other franchise agreement between LCE and any one or more of the Debtors.

4. **Bankruptcy Court Approval.**  This Agreement shall become effective and binding upon the Parties on the date that an order of the Bankruptcy Court approving this Agreement becomes final and non-appealable.

5. **Miscellaneous.**

    a.    The Parties hereby represent and warrant that: (i) they have full authority to execute this Agreement on behalf of the respective Parties; (ii) the respective Parties have full knowledge of, and have consented to, this Agreement; and (iii) they are fully authorized to bind the respective Parties to all of the terms and conditions of this Agreement.

3

b.       This Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them.  This Agreement may not be changed, modified, amended or supplemented, except in a writing signed by all of the Parties.

c.       Signatures on this Agreement by facsimile or electronic signatures shall be treated as original signatures for all purposes.

d.       This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

e.       The Parties hereby submit to the exclusive jurisdiction of the Bankruptcy Court to resolve any dispute with respect to or arising from this Agreement.

f.       This Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any of the Parties.

**LCE:**                                                  **Debtors:**
Little Caesar Enterprises, Inc.                PG County Pizza, Inc.


By: _____         By: _____
Its: _____         Its: _____

                                                          PG County Partners LLC


                                                          By: _____
                                                          Its: _____

                                                          Maryland Pizza, Inc.


                                                          By: _____
                                                          Its: _____

                                                          Maryland LC Ventures, LLC


                                                          By: _____
                                                          Its: _____

4822-1429-8706 v.1

4

# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **ALABAMA PARTNERS, LLC**, *et al.*, | ) | **Case No. 17-03469-TOM11** |
| | ) | |
| Debtors.[1] | ) | **(Jointly Administered)** |
| | ) | |

---

## SETTLEMENT AGREEMENT REGARDING THREE CLOSED STORES
## (BLUE LINE FOODSERVICE DISTRIBUTION, INC.)

---

This Settlement Agreement (this "**Agreement**"), dated November 28, 2017, is between Blue Line Foodservice Distribution, Inc. ("**Blue Line**"), and PG County Pizza, Inc., PG County Partners LLC, Maryland Pizza, Inc., and Maryland LC Ventures, LLC (collectively, the "**Debtors**" and, together with Blue Line, the "**Parties**").

## RECITALS

A.     The Debtors are parties, as franchisees, to the following Franchise Agreements with Little Caesar Enterprises, Inc. (each, a "**Franchise Agreement**" and collectively, the "**Franchise Agreements**"), as franchisor, pursuant to which the respective Debtors were authorized to operate three Little Caesar restaurants (collectively, the "**Stores**") at the following locations:

| Debtor/Franchisee | Franchise Agreement | Store No. | Store Location |
|---|---|---|---|
| PG County Pizza, Inc.; PG County Partners LLC | Franchise Agreement dated effective 10/24/2013 | 1968-005 | 36 Watkins Park Drive Upper Marlboro, Md |
| Maryland Pizza, Inc. | Franchise Agreement dated effective 7/30/2015 | 1968-007 | 1918 14th Street SE Washington, DC |
| Maryland LC Ventures, LLC | Franchise Agreement dated effective 2/12/2016 | 1968-008 | 950 Largo Center Drive Upper Marlboro, Md |

B.     Blue Line sold and delivered food ingredients, restaurant supplies and other goods to the Debtors on credit in the ordinary course of the Debtors' businesses of operating the respective Stores.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if any, are: Alabama Partners, LLC (7131); BamaChex, Inc. (6953); Maryland LC Ventures, LLC (6974); Maryland Pizza, Inc. (6929); PG County Partners LLC (2811); and PG County Pizza, Inc. (3902). The service address for each of the Debtors is P.O. Box 551267, Jacksonville, FL 32255.

C.     Each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "**Bankruptcy Court**"), on August 11, 2017 (the "**Petition Date**"), thereby commencing case nos. 17-03475-TOM11 (PG County Pizza, Inc.), 17-03474-TOM11 (PG County Partners LLC), 17-03473-TOM11 (Maryland Pizza, Inc.), and 17-03472-TOM11 (Maryland LC Ventures, LLC) (each, a "**Case**" and collectively, the "**Cases**").[2]

D.     The Bankruptcy Court entered an Order Authorizing Termination of Certain Executory Contracts [Docket No. 107] on September 14, 2017, approving the rejection of each of the Franchise Agreements by the respective Debtors effective as of September 18, 2017.

E.     The Debtors ceased operating the respective Stores on September 18, 2017 (the "**Cessation Date**").

F.     The Parties desire to resolve any potential disputes regarding the amounts and priorities of payment of all amounts due to Blue Line relating to the Stores.

## AGREEMENT

Accordingly, the Parties agree as follows:

1.     **Recitals.**  The foregoing Recitals are true and correct and are incorporated herein by this reference.

2.     **Allowed Administrative Expense Claims.**

a.     Amounts:  Blue Line shall have allowed administrative expense claims for the value of product supplied to the Stores from and after the Petition Date and through September 11, 2017 pursuant to Bankruptcy Code § 503(b)(1)(A) subject to the priority of payment specified in Bankruptcy Code § 507(a)(2) in the following amounts in the following Cases (each, an "**Allowed Administrative Expense Claim**"):

| Debtor | Case No. | Amount |
|---|---|---|
| PG County Pizza, Inc.* | 17-03475-TOM11 | $4,085.23 |
| PG County Partners LLC* | 17-03474-TOM11 | $4,085.23 |
| Maryland Pizza, Inc. | 17-03473-TOM11 | $6,215.52 |
| Maryland LC Ventures, LLC | 17-03472-TOM11 | $3,945.27 |

---

[2] The Bankruptcy Court entered an Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases pursuant to which each of the Cases is jointly administered with the Chapter 11 cases *In re Bamachex, Inc.,* Case No. 17-03471, and *In re Alabama Partners, LLC,* Case No. 17-03469-TOM11, with Case no. 17-03469-TOM11 designated as the lead case.  All references to Docket Nos. in this Agreement are to Docket Nos. in Case No. 17-03469-TOM11.

\* These Debtors are jointly and severally liable to Blue Line for the Allowed Administrative Expense Claim amount, but Blue Line is only entitled to recover that amount once.

       b.     Payment Terms: The Debtors will pay the Allowed Administrative Expense Claim in cash in full within 10 days following the final order approving this Agreement.

    3.    **Allowed Section 503(b)(9) Claims.**

       a.     Amounts: Blue Line shall have allowed administrative expense claims for the value of product received by the respective Debtors for use at the Stores during the twenty days prior to the Petition Date pursuant to Bankruptcy Code § 503(b)(9) subject to the priority of payment specified in Bankruptcy Code § 507(a)(2) in the following amounts in the following Cases (each, an "**Allowed Section 503(b)(9) Claim**"):

| Debtor | Case No. | Amount |
|--------|----------|--------|
| PG County Pizza, Inc.* | 17-03475-TOM11 | $4,584.06 |
| PG County Partners LLC* | 17-03474-TOM11 | $4,584.06 |
| Maryland Pizza, Inc. | 17-03473-TOM11 | $5,789.42 |
| Maryland LC Ventures, LLC | 17-03472-TOM11 | $3,862.86 |

\* These Debtors are jointly and severally liable to Blue Line for the Allowed Section 503(b)(9) Claim amount, but Blue Line is only entitled to recover that amount once.

       b.     Payment Terms: Each of the Debtors will pay its respective Allowed Section 503(b)(9) Claim in cash in full within 10 days following the final order approving this Agreement.

    3.    **Blue Line Reservation of Rights.**

       a.     Other Restaurants: Blue Line reserves each and all of its rights and remedies against each and all of the Debtors relating to each of the other Little Caesar restaurants operated by any one of more of the Debtors, including its rights pursuant to Bankruptcy Code § 503(b)(1)(A) to seek payment in full of all amounts that become due for product provided to any one or more of the Debtors for use at such other restaurants after the Petition Date, its rights pursuant to Bankruptcy Code § 503(b)(9) to seek payment in full of all amounts that are due for product provided to any one or more of the Debtors for use at such other restaurants during the twenty days prior to the Petition Date, and its rights to file proofs of claim for all other amounts that became due prior to the Petition Date relating to such other restaurants.

       b.     Guarantors: Blue Line reserves each and all of its rights and remedies against each and every guarantor of each of the Franchise Agreements and against each and every guarantor of every other franchise agreement between Little Caesar Enterprises, Inc. and any one or more of the Debtors.

3

4. **Bankruptcy Court Approval.** This Agreement shall become effective and binding upon the Parties on the date that an order of the Bankruptcy Court approving this Agreement becomes final and non-appealable.

5. **Miscellaneous.**

     a. The Parties hereby represent and warrant that: (i) they have full authority to execute this Agreement on behalf of the respective Parties; (ii) the respective Parties have full knowledge of, and have consented to, this Agreement; and (iii) they are fully authorized to bind the respective Parties to all of the terms and conditions of this Agreement.

     b. This Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Agreement may not be changed, modified, amended or supplemented, except in a writing signed by all of the Parties.

     c. Signatures on this Agreement by facsimile or electronic signatures shall be treated as original signatures for all purposes.

     d. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

     e. The Parties hereby submit to the exclusive jurisdiction of the Bankruptcy Court to resolve any dispute with respect to or arising from this Agreement.

     f. This Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any of the Parties.

*[Signature Page Follows]*

4

| Blue Line: | Debtors: |
|---|---|
| Blue Line Foodservice Distribution, Inc.<br><br>By: _____<br>Its: _____ | PG County Pizza, Inc.<br><br>By: _____<br>Its: _____ |
| | PG County Partners LLC<br><br>By: _____<br>Its: _____ |
| | Maryland Pizza, Inc.<br><br>By: _____<br>Its: _____ |
| | Maryland LC Ventures, LLC<br><br>By: _____<br>Its: _____ |

4812-4609-3649 v.1

5