

# EQUIPMENT FINANCE AGREEMENT

## THIS AGREEMENT IS NOT CANCELABLE

| SECURED PARTY | DEBTOR (full legal name and address) | CONTRACT NO. |
|---|---|---|
| Bank of the Ozarks<br>P.O. BOX 242208<br>Little Rock, AR 72223-2208 | MARYLAND LC VENTURES LLC<br>DBA LITTLE CAESARS<br>1809 HAREWOOD LANE<br>CROFTON MD 21114 | 7255.1 |

### EQUIPMENT FINANCED

NEW LITTLE CAESARS FRANCHISE LOCATION, EQUIPMENT, FIXTURES AND OTHER GOODS.

All the items identified or described in the invoices attached hereto; such constitute a schedule to this agreement and are part of this agreement.

### EQUIPMENT LOCATION IF OTHER THAN DEBTOR'S ADDRESS:

36 WATKINS PARK DR      UPPER MARLBORO      MD      20774.

| NUMBER OF MONTHLY PAYMENTS | MONTHLY PAYMENT | NUMBER OF ADVANCE PAYMENTS | OTHER PAYMENTS |
|---|---|---|---|
| 60 | $3,724.34 | None | DOWN PAYMENT<br>$3,776.00 |

### TERMS AND CONDITIONS

The words YOU and YOUR refer to the Debtor identified above. The words WE, US, and OUR refer to Bank of the Ozarks.

1. **EFFECTIVE DATE:** This Equipment Finance Agreement (this "Agreement") shall be effective when it has been signed by both you and us.

2. **EQUIPMENT FINANCING:** Subject to the terms and conditions contained in this Agreement, we have agreed to provide financing for the equipment (the "Equipment") described above. This is solely a financing agreement. You selected the Equipment and the supplier from whom it was purchased. We are not responsible for any statements made to you by such supplier or any intermediary. We make no representation or warranty of any kind with respect to the Equipment, including its merchantability, suitability, fitness for any particular purpose, or value.

3. **TERMS AND PAYMENTS:** You promise to pay us the total of all the payments that are indicated above, which can be determined by multiplying the number of monthly payments times the monthly payment amount and the other payments, all as indicated above. The monthly payments shall commence on the date specified by us following our acceptance of this Agreement, and shall continue thereafter to be paid on the same day of each succeeding month, in the amount specified, until all payments and any additional amounts chargeable under this Agreement shall have been paid in full. Your obligation to pay the payments and other obligations hereunder shall be absolute, unconditional and non-cancelable, and are not subject to any abatement, reduction, set-off, defense or counterclaim for any reason whatsoever.

**4. SECURITY INTEREST:** To secure your obligations to us described in this Agreement, you hereby grant us a security interest in the Equipment and all accessions and additions thereto, and replacements thereof, and all proceeds of all the foregoing. You authorize us to file or record any and all Uniform Commercial Code financing statements, and amendments thereto, and other documents that we deem necessary to perfect and protect our security interest in the Equipment and the other collateral described in this Agreement. You agree to pay or reimburse us for any searches, filings, recordings, stamp fees or taxes related to the filing or recording of any Uniform Commercial Code financing statements or other instruments or statements showing our interest in the Equipment. The Equipment shall always be deemed and remain personal property even though it may become attached to realty.

**5. Equipment:** You represent and warrant that you are the sole owner of the Equipment and hold good title thereto free of any liens, encumbrances, or interests of any kind except for the security interest we hold pursuant to this Agreement. You agree not to sell, transfer or dispose of the Equipment or any interest therein or to allow the Equipment to become subject to any liens, encumbrances, or security interests of any kind, except for our security interest, until all amounts payable by you under this Agreement have been paid in full.

**6. USE; INSPECTION:** You agree to use the equipment solely in the conduct of your business, and in a careful and proper manner and only for lawful purposes and in compliance with applicable laws. Additionally, at your cost and expense you shall keep the Equipment in good repair, condition, and working order and shall furnish any and all parts and labor required for that purpose in accordance with applicable manufacturer's manuals and instructions. You shall not make any alterations to the Equipment without our prior written consent. All accessories, parts, replacements, additions, wiring, cabling, operating systems and software for or which are to or become attached to or installed in the Equipment shall immediately be deemed to be part of the Equipment and subject to our security interest and the terms of this Agreement. We shall have the right from time to time during normal business hours to enter upon your premises or elsewhere for the purpose of confirming the existence, condition, and proper maintenance of the Equipment. If the Equipment is covered by a maintenance agreement that has been entered into between you and the supplier or another provider and even if the cost of such maintenance agreement has been financed by us, you agree that we are not responsible for repairs, service, or maintenance of the Equipment. You acknowledge that we have no involvement in your maintenance agreement; and if you become dissatisfied with the person performing the maintenance or service you will not withhold any payments, or any portions thereof, that are required under this Agreement.

**7. LOCATION:** You will keep the Equipment at the address shown on the first page of this Agreement and you agree the Equipment shall not be removed from such location without thirty (30) days prior written notice to us and our prior written consent. You will not make any material changes to the Equipment without our prior written permission nor shall you permanently fasten the Equipment to real estate.

**8. LOSS OF EQUIPMENT:** In the event that the Equipment becomes lost, stolen, or damaged, as long as you are not in default under this Agreement or any other agreements with us, you shall have the opportunity to: (a) replace the Equipment with the same type of equipment, (b) have the Equipment repaired to a like condition by an authorized supplier of the Equipment, or (c) pay to us the entire remaining unpaid balance under this Agreement. You agree to notify us immediately of any such loss or damage.

**9. TAXES AND CERTAIN FEES:** You agree to pay all fees, assessments, taxes and other charges imposed upon the purchase, ownership, possession, operation, control, use, or maintenance of the Equipment. If we pay any of these charges or any related penalties or fines for you, you agree to reimburse us upon demand for the entire amount advanced by us. Any sums paid by us shall not be deemed a waiver of, or release you from, the obligation.

**10. INSURANCE:** Throughout the term of this Agreement you agree to maintain (i) general property damage insurance covering the Equipment for its full replacement value against loss, theft, damage, and destruction and naming us as a loss payee; and (ii) such other insurance as we may require. Upon our request, you agree to provide us with certificates or other evidence of such insurance which shall be in a term, amount, and with companies reasonably acceptable to us and shall provide that we be given thirty (30) days prior written notice of any material policy alteration or cancellation. If you do not provide evidence of property insurance acceptable to us, we may, but shall not be required to, buy such insurance to protect us and add the cost, including any customary charges or fees associated with the placement, maintenance, or service of such insurance (collectively, "Insurance Charge"), to the payment amounts due from you. You agree to pay the Insurance Charge in equal installments allocated to each remaining payment (with interest on such allocations up to the maximum rate permitted by applicable law). Nothing in this Agreement creates any insurance coverage and we may terminate or allow to lapse any coverage without having any liability to you. You hereby appoint us as your attorney-in-fact to make claims for, receive payment of, and execute and endorse all documents, checks, or other drafts for loss, theft, damage, or destruction to the Equipment under any property insurance. In all circumstances, you shall cooperate with us or our agent with respect to the placement of insurance and processing of claims.

**11. DEFAULT AND REMEDIES:** If you (a) fail to make any payment hereunder when due; or (b) fail to perform any of the terms, covenants, agreements, or conditions of this Agreement; or (c) provide us, or if you have previously provided us, any information that is false, misleading, inaccurate, or incomplete; or (d) change your name, or if you are a legal entity, change your type of entity, state of organization, or chief executive office without giving us at least thirty (30) days' prior written notice thereof; or (e) cease or terminate the regular conduct or operation of your business; or (f) die, if you are an individual, or are dissolved or cease to be in good standing in all necessary jurisdictions, if you are a legal entity; (g) become insolvent or make an assignment for the benefit of creditors, or file a petition under the Bankruptcy Code or one is filed against you; or (h) a receiver, trustee, or conservator or liquidator is appointed with or without your consent; or (i) take any action that adversely affects our security interest; or (j) are in default or in breach of any term or provision of any other agreement between you and us, then in any of such events you shall be in default under this Agreement and, in any of such events, we may exercise any one or more of the following remedies: (i) accelerate, declare due, sue for and receive from you the sum of (x) all payments and other amounts then due and owing under this Agreement, and (y) the present value of the sum of the payments for the unexpired term of this Agreement discounted at the rate of six percent (6%) per annum; (ii) similarly accelerate the balances due under any other obligations you owe us; (iii) take immediate possession of the Equipment, and lease or sell the Equipment or any portion thereof upon such terms as we may elect, and to apply the net proceeds, less reasonable selling and administrative expenses, on account of your obligations hereunder; (iv) charge you interest on all monies due us from and after the date of default at the rate of one and one half percent (1½ %) per month until paid, but in no event more than the maximum rate permitted by law; (v) require you to deliver all the Equipment and other collateral, at your expense, to a place reasonably designated by us; and (vi) charge you for all the expenses incurred in connection with the enforcement of any of our remedies including all costs of collection, reasonable attorneys fees and court costs; (vii) set off the amounts you owe us against any deposits you have with us or any other amounts we may owe you; and (viii) any and all other rights and remedies available to a secured party under the Uniform Commercial Code or other applicable law. In the event this Agreement is referred to an attorney or agency for collection, you agree to pay our reasonable attorney's fees and/or collection fees and any other additional recovery costs. All our remedies are cumulative, are in addition to any other remedies provided for by law and may be exercised either concurrently or separately. Exercise of any one remedy shall not be deemed an election of such remedy or to preclude the exercise of any other remedy. No failure on our part to exercise any right or remedy and no delay in exercising any right or remedy shall operate as a waiver of the right or remedy or to modify the terms of this Agreement. A waiver of default shall not be construed as a waiver of any other or prior, concurrent or subsequent default.

**12. LATE CHARGES; TIME IS OF THE ESSENCE TO THIS AGREEMENT:** In the event that any payment(s) required under this Agreement are not received by us on their due date, you agree to pay in addition thereto a late charge equal to fifteen percent (15%) of the amount of said payment(s), plus interest at the lesser of the highest rate permitted by law or one and one half percent (1½ %) per month, plus other amounts as permitted by law. You agree to pay us a returned check or non-sufficient funds charge in the amount of $25.00, or if less, the maximum amount permitted by law.

**13. ASSIGNMENT:** You agree that you have no right to sell, lease, trade, transfer, or assign any interest in this Agreement or the Equipment. We may, without notice, sell, transfer or assign our interest in this Agreement, the Equipment, or any payments due hereunder. If we make any such assignment or transfer, the new owner will have all of our rights and benefits but none of our obligations. The rights of the new owner will not be subject to any claims, defenses, or set-offs that you may have against us. You acknowledge that any assignment or transfer by us shall not materially change your duties or obligations under this Agreement nor materially increase your burdens or risks. Upon notification of such an assignment, you shall remit payments directly to the address set forth on the notification.

**14. NOTICES:** All written notices relating to this Agreement shall either be sent by certified mail, return receipt requested, or nationally recognized overnight courier service or delivered in person to such party and address as is specified herein, or at any other address that such party specifies in writing.

**15. CHOICE OF LAW; VENUE; NONJURY TRIAL:** THIS AGREEMENT HAS BEEN DELIVERED TO AND ACCEPTED BY US IN THE STATE OF ARKANSAS AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ARKANSAS (EXCLUDING LAWS APPLICABLE TO CONFLICTS OR CHOICE OF LAWS). YOU CONSENT TO, AGREE, AND STIPULATE THAT THE COURTS OF THE STATE OF ARKANSAS OR ANY FEDERAL DISTRICT COURT HAVING JURISDICTION IN SUCH STATE SHALL BE THE AGREED VENUE FOR THE DETERMINATION OF ALL DISPUTES ARISING UNDER THIS AGREEMENT. NOTHING STATED IN THE TERMS AND CONDITIONS OF THIS AGREEMENT IS MEANT TO PREVENT US FROM INITIATING ANY ACTION IN ANY OTHER COURT HAVING PROPER JURISDICTION. YOU AND WE EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY.

**16. INDEMNITY:** You shall indemnify, hold harmless and, if we request, defend us against all claims directly or indirectly arising out of or connected with the Equipment or this Agreement. Claims means all losses, liabilities, damages, penalties, expenses (including legal fees and costs), claims, actions and suits, arising out of ownership, possession, operation (regardless of where and how and by whom the Equipment is operated), control, use, condition (including but not limited to latent and other defects, whether or not discovered by you), maintenance, and delivery, of Equipment, or in the event that you are in default hereunder, arising out of the condition of any item of Equipment sold or disposed of after your use. The indemnities and obligations herein provided shall continue in full force and effect notwithstanding the termination of this Agreement.

**17. ADDITIONAL SECURITY:** You hereby grant us a security interest in any and all deposit accounts maintained by you with us, and any and all goods, fixtures, accounts, chattel paper, investment property, general intangibles, and other property of every kind whatsoever, wherever located, now and/or hereafter belonging to you and in which you have any interest, and all proceeds thereof, and agree that any security interest created by this Agreement secures any and all of your obligations to us, whether hereunder or otherwise and whether now in existence and/or to come into existence and whether partially owing to us or whether acquired by us through one or more assignments.

**18. CREDIT INFORMATION:** You hereby authorize us to obtain credit bureau reports and make any other credit inquiries as we deem necessary. You warrant that this is a commercial and business transaction and not a consumer transaction. You further warrant that all credit information and financial statements that you have given to us at the time of your credit application are true, accurate and complete. If we request, you will provide us current interim and/or annual financial statements during the term of this Agreement.

**19. OTHER COVENANTS AND WARRANTIES:** You agree that this Agreement is irrevocable for the full term hereof, that your obligations under this Agreement are absolute and shall continue without abatement and regardless of any inability to use the Equipment or any part thereof because of any reason including, but not limited to (a) war, (b) act of God, (c) governmental regulations, (d) strike, (e) loss, (f) damage, (g) destruction, (h) obsolescence, (i) failure of or delay in delivery, (j) failure of the Equipment to properly operate, or (k) termination by operation of law or any other cause. The provisions of this Agreement are severable and the remainder shall not be affected if any provision is held unenforceable, invalid or illegal. This Agreement inures to the benefit of and is binding on the successors or permitted assigns of us or you. The individual(s) signing this Agreement or any schedule hereto on your behalf personally warrants that he or she is duly authorized to do so and that his or her signature is legally binding on you.

**20. ENTIRE AGREEMENT:** You agree that this Agreement contains the entire agreement between you and us and it may not be changed, amended, modified, rescinded, terminated or otherwise altered unless in writing and signed by both you and us.

**Secured Party:**

**Bank of the Ozarks**

Signature By: _[signature]_

Scott Hastings
Printed Name

President, Leasing Division
Title

Date: 8/12/13

**Debtor:**

**MARYLAND LC VENTURES LLC**
DBA LITTLE CAESARS

Signature By: _[signature]_ Pervez Daisani

Pervez Kaisani
Printed Name

President
Title

Date: 3/18/13

# 28002
4 of 5

INITIAL

# GUARANTY

The undersigned (whether one or more, the "Guarantor"; if more than one, jointly and severally) hereby guaranties the full and prompt payment of all debts, liabilities, and obligations (collectively, the "Obligations") of the Debtor (the "Debtor") identified in the Equipment Finance Agreement (the "Agreement") to which this Guaranty is affixed that are now or in the future payable to Bank of the Ozarks (the "Secured Party"), including without limitation those debts, liabilities, and obligations described in and evidenced by the Agreement.

The Guarantor represents and warrants that he or she will personally receive a substantial economic benefit from the financing provided by the Secured Party to the Debtor under the Agreement. The Guarantor acknowledges that the Secured Party would not provide such financing if it did not receive this Guaranty.

The Guarantor waives promptness, diligence, notice of acceptance, and any other notice with respect to this Guaranty, the Obligations, or the Agreement. The Guarantor further waives any requirement that the Secured Party protect, secure, perfect, or insure any security interest, lien, or other interest in any property, or exhaust any right or take any action against the Debtor or any other person or any collateral.

The personal liability of the Guarantor shall be absolute, unconditional, irrevocable, and continuing, irrespective of any change in the time, manner, or place of payment of, or in any other term of, all or any of the Obligations, or any other amendment or waiver of or any consent to departure from the terms of the Obligations. The Guarantor consents to any and all extensions or other indulgences granted by the Secured Party to the Debtor and consents to the release or substitution of any or all collateral securing the Obligations, and consents to the release or substitution of any other guarantors of the Obligations or any other persons liable for the Obligations.

The Guarantor hereby subordinates any and all claims that he or she may now or in the future have against the Debtor to the full payment of the Obligations. This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Obligations is rescinded or must otherwise be returned upon the insolvency, bankruptcy, or reorganization of Debtor or otherwise, all as though such payment had not been made.

The Guarantor warrants that all credit information and financial statements that he or she has given to the Secured Party are true, accurate, and complete. If requested by the Secured Party, the Guarantor shall promptly provide current interim and/or annual personal financial statements of the Guarantor to the Secured Party. The Guarantor hereby authorizes the Secured Party to obtain credit bureau reports, and make any other credit inquiries as the Secured Party deems necessary, concerning the Guarantor.

THIS GUARANTY HAS BEEN DELIVERED TO THE SECURED PARTY IN THE STATE OF ARKANSAS AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ARKANSAS (EXCLUDING LAWS APPLICABLE TO CONFLICTS OR CHOICE OF LAWS).

Signature By: *(signed)*
WAZIR KAISANI
Printed Name
1526 ASTORIA DR ALLEN TX 75013
Address

Signature By: *(signed)*
RICHARD RUGGIERO
Printed Name
1809 HAREWOOD LANE CROFTON MD 21114
Address

Signature By: *(signed)*
PERVEZ KAISANI
Printed Name
1516 ASTONA DRIVE ALLEX TX 75013
Address

Case 17-03469-TOM7    Doc 209-2    Filed 02/26/18    Entered 02/26/18 16:46:54    Desc Exhibit    Page 5 of 6

# CERTIFICATE OF ACCEPTANCE

TO: BANK OF THE OZARKS
PO BOX 242208
LITTLE ROCK, AR 72223-2008

The undersigned, as debtor (the "Debtor") named in the Equipment Finance Agreement (the "Contract") described at the bottom of this page, having had a reasonable opportunity to inspect the equipment and other goods (collectively, the "Equipment") described and/or referred to in the Contract and any schedule(s) thereto, hereby certifies that: (i) all of the Equipment has been delivered to and received by the Debtor; (ii) any and all necessary assembly, installation and/or other services with respect to the Equipment has been satisfactorily completed; (iii) all of the Equipment is in good condition and working order, in conformity with the Debtor's specifications and the terms of the Contract; (iv) all of the Equipment is accepted by the Debtor. Debtor agrees that equipment has been acquired from the vendor and no funds were received in connection with this transaction. Debtor represents and warrants this is not a sale lease back; if deemed to be such in our judgement it shall be cause for default and Bank of the Ozarks shall enforce its rights as described in paragraph 11 of the agreement; the debtor further agrees that by signing this Certificate and Acceptance Lender is relying on the representations made by the Debtor in this agreement to advance funds. Furthermore, you agree that you have no right to sell, lease, trade, transfer, or assign any interest in this Agreement or the Equipment.

MARYLAND LC VENTURES LLC

_____
Signature of Authorized Representative

WAZIR ALI KAISANI
Name of Authorized Representative

V.P.
Title of Authorized Representative

8-9-2013
Date

| SECURED PARTY: BANK OF THE OZARKS | DEBTOR: 0 |
| DATE OF CONTRACT: | CONTRACT #: |