Exhibit "A"

# DIRECTCAPITAL

**MASTER EFA AGREEMENT Page 1 of 3**

155 Commerce Way, Portsmouth, NH 03801 | Ph: 800-999-9942 | F: 800-875-0312

Master EFA Agreement ███████9934

CUSTOMER: Please verify this section and complete any missing information ████████████████████████████

| | |
|---|---|
| Client: Maryland LC Ventures LLC DBA Little Caesar's | |
| Address: 1526 Astona Dr. | |
| City: Allen | State: TX | Zip: 75013 | County: |
| Federal Tax ID ████████████████ | State of Incorporation: | Home Phone: |
| Business Phone: (407) 227-7010 | Fax (000) 000-0000 | Email ████████ |

**INSTRUCTIONS:** The words "You" and "Your" refer to the Customer (the party who is borrowing funds against the Equipment or as a direct loan); "We", "Us" and "Our" refer to Direct Capital Corporation and its assigns, the Secured Party. Please complete and/or verify information and sign or authenticate where noted. Please call with any questions.

**1. MASTER EFA & SCHEDULES.** You agree to finance the Equipment or borrow funds as described in each Schedule ("Schedule") executed in accordance with this Master Equipment Finance Agreement ("Master EFA"). Each Schedule shall constitute a separate agreement distinct from this Master EFA, except that all terms contained herein are deemed part of each Schedule. In the event of a conflict between this Master EFA and a Schedule, the provisions of the Schedule, or its Addendum, shall prevail. The term "EFA" when used herein means collectively, each Schedule and this Master EFA. The term of this Master EFA begins on the first Schedule's Commencement Date and continues as long as any Schedule remains unpaid. You authorize Us to insert or correct information on the EFA including Your proper legal name, address, dates and Equipment description. All notices shall be in writing addressed to You at Your address stated herein or to Us at 155 Commerce Way, Portsmouth, NH 03801.

**2. EQUIPMENT.** You have chosen the equipment as set forth on each Schedule as applicable ("Equipment"). You acknowledge that the Equipment is financed for You solely for commercial or business purposes and not for personal, family, agricultural or household purposes. If the Equipment is unsatisfactory, Your only remedy is against its supplier or manufacturer and You have no remedy for damages against Us. Your construction to Us, by phone or execution or authentication of Equipment Acceptance, of the delivery of the Equipment shall constitute Your acknowledgement that You have inspected the Equipment, found it satisfactory in all respects and have accepted it. You will maintain Equipment location records and provide Equipment location to Us upon demand. You are responsible for keeping the Equipment in good repair, condition and working order, except for normal wear and tear. You are responsible for complying with all laws relating to the Equipment or its use and to protect the Equipment from damage, seizure or loss. You will continue to make payments if any damage, seizure or loss occurs to any part of the Equipment, even if the Equipment is completely destroyed or, at Our option, pay Us the amount described in the Defaults and Remedies section of the EFA on the next payment date. We are not responsible for any losses, damages or injuries caused by the installation or use of the Equipment or from any other loss while You have the Equipment and You agree to hold Us harmless and defend Us against any claim for loss, damages or injuries, including attorney's fees and related costs.

**3. NO WARRANTY.** We are financing Equipment for You "AS IS" "WHERE IS" AND WITH ANY AND ALL FAULTS. As We did not select, manufacture, supply or inspect the Equipment, WE MAKE NO WARRANTY OR REPRESENTATION, either express or implied as to the condition of the Equipment, its merchantability, its fitness or suitability for any particular purpose, its design, its capacity, its quality, or any other characteristics of the Equipment. We are not responsible for packaging, delivery, installation or testing of the Equipment. You agree that You have selected the supplier and each item of Equipment based on Your own judgment and disclaim any reliance upon any statements or representations made by Us. The supplier is not an agent of Ours and nothing the supplier states can affect Our obligation under this agreement. You will continue to make all payments under the EFA regardless of any claim or complaint against any supplier.

**4. REPRESENTATIONS:** You represent and warrant that You, and each of the individuals signing or authenticating the EFA, have the lawful power and authority to enter into the EFA, by entering into the EFA You will not violate any law or other agreement, and the location of Your chief executive office, state of incorporation or organization, exact legal name, place of residence and Federal Tax ID number are accurately listed in the EFA. The EFA will constitute Your legal, valid and binding obligation, enforceable against You in accordance with the terms hereof. If a corporation, You are duly organized, duly authorized, validly existing and in good standing. THE EFA CANNOT BE TERMINATED OR CANCELED BY YOU FOR ANY REASON. Your obligation to make payments under the EFA is absolute and unconditional.

**5. ASSIGNMENT:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR LEASE THE EQUIPMENT OR YOUR RIGHTS UNDER THE EFA. You understand that We, without prior notice, have the right to assign, sell or otherwise transfer the EFA. You understand that Our assignee will have the same rights and benefits but They do not have to perform any of Our obligations. You agree that the rights of Our assignee will not be subject to any claims, defenses or setoff that You may have against Us.

**6. SECURITY DEPOSIT:** The security deposit, listed on a Schedule, is payable upon execution, is non-interest bearing, will be commingled with Our other funds and secures Your performance under the EFA. We may apply the security deposit to satisfy any amounts owed by You, in which event You will promptly restore the security deposit to its full amount. If all conditions are fully complied with and You have not ever been in default, the security deposit will be refunded to You after the end of the term of each Schedule.

**7. INDEMNITY:** You indemnify Us and Our shareholders, directors, officers, employees, agents and assignees against any claims, actions, damages, fines, penalties, causes of action, suits or other legal proceedings or liabilities including all attorney fees, arising out of or connected with the EFA or any Equipment, without limitation. Such indemnification shall survive expiration, cancellation or termination of the EFA.

**8. LAW:** The EFA is governed exclusively by the laws of New Hampshire. You agree and consent to the exclusive jurisdiction and venue of any State or Federal Court in Rockingham County, New Hampshire. You waive any right to challenge the jurisdiction or venue for any reason; You waive the defense of Forum Non Conveniens. The EFA is intended to constitute a valid and enforceable legal instrument and no provision of the EFA that may be deemed unenforceable shall in any way invalidate any other provision or provisions hereof, all of which shall remain in full force and effect. The EFA constitutes the entire agreement between the parties. YOU AGREE TO WAIVE ALL RIGHTS TO A JURY TRIAL.

**9. TAXES:** You agree to pay when due or at a frequency set by Us all taxes (including sales, use, and if incurred by Us, personal property tax, fines and penalties) and fees relating to the EFA or the Equipment. If We make payment on any of the above, You agree to reimburse Us. You agree to pay the Property Tax Administration fee of $79 per year.

---

**PERSONAL GUARANTY:** As consideration for Us entering into the EFA, the undersigned Guarantor ("You", "Your"), jointly and severally, unconditionally personally guaranties that the Customer will make all payments and meet all obligations required under the EFA fully and promptly. You agree that We, Direct Capital Corporation, the Secured party, may make other arrangements including compromise or settlement with the Customer and You will waive all defenses and notice of those changes and will remain responsible for the payment and obligations of the EFA. We do not have to notify You if the Customer is in default. If Customer defaults, You will immediately pay in accordance with the default provision of the EFA all sums due under the terms of the EFA and will perform all the EFA obligations. If it is necessary for Us to proceed legally to enforce this guaranty, You expressly consent to the jurisdiction of the court set out in the 'Law' paragraph and agree to pay all costs, including attorneys fees incurred in enforcement of this guaranty. It is not necessary for Us to proceed first against the Customer or the Collateral before enforcing this guaranty. You grant Us continuing authority to access, review and update, from time to time, credit reference information, including credit bureau reports. All financial providers are hereby directed and authorized to release to Us any and all information pertaining to any of Your accounts.

Signature or authentication of the Guarantor (an individual)

X _Wazir Kaisani_    11/3/2014

   Wazir Kaisani    NO TITLE    Date

Signature or authentication of the Guarantor (an individual)

X _Iqbal Kasn_    11/3/2014

   Iqbal Kaisani    NO TITLE    Date

Copyright ©2013 Direct Capital Corp. All rights reserved.

**10. INSURANCE.** You agree to keep the Equipment fully insured against loss, theft, damage, destruction with Us as loss payee and additional insured in an amount not less than the original cost of the Equipment for the term of each Schedule. You also agree to obtain a general public liability insurance policy from a provider and in amounts acceptable to Us and name Us as an insured on the policy. You agree to provide Us certificates or other evidence of insurance acceptable to Us before each Schedule commences, prior to each insurance renewal and within 10 days of Our request. You agree that if said insurance is not received by Us, is cancelled or expires and is not replaced, We have the right, but not the obligation, to (a) enroll You in Our property damage coverage program and bill You a property damage surcharge as a result of Our increased administrative cost and credit risk or (b) secure insurance on the Equipment from a carrier of Our choosing in such forms and amounts as We deem reasonable to protect Our interest. Insurance We secure will not name You as an insured and may not fully protect Your interests and You will pay Us an insurance charge that will include a premium, which may be substantially higher than the premium that You would pay if placed independently. In addition to the premium, You will pay Us a fee that will include an interest charge and administrative and processing fees, which will result in profit to Us and Our agents. At any time, You can avoid these costs by delivering the required proof of insurance to Us. Nothing in this paragraph will relieve You of Your responsibility for liability insurance coverage on the Equipment. We may negotiate and settle for Our benefit all property damage claims and all liability claims involving Us or the Equipment and may sign or endorse Your name on any draft, check or instrument representing insurance proceeds covering the Equipment We shall retain any physical damage insurance proceeds arising out of a theft, loss or damage up to the full amount owed under the EFA. You will remain responsible for any deficiency.

**11. PAYMENTS, INTERIM PAYMENT, FEES & OTHER CHARGES, RATE FACTOR.** You agree to pay Us the periodic payments for the term (including any extensions) of the EFA in accordance with the Schedule plus any applicable sales tax, use tax or, if incurred by Us, property tax. We have the right to apply all sums received from You to any amounts due Us pursuant to the EFA. You agree to pay Us a nonrefundable documentation fee plus all other reasonable fees associated with the EFA, including, but not limited to, credit inquiry, site inspection, appraisal, UCC search and filing, titling fees and costs, including a termination fee of up to $379, unless otherwise noted, payable upon termination of each Schedule. Your signature or other authentication is an irrevocable offer to enter into the EFA. In the event that You sign or otherwise authenticate the EFA, but the EFA is not commenced, the advance payments, documentation fee and security deposit may be retained by Us to compensate for Our documentation, processing and other expenses. A late payment charge of 15% of the amount due will be assessed on any payment not paid within 3 days of the due date; interest on any delinquent amount due shall be charged from the due date until paid at the highest legal rate. You also agree to pay Our standard NSF fee for each payment returned for insufficient funds. You agree to pay Us, upon receipt of Your first invoice, Interim Payment, a partial payment for the use of the Equipment or loan proceeds prior to the first regular payment due date. Interim Payment shall be in an amount equal to 1/30th of the monthly payment, multiplied by the number of days from the Commencement Date to the first payment due date payable up on receipt of invoice. Rate Factor: Each monthly payment includes, in addition to reimbursement of Equipment cost or loan amount, a return on Our investment expressed as the rate factor which can be characterized as a finance charge. Equipment cost or loan amount is the payment divided by the Rate Factor. The total dollar amount of the finance charge is equal to the payment times the Term plus the processing fees less Equipment cost or loan amount.

**12. COMPUTER SOFTWARE.** Notwithstanding any other terms of the EFA, You agree that as to software only: We have not had, do not have, nor will have any title to such software, You have executed or will execute or otherwise authenticate a separate software license agreement and We are not a party to and have no responsibilities whatsoever in regard to such license agreement, You have selected the software as per the Equipment paragraph of the EFA and We make no warranties of merchantability, data accuracy, system integration or fitness for use and take absolutely no responsibility for the function or defective nature of such software.

**13. EQUIPMENT OWNERSHIP.** You are the owner of the Equipment under each Schedule as applicable and have title to the Equipment subject to Our lien. You agree to keep the Equipment free and clear of all liens, claims and encumbrances. We have the right to inspect the Equipment at any time.

**14. UCC FILINGS:** To secure Your obligations under the EFA, You hereby grant Us a first priority security interest in the Equipment, and a security interest in all goods, inventory, equipment, accounts, accounts receivable, investment property, securities, fixtures and other property, now or hereafter belonging to You or in which You have an interest, and in all proceeds, including insurance proceeds, thereof ("Collateral"), and You hereby authorize Us to file UCC Financing Statements or similar instruments to perfect such interest.

**15. DEFAULT & REMEDIES:** You will be in default if: You fail to make any required payment under the EFA when due, You fail to perform any other obligation of the EFA or other agreement with Us, any representation or warranty made by You is false, a material adverse change (as determined by Us) occurs in Your financial condition or We believe the prospect of payment is impaired, You enter or have entered against You insolvency, bankruptcy or similar proceedings, the death of a personal guarantor or You attempt to repudiate or revoke any agreement with Us ("Default"). If You are ever in Default, We, with or without notice to You, may retain Your security deposit terminate or cancel the EFA or any of Our obligations to You, require that You pay the unpaid remaining payments (discounted at 4%), the amount of any purchase option and late charges, taxes, fees and interest on the same; sue for and recover from You any and all amounts due Us; enter the Equipment and Collateral location and repossess and remove, or render unusable, the Equipment and Collateral; require You to make the Equipment and Collateral available to Us at a location determined by Us; sell or lease the Equipment and Collateral to any party without notice under such terms and conditions as We alone shall determine; refer the EFA to an attorney for collection and pursue all other remedies available to Us under any agreement, any applicable law or the UCC. You agree to pay all costs and expenses related to collection or repossession, including fees. You agree that any delay or failure to enforce Our rights under the EFA does not prevent Us from enforcing any rights at a later time. You agree that We will not be responsible to pay You any consequential or incidental damages you claim under the EFA.

**16. FAX & ELECTRONIC DOCUMENTS:** No modification to the EFA as supplied by Us to You shall be effective unless agreed to in writing or other authentication by Us. A fax or copy version of Your signature on the EFA when received by Us shall be binding on You for all purposes as if originally signed. Each of this Master EFA and each Schedule shall only become binding against Us when actually signed or otherwise authenticated by Us. Both You and We agree that the written version of the EFA containing Our original signature and Your original, fax or copy signature may constitute the original authoritative version, and that the electronic version of the EFA which has been authenticated by You and Us in accordance with applicable law and controlled by the Owner (pursuant to the rules and regulations of eOriginal, Inc.) shall constitute the original authoritative version of the EFA; provided that if the "Paper Out" process shall have occurred pursuant to the eOriginal product Reference Guide, and there shall simultaneously exist both the "Paper Out" printed version and an electronic version of the EFA, then the "Paper Out" printed version of the EFA as identified in the eOriginal audit record and corresponding affidavit shall constitute the sole authoritative version. Both You and We hereby agree that the EFA may be authenticated by electronic means, and expressly consent to the use of the electronic version of the EFA to embody the entire agreement and the understanding between You and Us. You wish to continue to receive information at Your fax and/or email addresses. The EFA may be executed in any number of counterparts, and all such counterparts, taken together, shall constitute one and the same instrument. Reference herein to eOriginal shall mean eOriginal, Inc., Baltimore, MD, or any successor electronic custodian appointed by Us.

**17. CELL PHONE CONSENT:** You agree that by providing Us with a telephone number for a cellular phone or other wireless device, You are expressly consenting to receiving communications – including but not limited to prerecorded or artificial voice messages, text messages, and calls made by an automatic telephone dialing system – from Us to You, or Our assigns, and its affiliates and agents at that number. This express consent applies to each such telephone number that you provide to Us now or in the future and permits such calls regardless of their purpose. These calls and messages may incur access fees from your cellular provider.

---

**ACCEPTED:**

Customer: Maryland LC Ventures LLC DBA Little Ceasars

X _Wazir Kaysani_    _11/3/2014_
Wazir Kaysani    Member    Date

Secured Party: Direct Capital Corporation

X _____    _5/6/15_
Authorized Representative    Date

Copyright ©2013 Direct Capital Corp. All rights reserved.