# EXHIBIT A



AGREEMENT NO: 174129-0002

LENDER: Ervin Leasing Company
3893 Research Park Drive
Ann Arbor, MI 48108

# EQUIPMENT FINANCE AGREEMENT

The Equipment Finance Agreement ("Agreement") has been written in simple, easy-to-read language. Please read it carefully and feel free to ask us any questions you may have about it. The words YOU and YOUR refer to the Borrower indicated below. The words WE, US, and OUR refer to Ervin Leasing Company.

| EXACT LEGAL NAME AND ADDRESS OF BORROWER | SUPPLIER OF EQUIPMENT |
|---|---|
| Maryland LC Ventures, LLC<br>Dba Little Caesars<br>5915 Martin Luther King Jr. Hwy<br><br>CAPITOL HEIGHTS, MD 20743<br>PERSON TO CONTACT:<br>TELEPHONE: (407) 227-7010 | ** Multiple Suppliers per Schedule A**<br><br><br><br>SALESPERSON:<br>TELEPHONE: (734) 332-5400 |

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | Caesar Vision POS System, Security camera system, & HVAC equipment per schedule A |
| LOCATION: | Maryland LC Ventures, LLC 5915 Martin Luther King Jr. Hwy, , CAPITOL HEIGHTS, MD 20743 |

### REPAYMENT SCHEDULE

The Financing will be paid as follows: (a) an advance payment of $ 3491.18 upon signing this Agreement and (b) 58 equal Monthly payments of $ 1495.59.

### TERMS AND CONDITIONS – PLEASE READ CAREFULLY BEFORE SIGNING

1. **EQUIPMENT FINANCING.** Subject to the terms and conditions contained in this Equipment Finance Agreement (the "Agreement"), we have agreed to provide financing to you for your purchase of the equipment (the "Equipment") described above. You acknowledge that you selected the Equipment and the Supplier from which it was purchased. We are not an agent of the Supplier and are not responsible for any statements made to you by the Supplier or any intermediary. WE MAKE NO REPRESENTATION OR WARRANTY OF ANY KIND WITH RESPECT TO THE EQUIPMENT, INCLUDING ITS MERCHANTABILITY, SUITABILITY, FITNESS FOR ANY PARTICULAR PURPOSE, VALUE, OR NON-INFRINGEMENT ON THE RIGHTS OF OTHERS. WE ARE NOT LIABLE TO YOU OR ANY OTHER PARTY FOR ANY INJURY OR DEATH TO PERSON, DAMAGE TO PROPERTY, OR OTHER LOSS OR DAMAGE RESULTING FROM THE CONDITION OR USE OF THE EQUIPMENT. We are not responsible for, nor party to any warranties or representations made to you by the Supplier. You should communicate directly with the Supplier regarding its warranties and representations.

2. **FINANCING / PAYMENT TERMS.** You agree to pay us the total of all of the payments that are indicated in the REPAYMENT SCHEDULE (the "Financing"). The due dates for the monthly payments will be on the 10th, 20th, or 30th day of each month as we may agree with you. We will send you a notice stating the date that we made the payment to the Supplier (the "Funding Date") and the due date for the first monthly payment. The second and later monthly payments will be payable on the same day of each month thereafter until the final payment is due under the REPAYMENT SCHEDULE. If the Equipment is damaged, destroyed, lost or stolen or does not work satisfactorily for any reason, you agree to continue to pay us the monthly payments and final payment and other amounts due under this Agreement. Your obligation to pay is unconditional and not subject to any abatement, reduction, setoff, or defense of any kind. You acknowledge that if the payment specified in the agreement is higher than that permitted by law, the parties agree that the payment will be reduced to the highest rate permitted by law under the circumstances.

3. **PREPAYMENT.** With our consent, you may prepay this Agreement in full (partial pre-payments are not permitted), provided you are not then in default under this Agreement, by paying all payments due or to become due, discounted to present value at a discount rate of four percent (4%) or greater as determined by us at our sole discretion.

4. **SECURITY INTEREST.** Effective as of the date of delivery of the Equipment to you, you grant us a security interest (the "Security Interest") under the Uniform Commercial Code ("UCC") in and to the Equipment and all proceeds, products, returns, additions, accessions, or substitutions of and to the Equipment (all of which are included in the term "Equipment"). The Security Interest secures your performance of your obligations under this Agreement. It is your responsibility to ensure that this Security Interest is and remains a sole first lien security interest. YOU AUTHORIZE US TO SIGN AND FILE UCC FINANCING STATEMENTS AND OTHER DOCUMENTS TO GIVE NOTICE OF OUR SECURITY INTEREST IN THE EQUIPMENT AND EXISTENCE OF THIS AGREEMENT. YOU FURTHER AGREE TO EXECUTE ALL DOCUMENTS REASONABLY REQUIRED BY US FOR THESE PURPOSES AND TO REIMBURSE US FOR ALL EXPENSES OF PREPARING AND FILING SUCH PUBLIC NOTICES. You acknowledge that the amount we collect from you for such expenses may exceed our direct out-of-pocket costs of preparing and filing such public notices.

BORROWER: please initial here [ _hili_ ] to certify that you have received and read this page.

Page 2 of 12

5. USE / LOCATION / INSPECTION. You agree to use the Equipment only for commercial purposes and not for personal, family, or household purposes. You agree to use and maintain the Equipment in a prudent manner, in accordance with the manufacturer's specifications, in compliance with all pertinent governmental requirements. You agree to keep the Equipment at the Location stated above at all times and may not move it without our prior written consent. You may not alter the Equipment, make any attachments or additions, or permit the property to become an attachment or addition to any other personal property or a fixture to any real estate without our prior written consent. Any attachments or additions to the Equipment will become part of the Equipment and will be subject to all terms and conditions of this Agreement. You agree that we may inspect the Equipment at any time during normal business hours.

6. INSURANCE. You agree to secure and maintain insurance (a) against loss, theft, damage, or destruction of the Equipment in an amount equal to the replacement cost for the Equipment or, if greater, the portion of the Financing remaining unpaid under this Agreement, designating us as a loss payee and (b) against liability for injury or death to persons or damage to property caused by the possession or use of the Equipment in amounts reasonably required by us, designating us as an additional insured. Each policy must include a provision requiring at least fifteen (15) days prior written notice to us prior to any cancellation or modification and designate us as the agent for settlement claims. We may, from time to time, require certificates or other evidence of such insurance. If you do not provide us with acceptable evidence of insurance, we may, but will have no obligation to, obtain insurance for you and add a charge to your monthly payment which will include the insurance premium and related administrative costs. You agree that we may obtain such insurance from a company that is affiliated with us as long as that company's insurance rates are competitive with other third party insurers, and you acknowledge that we might earn a profit as a result of such insurance. You acknowledge that the amount we collect from you for insurance-related administrative costs may exceed our direct out-of-pocket costs of obtaining such insurance.

7. TAXES. You agree to timely pay all taxes and assessments (federal, state, and/or local) relating to the ownership, sale, purchase, possession or use of the Equipment, other than taxes based upon our net income. You agree to provide us with receipts of paid property taxes.

8. LATE CHARGES AND INTEREST. If you do not make any payment when due under the REPAYMENT SCHEDULE, then, in addition to all other rights and remedies which we may have, you will be subject to (a) a late charge of twenty dollars ($20.00) for each month, or part thereof, for which such payment remains delinquent plus (b) interest on the delinquent amount from the due date to the date of payment at a rate of two percent (2%) per month, but not exceeding the maximum charge or rate permitted by law. You will be, in addition, subject to a fee of thirty dollars ($30.00) for every returned check. Restrictive endorsements on checks you send us will not reduce your obligations to us.

9. LOSS OR DAMAGE. If any or all of the Equipment is lost, stolen, destroyed, or damaged beyond repair, you will pay to us immediately upon demand (a) the sum of all past due payments under this Agreement, plus (b) the sum of all remaining payments under this Agreement, discounted to present value at a discount rate of four percent (4%) or greater as determined by us at our sole discretion. Upon such payment, we will terminate the Security Interest and disclaim the Equipment or any insurance or other proceeds payable with respect to the Equipment. You will pay all transfer and similar taxes payable upon termination and discharge. Any insurance proceeds that we receive as a result of the loss or damage to the Equipment will be applied against your payment obligations to us under this Section. Insurance proceeds in excess of that amount will be paid to you. If less than all of the Equipment is lost, stolen, destroyed, or damaged, then, after a proportionate adjustment in the amount thereafter payable by you under this Agreement, this Agreement will remain in effect with respect to those remaining items of the Equipment.

10. DEFAULT / REMEDIES. If you (a) fail to make any payment hereunder when due; or (b) fail to perform any of your commitments in this Agreement; or (c) provide to us, or if you have previously provided to us, any information that is false, misleading, inaccurate, or incomplete; or (d) change your name, or if you are a legal entity, change your type of entity, state of organization, or chief executive office without giving us at least thirty (30) days' prior written notice to us; or (e) cease or terminate the regular conduct or operation of your business; or (f) die, if you are an individual, or are dissolved or cease to be in good standing in all necessary jurisdictions, if you are a legal entity; (g) become insolvent or make an assignment for the benefit of creditors, or file a petition under the Bankruptcy Code or one is filed against you; or (h) a receiver, trustee, or conservator or liquidator is appointed with or without your consent; or (i) take any action that adversely affects our Security Interest; then in any of such events you shall be in default under this Agreement and, in any of such events, we may exercise any one or more of the following remedies: (i) accelerate, declare due, sue for and receive from you the sum of (x) all payments and other amounts then due under this Agreement, plus (y) the present value of all remaining payments under this Agreement discounted to present value at the rate of five percent (5%) per annum; (ii) take immediate possession of the Equipment and exercise all rights and remedies under our Security Interest in the Equipment that are permitted under the UCC ; (iii) charge you interest on all monies due us from and after the date of default at the rate of two percent (2%) per month until paid, but in no event more than the maximum rate permitted by law; (iv) require you to deliver all the Equipment and other collateral, at your expense, to a place reasonably designated by us; and (v) charge you for all the expenses incurred in connection with the enforcement of any of our remedies including all costs of collection, reasonable attorney's fees and court costs; (vi) set off the amounts you owe us against any deposits you have with us or any other amounts we may owe you; and (vii) any and all other rights and remedies available to a secured party under the UCC or other applicable law. If in the event of a default this Agreement is referred to an attorney or agency for collection, you agree to pay our reasonable attorney's fees and/or collection fees and any other additional recovery costs. All our remedies are cumulative, are in addition to any other remedies provided for by law and may be exercised either concurrently or separately. Exercise of any one remedy shall not be deemed an election of such remedy or to preclude the exercise of any other remedy. No failure on our part to exercise any right or remedy and no delay in exercising any right or remedy shall operate as a waiver of the right or remedy or to modify the terms of this Agreement. A waiver of default shall not be construed as a waiver of any other or prior, concurrent or subsequent default.

11. INDEMNITY. You agree to indemnify and defend us and our agents and against all claims, losses, liabilities, claims, or expenses (including, without limitation, attorney's fees and related expenses) suffered or incurred by us as a result of our providing the Financing to you for the Equipment, your possession or use of the Equipment, or your failure to perform any of your obligations under this Agreement. YOUR OBLIGATION OF INDEMNITY UNDER THIS SECTION WILL SURVIVE THE TERMINATION OR EXPIRATION OF THIS AGREEMENT.

12. REMEDIAL ACTIONS. If you fail to perform any of your commitments in this Agreement, we, in your name and on your behalf or, at our option in our name, may take any action which we deem necessary or desirable to cure or correct such failure. Our taking of such action is in no way a waiver or release of such commitment.

13. ASSIGNMENT. Without our written consent, you may not sell or otherwise transfer, lease, grant a security interest in or otherwise encumber the Equipment or your rights and obligations under this Agreement. Without notice, we may sell, transfer, assign, grant a security interest in or otherwise encumber our Security Interest and other rights with respect to the Equipment or under this Agreement. You agree not to assert against any such transferee or secured party any claim or defense which you may have against us. This instrument is pledged as collateral to Bank of Ann Arbor, as secured party, pursuant to that certain security agreement, dated as of February 25, 2013, as amended, modified, replaced or restated from time to time.

14. APPLICABLE LAW / JURISDICTION. This Agreement is governed by the laws of the State of Michigan and will be deemed to have been fully executed and performed in the State of Michigan. ANY CLAIM OR DISPUTE UNDER THIS AGREEMENT MUST BE INSTITUTED IN A FEDERAL OR STATE COURT IN THE STATE OF MICHIGAN AND EACH OF US EXPRESSLY CONSENTS TO JURISDICTION IN SUCH COURT.

BORROWER: please initial here [ _illegible_ ] to certify that you have received and read this page.

Case 17-03469-TOM7    Doc 228    Filed 03/27/18    Entered 03/27/18 09:17:16    Desc Main
Document    Page 3 of 11

15. GENERAL. Any notice must be in writing and will be deemed "delivered" on the date it is deposited, postage prepaid, in the U.S. Mail, addressed to the recipient at its address specified above (or another address specified in writing). YOU AGREE THAT A FACSIMILE COPY WILL BE TREATED AS AN ORIGINAL AND BE ADMISSIBLE AS EVIDENCE OF THIS AGREEMENT. You authorize us to insert or correct missing information in this Agreement. Co-Borrowers are jointly and severally liable for all obligations under this Agreement. Guarantor(s) irrevocably and unconditionally guaranty full and timely performance of Borrower's obligations under this Agreement. We are not required to proceed against Borrower or the Equipment before proceeding against Guarantor(s). We may require verification of compliance with any provisions of the Agreement at any point. Time will be of the essence as to all aspects of this Agreement. This document constitutes the entire agreement between you and us regarding the Financing and the Equipment. The provisions of this document may not be canceled, amended, supplemented, or waived unless in writing signed by you and us.

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE PART OF THIS AGREEMENT

The undersigned agree to all the terms and conditions set forth above. This Agreement will become effective and binding against us upon our written acceptance hereof, signed at our office by an authorized employee. THE SIGNATORY FOR THE BORROWER PERSONALLY WARRANTS HE/SHE HAS THE AUTHORITY TO SIGN THIS AGREEMENT ON BEHALF OF THE BORROWER AND THAT BY SUCH SIGNATURE BORROWER IS BOUND BY ALL TERMS AND CONDITIONS OF THIS AGREEMENT.

**ACCEPTED BY LENDER:**
Date Accepted: AUG 26 2014
ERVIN LEASING COMPANY
By: _____
Thomas J. Conzelmann, CFO

**ACCEPTED BY BORROWER:**
Legal Name of Borrower: Maryland LC Ventures, LLC Dba Little Caesars
Signature: _____
PRINT NAME: WAZIR ALI KAISANY
Title: V.P.   Date: 5-29-14

**GUARANTY OF AGREEMENT** (If signed, the undersigned is bound by Sections 14 and 15 above.)

Signature (no title): _____   Print Name: Wazir Ali Kaisani
Guarantor Home Phone #: ███

Signature (no title): _____   Print Name: Richard Ruggiero
Guarantor Home Phone #: ███

Signature (no title): _____   Print Name: Pervez Kaisani
Guarantor Home Phone #: ███

eDocs_EFA_Std_00_2013.doc

Case 17-03469-TOM7   Doc 228   Filed 03/27/18   Entered 03/27/18 09:17:16   Desc Main
Document   Page 4 of 11



**SCHEDULE "A"**

ERVIN LEASING COMPANY AGREEMENT NO. 174129-0002

**Equipment provided by Custom Register Solutions, LLC**
(1) Caesar Vision Software for 4 Register System
(1) Caesar Vision Digital Menu Board Server
(1) Breeze All in One Unit
(3) 16x16 Cash Drawer
(3) Star Thermal Printer Serial Interface with Cable
(3) Code CR900FD Bar Code Imager
(3) 42" Digital Menu Board
(3) Digital Menu Board mounts
(3) VGA Cable
(1) Caesar Vision Point of Sale Server
(1) Max Stick Printer
(1) Breeze All in One Without MRS/URU

**Equipment provided by ABC Burglar Alarm Systems**
(1) 16 Camera DVR with remote view
(12) Dome Camera
(2) 22" Flat Screen Monitors
(1) 32" Monitor With Mount
(1) Power Supply
(1) Coax Cable
(1) Control Panel W/Backup Battery
(1) Wireless Receiver
(2) Keypads
(5) Motion Detectors
(1) Audible Interior Siren
(1) Safe Contact
(2) Panic Buttons
(5) Pedestrian Door Sensors
(1) Fire Alarm Control Panel
(1) Enunciator Pad
(8) Strobe Horns
(4) Strobe Lights
(12) Smoke Detectors
(1) Fire Plan

**Equipment provided by Selling Dreams General Contractors**
(2) 5 Ton Roof Top Units and curbs
(1) Tankless Water Heater
(1) 2x2 Mop Sink and Faucet
(1) Backflow Preventer
(1) Restroom Fixtures

This Schedule "A" is attached to and a part of Ervin Leasing Company Agreement No. 174129-0002 and constitutes a true and accurate description of the equipment.

Maryland LC Ventures, LLC
Dba Little Caesars

By: _Wazir Kaisani_ V. P.
(Authorized Signature)     (Title)

Print Name: WAZIR ALI KAISANY

Date: 5-29-14.



AGREEMENT NO: 174129-0002

LENDER: Ervin Leasing Company
3893 Research Park Drive
Ann Arbor, MI 48108

## BORROWER'S DIRECTIVE TO PAY

| EXACT LEGAL NAME AND ADDRESS OF BORROWER | SUPPLIER OF EQUIPMENT |
|---|---|
| Maryland LC Ventures, LLC<br>Dba Little Caesars<br>5915 Martin Luther King Jr. Hwy<br><br>CAPITOL HEIGHTS, MD 20743<br>PERSON TO CONTACT:<br>TELEPHONE: (407) 227-7010 | ABC Burglar Alarm Systems, Inc.<br><br>1532 A & B Pointer Ridge Pl<br><br>BOWIE, MD 20716<br>SALESPERSON:<br>TELEPHONE: (301) 249-9200 |

The undersigned (the "Borrower") acknowledges receipt in good condition and accepts as satisfactory all of the Equipment described in the above referenced Equipment Finance Agreement (the "Agreement") from the supplier identified in the Agreement (the "Supplier").

The Borrower authorizes and directs Ervin Leasing Company ("Ervin") to pay to the Supplier the $15,007.50 Equipment Price specified in the Agreement. The Borrower confirms that upon Ervin's payment of that Equipment Price to the Supplier constitutes payment to and receipt by the Borrower of the Financing described in the Agreement and that as a result of that payment the Borrower is unconditionally obligated to make payments to Ervin as provided in the Repayment Schedule in the Agreement;

**DIRECTIVE BY BORROWER:**

THIS IS A NON-CANCELABLE DIRECTIVE

Legal Name of Borrower: Maryland LC Ventures, LLC
Dba Little Caesars
Signature: *Wazir Ali Kaisani*
PRINT NAME: WAZIR ALI KAISANI
Title: V.P.    Date: 5-29-14

eDocs_EFA_Directive_06_2012.doc

*Note: Signature must be same as on agreement.*

NATIONAL OFFICE: 3893 RESEARCH PARK DRIVE   ANN ARBOR, MICHIGAN 48108



AGREEMENT NO: 174129-0002

LENDER: Ervin Leasing Company
3893 Research Park Drive
Ann Arbor, MI 48108

## BORROWER'S DIRECTIVE TO PAY

| EXACT LEGAL NAME AND ADDRESS OF BORROWER |
|---|
| Maryland LC Ventures, LLC |
| Dba Little Caesars |
| 5915 Martin Luther King Jr. Hwy |
| |
| CAPITOL HEIGHTS, MD 20743 |
| PERSON TO CONTACT: |
| TELEPHONE: (407) 227-7010 |

| SUPPLIER OF EQUIPMENT |
|---|
| Selling Dreams |
| |
| 260 Chapman Road Suite 104-B |
| |
| NEWARK, DE 19702 |
| SALESPERSON: |
| TELEPHONE: (302) 312-6666 |

The undersigned (the "Borrower") acknowledges receipt in good condition and accepts as satisfactory all of the Equipment described in the above referenced Equipment Finance Agreement (the "Agreement") from the supplier identified in the Agreement (the "Supplier").

The Borrower authorizes and directs Ervin Leasing Company ("Ervin") to pay to the Supplier the $27,200.00 Equipment Price specified in the Agreement. The Borrower confirms that upon Ervin's payment of that Equipment Price to the Supplier constitutes payment to and receipt by the Borrower of the Financing described in the Agreement and that as a result of that payment the Borrower is unconditionally obligated to make payments to Ervin as provided in the Repayment Schedule in the Agreement;

| DIRECTIVE BY BORROWER: |
|---|
| THIS IS A NON-CANCELABLE DIRECTIVE |
| Legal Name of Borrower: Maryland LC Ventures, LLC Dba Little Caesars |
| Signature: *Wazir Ali Kaisani* |
| PRINT NAME: WAZIR ALI KAISANI |
| Title: V.P.   Date: 5-29-14 |

eDocs_EFA_Directive_06_2012.doc

*Note: Signature must be same as on agreement.*

NATIONAL OFFICE: 3893 RESEARCH PARK DRIVE   ANN ARBOR, MICHIGAN 48108



AGREEMENT NO: 174129-0002

LENDER: Ervin Leasing Company
3893 Research Park Drive
Ann Arbor, MI 48108

## BORROWER'S DIRECTIVE TO PAY

| EXACT LEGAL NAME AND ADDRESS OF BORROWER | SUPPLIER OF EQUIPMENT |
|---|---|
| Maryland LC Ventures, LLC<br>Dba Little Caesars<br>5915 Martin Luther King Jr. Hwy<br><br>CAPITOL HEIGHTS, MD 20743<br>PERSON TO CONTACT:<br>TELEPHONE: (407) 227-7010 | Custom Register Solutions, LLC<br><br>2959 N 1050 E<br><br>LEHI, UT 84043<br>SALESPERSON:<br>TELEPHONE: |

The undersigned (the "Borrower") acknowledges receipt in good condition and accepts as satisfactory all of the Equipment described in the above referenced Equipment Finance Agreement (the "Agreement") from the supplier identified in the Agreement (the "Supplier").

The Borrower authorizes and directs Ervin Leasing Company ("Ervin") to pay to the Supplier the $30,111.00 Equipment Price specified in the Agreement. The Borrower confirms that upon Ervin's payment of that Equipment Price to the Supplier constitutes payment to and receipt by the Borrower of the Financing described in the Agreement and that as a result of that payment the Borrower is unconditionally obligated to make payments to Ervin as provided in the Repayment Schedule in the Agreement;

**DIRECTIVE BY BORROWER:**

THIS IS A NON-CANCELABLE DIRECTIVE

Legal Name of Borrower: Maryland LC Ventures, LLC
Dba Little Caesars

Signature: _Wazir Kaisar_

PRINT NAME: WAZIR ALI KAISANY

Title: V.P.    Date: 5-29-14

eDocs_EFA_Directive_06_2012.doc

*Note: Signature must be same as on agreement.*

NATIONAL OFFICE:   3893 RESEARCH PARK DRIVE   ANN ARBOR, MICHIGAN 48108



# CORPORATE GUARANTY

Lease No. 174129-0002

THIS AGREEMENT made and entered into by and between PG County Pizza, Inc. hereinafter called Guarantors, and ERVIN LEASING COMPANY hereinafter called Lessor.

## WITNESSETH:

WHEREAS, <u>Maryland LC Ventures, LLC Dba Little Caesars</u> hereinafter called Lessee, has requested that Lessor and Lessee enter into a lease agreement under and by virtue of which Lessor will purchase personal property to be leased by Lessor to Lessee pursuant to the terms of said lease agreement, and

WHEREAS, Lessor as a condition precedent to entering into said lease agreement has requested that Guarantors unconditionally guarantee payment to Lessor of all rental and monies due and to become due to Lessor from Lessee under said Lease agreement, and under any other lease agreement entered into between Lessor and Lessee, and of all other monies due to become due to Lessor from Lessee under the terms of any purchase agreement, agreement to repay advances, or any other monies due or to become due to Lessor from Lessee in connection with any of the transactions referred to above, hereinafter called the Obligations.

NOW, THEREFORE, the Guarantor, unconditionally guarantees and promises to pay Lessor, on demand, all of the Obligations.

Guarantor authorizes Lessor, without notice or demand and without affecting their liability hereunder, from time to time, to:

A) renew, compromise, extend, accelerate, or otherwise change the time for payment of or otherwise change the terms of the Obligations or any part thereof;

B) take and hold security for the payment of this Guaranty of the Obligations and exchange, enforce, waive, and release any such security; and

C) apply such security and direct the order and manner of sale thereof as Lessor in its discretion may determine. Lessor may, without notice assign this Guaranty in whole or in part.

Guarantor waives any right to require Lessor to A) proceed against Lessee, B) proceed against or exhaust any security held from Lessee, or C) pursue any other remedy in Lessor's power whatsoever. Guarantor waives any defense arising by reason of any disability or other defense of Lessee or by reason of the cessation from any cause whatsoever of the liability of Lessee. Until all the Obligations shall have been paid in full, Guarantor shall have no right of subrogation, and waive any right to enforce any remedy which Lessor now has or may hereafter have against Lessee, and waive any interest in the property leased and any benefit of and any right to participate in any security now or hereafter

held by Lessor, Guarantor waives all presentments, demands for performance, notices of nonperformance, protests, notices of protests, notices of dishonor, and notices of acceptance of the Guaranty.

Any indebtedness of Lessee now or hereafter held by Guarantors is hereby subordinated to the Obligations and any other indebtedness of Lessee to Lessor; and the indebtedness of Lessee to Guarantors, if Lessor shall so request, shall be collected, enforced, and received by Guarantors as trustees for Lessor and shall be paid over to Lessor on account of the Obligations and any other indebtedness of Lessee to Lessor but without reducing or affecting the liability of Guarantors under the other provisions of this Guaranty.

Guarantors agree to pay reasonable attorneys' fees and all other costs and expenses which may be incurred by Lessor in the enforcement of this Guaranty.

IN WITNESS WHEREOF, the undersigned Guarantors have executed this Guaranty this 29th day of May 20 15.

PG County Pizza, Inc.

_____
Signature

_____
Print Name & Title



## LANDLORD'S OR MORTGAGEE'S WAIVER

Agreement No. 174129-0002

June 6, 2014
Capitol Heights, MD  Prince George's
(City, State, County)

Parcel Tax ID # █████████

Land Legal Description: _____
(Provide Copy of Exhibit A from your Deed or Mortgage)

Whereas ERVIN LEASING COMPANY ("Lender") has entered into a contract with Maryland LC Ventures, LLC Dba Little Caesars ("Borrower") covering certain

Equipment Description: Caesar Vision POS System, Security camera system, & HVAC equipment per schedule A

hereinafter referred to as "personal property" now or to be located at: Maryland LC Ventures, LLC 5915 Martin Luther King Jr. Hwy., CAPITOL HEIGHTS, MD 20743 the undersigned Landlord or Mortgagee of the said premises, in consideration of said contract and the delivery of the personal property to Borrower, does by these presents waive and relinquish to the Lender and its assigns all right of levy for rent and all claims of every kind against the personal property now or to be located thereat, this waiver to continue until full compliance by the Borrower with all the terms and conditions of its obligations to Lender and its assigns. The undersigned agrees that the personal property shall not become part of the freehold and may be repossessed by Lender and assigns at any time.

WITNESS my (our) hand(s) and seal(s) the day and year above written.

Maverick VI, LLC
(Landlord or Mortgagee)

12612 Waterspout Court, Owings Mills, MD 21117
(Address of Landlord or Mortgagee)

BY: _____ Member      Signed, sealed and delivered the presence of: _____ NOTARY PUBLIC

Print Name: Scott Yurow       My Commission Expires: July 26, 2016

*Note:* Document must be completed by the Property Owner.

If Borrower is a tenant of the premises, document must be completed by Landlord.

If Borrower owns or has a mortgage on the premises, document must be completed by the Borrower.

Page 9 of 12