# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) BANKRUPTCY CASE NO: |
| ALABAMA PARTNERS, LLC, | ) 17-03469-TOM-7 |
| | ) |
| Debtor. | ) |

## PREAMBLE TO FINAL FEE APPLICATION

**COMES NOW**, William Dennis Schilling, attorney for Thomas E. Reynolds, Trustee of the above case and as a preamble to his application for final compensation would show this Court as follows:

1. The facts that the Trustee and his professionals were lead to believe were correct, upon additional inquiry – were incorrect.

2. Based upon the assumptions set forth in ¶1 above, the professionals for the Trustee, being William Dennis Schilling and Eddie Denaburg, expended substantial time in this case in excess of the recovery in this case.

3. That is to say that based upon the investigation of this case, the professional's fees in this case exceed the gross recovery. That it is administratively insolvent based upon the facts set out in ¶1 and for no other reason.

4. The gross recovery being $17,000.00 and the undersigned's fees only exceeding that amount.

5. The undersigned hereby subordinates any claim in this case to the Trustee's claims for his statutory fee.

Respectfully submitted,

/s/William Dennis Schilling
William Dennis Schilling
Attorney for Trustee

Of Counsel:

William Dennis Schilling
Attorney at Law
P. O. Box 55147
Birmingham, AL 35255-5147
205-328-0464
schillinglawoffice@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTER DISTRICT OF ALABAMA
# SOUTHERN DIVISION

IN RE: )
)
**ALABAMA PARTNERS, LLC,** ) BANKRUPTCY CASE NO.:
) 17-03469-TOM-7
      Debtor. )

## FINAL APPLICATION FOR COMPENSATION AND EXPENSES
## PART I COVER SHEET

1. Name of Applicant:                                             William Dennis Schilling

2. Date Application for Employment was filed:    7-10-18

3. Date of Order Authorizing Employment:       7-11-18

4. Professional Services Provided to:             Trustee

5. Period for Which Compensation is Sought:   7-5-18 to conclusion of case

6. Amount of Fees Sought:                            $21,790.00

7. Amount of Expenses Sought:                    $573.24

8. This is a Final Application.

9. If this is not the first application filed in this case by this professional, disclose as to all prior applications:     none

10. The aggregate amount of fees and expenses allowed to date:    none

11. The aggregate amount of fees and expenses paid to date:    none


Dated: <u>April 18, 2019</u>                             /s/William Dennis Schilling
                                                                                   William Dennis Schilling

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHER DISTRICT OF ALABAMA
# SOUTHERN DIVISION

IN RE: )
)
ALABAMA PARTNERS, LLC, ) BANKRUPTCY CASE NO.:
) 17-03469-TOM-7
Debtor. )

## FINAL APPLICATION FOR COMPENSATION
## OF ATTORNEY FOR TRUSTEE

**COMES NOW,** William Dennis Schilling and respectfully requests this Court enter an Order awarding the following fees and expenses for services performed by the attorney on behalf of the Trustee from July 5, 2018, to the conclusion of the case allowing same as administrative expense and directing the Trustee to immediately pay the same. In support of this application William Dennis Schilling would show this Court as follows:

1. The Trustee filed an application to approve William Dennis Schilling as attorney to represent the Trustee, which this Court has approved.

2. No payments have heretofore been made to William Dennis Schilling with regard to representing the Trustee in this case and none have been promised other than as this Court allows. Within one (1) year prior to the filing of the petition through the date of this application, William Dennis Schilling has not received compensation from the Debtor in the above case or from the Trustee with regard to the above case.

3. William Dennis Schilling does not have any agreement or understanding with any other person or entity for the sharing of compensation to be received pursuant to this application.

4. The attorney's fees requested herein were actual, necessary and reasonable in

order to preserve and create the Debtor's estate and for the benefit of the creditors of the above estate.

5. Some of the areas covered and services performed by William Dennis Schilling on behalf of the Trustee in this case are evidenced by copy of the statement from William Dennis Schilling and attached hereto as Exhibit A are as follows:

   a. Reviewed the petition of the debtor.

   b. Various discussions and meetings with the debtor's attorney.

   c. Investigate facts surrounding potential assets of the estate and the workings of the debtor.

   d. File various adversary proceedings and settle same.

   e. Prepare application for compensation in this matter.

   f. Analysis of these services pursuant to <u>Johnson v. Georgia Highway Express</u>, 488 Fed. 2nd 714 (5th Cir. 1974) follows:

      i. <u>TIME AND LABOR REQUIRED:</u> A description of the work performed is attached hereto as Exhibit A and included as part of this application.

      ii. <u>THE NOVELTY AND DIFFICULTY OF THE QUESTION:</u> The difficulty of the question involved was not a factor.

      iii. <u>THE SKILL REQUISITE TO PERFORM THE LEGAL SERVICES PROPERLY:</u> The work performed in this case was performed by William Dennis Schilling, who has been practicing law in excess of thirty-four (34) years.

      iv. <u>PRECLUSION OF OTHER EMPLOYMENT BY THE ATTORNEY DUE TO ACCEPTANCE OF THE CASE:</u> The time commitments required in representation of the Trustee in this case were not sufficient to cause a preclusion of other employment by the attorney involved herein.

      v. <u>THE CUSTOMARY FEE:</u> The attorney involved in this case is skilled and regularly practices before this Court. The base fee requested

herein is calculated at the rate of $350.00 per hour for attorney time.

vi. WHETHER THE FEE IS FIXED OR CONTINGENT: The fee in this case was hourly.

vii. TIME LIMITATIONS IMPOSED BY THE CLIENT OR THE CIRCUMSTANCES: This factor is not a constraining factor in the representation of the Trustee in this case.

viii. THE AMOUNT INVOLVED AND THE RESULT OBTAINED: The Applicant has assisted the Trustee in recovering $17,000.00 in addition to the various administrative matters handled by the Applicant.

ix. THE EXPERIENCE, REPUTATION, AND ABILITY OF THE ATTORNEY: The experience and reputation of William Dennis Schilling is well known to this Court.

x. THE "UNDESIRABILITY" OF THE CASE: This factor was not a consideration in determining the fee in this case.

xi. THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP OF THE CLIENT: William Dennis Schilling has no relationship with the Debtor in this case. William Dennis Schilling has known and has previously represented the Trustee in this case in other matters, thus this factor should not be considered in determining fees awarded to William Dennis Schilling for the representation of the Trustee in this case.

xii. AWARDS IN SIMILAR CASES: The reasonableness of the fees and expenses requested by William Dennis Schilling for the time and effort expended in this case is well within the parameters of reasonableness of other cases before this Court.

6. The undersigned applicant is familiar with and has read the case of <u>Norman vs. Housing Authority of the City of Montgomery</u>, 836 F 2d. 1292 (11th Cir. 1988) and the following analysis will be pursuant to the guidelines believed to be required by the <u>Norman</u> case. However, in an attempt to avoid placing unnecessary costs on the estate in this matter by virtue of a more detailed fee application, which the undersigned counsel does not believe to be warranted at this time, the analysis

and evidence under Norman will not as the 11th Circuit stated in the Norman case result in "second major litigation". If opposition occurs to this application or this Court requires additional information, evidence or proof as required by Norman the undersigned will provide the same.

ANALYSIS UNDER NORMAN VS. HOUSING AUTHORITY<br>OF THE CITY OF MONTGOMERY

7. REASONABLE HOURLY RATE. As stated in Norman and quoted from Hensley vs. Eckerhart, 461 U.S. 424 (1983) the starting point in a determination of the value of the lawyer's services is a reasonable hourly rate. Most of the time incurred in this file was incurred by William Dennis Schilling. Mr. Schilling is an attorney whose practice is limited almost exclusively to practicing before the United States Bankruptcy Court. Mr. Schilling has been in legal practice for in excess of thirty-four (34) years and has concentrated his practice to Bankruptcy Law for in excess of thirty-three (33) years. Mr. Schilling's background and education include an undergraduate degree in accounting from Auburn University, a Masters in Business Administration from Baylor University, a C.P.A. certificate from the State of Texas and the State of Tennessee and two years work experience with a big eight accounting firm, prior to entering law school. After graduation from law school Mr. Schilling clerked with a Federal District Court Judge for one year prior to entering private practice.

8. A portion of the time incurred in this file was incurred by Pam Hurst. Pam Hurst has been working for Dennis Schilling in excess of twenty-nine years and is well versed in matters relating to bankruptcy and to paralegal work performed thereon.

9. The prevailing market rate for attorneys practicing in the Bankruptcy Court vary

from $195.00 per hour to $450.00 per hour. Mr. Schilling normally bills clients other than his old-line established clients at $350.00 per hour and the hourly rate of $350.00 per hour for Mr. Schilling's time is the prevailing market therefore, Mr. Schilling has billed and actually been paid these rates in similar lawsuits. However, the details of said billings, clients and lawsuits are not included herein, due to the fact that lawsuits rates were not awarded by this Court, but paid by clients of William Dennis Schilling and in order to avoid disclosing confidential information the details thereof are not included herein. The undersigned counsel will make same available to this Court for an in camera inspection upon request.

10. As discussed in <u>Norman</u>, at page 1301, Mr. Schilling is well familiar with the area of bankruptcy and the question of preference litigation and other aspects of this case and thus did not have to educate himself as to the details thereof.

11. <u>Hours Reasonably Expended.</u> The hours spent in this case are detailed in the day-by-day time sheet attached hereto as Exhibit A.

Investigation of Facts and
Investigation of Assets of Defendant

As <u>Norman</u> cites at page 1303 "The Court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

WHEREFORE, William Dennis Schilling respectfully request that this Court, after notice and hearing, allow William Dennis Schilling as an administrative expense; pursuant to 11 U.S.C. §503, the amount of $22,363.24 composed of $21,790.00 of reasonable hourly charges and $573.24 of actual and necessary expenses as detailed on Exhibit A,

and directing the Trustee to immediately pay same as reasonable attorney's fees.

William Dennis Schilling prays for such further and additional relief as this Court may deem appropriate.

Respectfully submitted,

/s/William Dennis Schilling
William Dennis Schilling
Attorney for Trustee

Of Counsel:

William Dennis Schilling
Attorney at Law
P. O. Box 55147
Birmingham, Alabama 35255-5147
(205) 328-0464
schillinglawoffice@gmail.com

## VERIFIED STATEMENT OF APPLICANT

I have read the attached Application for compensation. In accordance with Bankruptcy Rule 9011(b) and 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

This the 18th day of April 2019.

/s/William Dennis Schilling
William Dennis Schilling

Sworn to and subscribed before me this 18th day of April 2019.

/s/Pamela K. Hurst
Notary Public
My Commission expires: 12-4-2021

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following via email this the 18th day of April 2019.

Mr. Robert H. Adams
radams@rumberger.com

Mr. Thomas E. Reynolds
ter@reynoldslegalsolutions.com

Mr. Jon Dudeck
jon_dudeck@alnba.uscourts.gov


I further certify that I have served a copy of the above and foregoing upon the following via regular U.S. Mail, postage prepaid and properly addressed this the 18th day of April 2019.

Honorable Tamara O. Mitchell
United States Bankruptcy Court
1800 5th Avenue North
Birmingham, AL 35203


    /s/William Dennis Schilling
    Of Counsel